1  PHILLIP A. TALBERT
   United States Attorney
2  JASON HITT
   ROSS PEARSON
3  DAVID SPENCER
   Assistant United States Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
6
   Attorneys for Plaintiff
7  United States of America

8
                  IN THE UNITED STATES DISTRICT COURT
9
                  EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00107-KJM

12                      Plaintiff,          UNITED STATES' OPPOSITION TO
                                            DEFENDANT'S JASON CORBETT MOTION TO
13            v.                            COMPEL DISCOVERY

14  RONALD DEAN YANDELL, et al.,

15                      Defendants.

16

17                  I.      **INTRODUCTION**

18          The United States, by and through Assistant United States Attorneys Jason Hitt, Ross Pearson,

19  and David Spencer respectfully submits its opposition to the motion to compel discovery filed by

20  defendant Jason Corbett ("Corbett" or "defendant") seeking 32 categories of discovery.  ECF 1300

21  (under seal).[1]  For the reasons explained below, the United States respectfully requests that the Court

22  deny Corbett's motion in full.

23          First, Corbett does not meet his burden to make a *prima facie* showing that the discovery he

24  requests is "material to preparing" his defense under Rule 16.  Many of his requests make conclusory

25  allegations of materiality that the discovery is needed to defend against the allegations while simply

26  citing to portions of the Criminal Complaint filed in this case.  This is similar to the conclusory

27  _____

28  [1]      Corbett's Notice of Filing Under Seal is ECF 1300.  The government is unsure of the
    exact docket number for Corbett's motion and thus will refer to ECF 1300 throughout this briefing.

    UNITED STATES' OPPOSITION TO JASON CORBETT            1
    MOTION TO COMPEL DISCOVERY

1 allegations of materiality that this Court rejected in its recent order denying Ronald Yandell's discovery

2 motion in which Yandell turned allegations in the Criminal Complaint into discovery demands. Order,

3 ECF 1172; *see* Order, ECF 1365 (Chief Judge Mueller affirming this Court's order after defendant's

4 request for reconsideration). Like Yandell's effort, Corbett's motion fares no better under the required

5 legal standards.

6        Second, nearly all of the material that Corbett demands is not in the possession of the United

7 States, because it is held by the California Department of Corrections and Rehabilitation (CDCR), a

8 separate state entity. It is well-established under binding Ninth Circuit precedent that federal

9 prosecutors do not have possession of documents held by state agencies. In addition, because the

10 documents that Corbett requests do not relate to the defendants charged in this case, the United States,

11 itself, would need to obtain a subpoena to get these documents because it does not possess any of these

12 documents.

13        Finally, as detailed fully in the Appendix to this opposition, some of the items that Corbett

14 requests have already been produced. The government therefore asks that the Court deny Corbett's

15 motion in full.

16                              **II.      FACTUAL BACKGROUND**

17   A.    **The Prosecution Theory and Specific Evidence Against Corbett and his Co–
           Conspirators are Detailed in the 137–Page Criminal Complaint Affidavit**
18

19        In 2019, Magistrate Judge Delaney signed a criminal complaint charging Corbett and his co-

20 defendants with several crimes stemming from operating the Aryan Brotherhood criminal gang. *See*

21 Case No. 2:19–CR–00107–KJM, ECF 1 ("The Criminal Complaint"). The Criminal Complaint includes

22 detailed allegations explaining the government's theory of the Aryan Brotherhood ("AB") as a criminal

23 enterprise and how these defendants conspired to further the enterprise. ECF 1, at 17–22, 27.

24        The Criminal Complaint also details specific allegations against each of the defendants in this

25 case. For Corbett, for instance, the Criminal Complaint details his role in the AB's drug conspiracy, *see,*

26 *e.g.*, ECF 1, at 96–98, and his planning and participation in murders committed on behalf of the AB, *see*

27 ECF 1, at 111–16, 128–30.

28 ///

UNITED STATES' OPPOSITION TO JASON CORBETT
MOTION TO COMPEL DISCOVERY

1    In June 2019, a grand jury returned a detailed Indictment against Corbett, charging him and

2 fourteen co–defendants with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d).

3 ECF 25, at 7–8, 12.  Like the Criminal Complaint, the Indictment contains a detailed description of the

4 government's theory and evidence of the Aryan Brotherhood as a criminal enterprise, including facts

5 about its formation, membership, command structure, codes of conduct, purposes, and symbols.  ECF 1,

6 at 3–6.  The Indictment also describes the enterprise's method and means of operation.  ECF 25, at 5–6.

7    **B.**    **The Government Has Produced Over 94,000 Items of Discovery**

8    The government has produced extensive discovery relating to all aspects of the government's

9 case against the Aryan Brotherhood and defendant Corbett in particular.  As of the filing of this brief,

10 the United States has produced 94,272 items of discovery, which includes written reports, a large

11 volume of audio and video recordings, expert witness notices, and other data and documents.  In fact, as

12 detailed in the appendix to this Opposition, the government has already produced many of the specific

13 items of discovery that Corbett now requests.

14    **C.**    **This Court Previously Denied a Discovery Motion Seeking Materials Related to the**
15        **Allegations in the Criminal Complaint**

16    Earlier this year, defendant Ronald Yandell filed two discovery motions, one of which sought

17 materials related to the allegations in the Criminal Complaint.  ECF 1040.  In that motion, Yandell

18 highlighted several factual assertions made in the Criminal Complaint affidavit and moved for the Court

19 to order production of documents relevant to those factual assertions.  *See generally* ECF 1040.  For

20 example, Yandell requested documents related to "the alleged conspiracy to murder Paul Diaz,"

21 including the CDCR order which resulted in placing Diaz in protective custody.  ECF 1040, at 13

22 (Request Nos. 1, 2).  Likewise, for the conspiracy to murder Doug Maynard, Yandell sought all

23 documents "relevant to the DEA's claim that co-defendant Jake Corbett ordered the killing of Doug

24 Maynard in order to gain admission to the Aryan Brotherhood and to increase Corbett's position with

25 the AB."  ECF 1040, at 11.  Yandell argued that these documents were "material to preparing" his

26 defense under Rule 16 because the government relied on these documents in the complaint and Yandell

27 needed them to prepare his trial defenses.  ECF 1040, at 25, 26.

28 ///

1    This Court denied Yandell's motion in full.  Order, ECF 1172, at 9; *see* Order, ECF 1365.

2    Notably, it found that Yandell had failed to meet his burden to show the documents he sought were

3    material to preparing his defense, because his assertions of materiality were "conclusory" and "highly

4    general":

5
>    The court need not attempt to sort through the thicket of defendant's
6    individual requests and the government's individual objections, because
>    defendant's theory of materiality is conclusory throughout. "Neither a
7    general description of the information sought nor conclusory allegations of
>    materiality suffice" under Rule 16. United States v. Santiago, 46 F.3d 885,
8    894 (9th Cir. 1995) (quoting Mandel, 914 F.2d at 1219). It is not enough
>    to argue that the vast universe of information sought will help the defense
9    prepare for trial because it all relates to the government's investigation of
>    the case. See Cadet, 727 F.2d at 1468. That is doubtless true as a general
10   proposition, but it is insufficient to trigger the court's obligation to balance
>    the defense need for discovery against the burden imposed on the
11   government.

12
>    It is defendant's obligation in the first instance to provide specific facts
>    that demonstrate the prima facie materiality of its specific requests to
13   specific trial issues. See United States v. Stever, 603 F.3d 747, 753 (9th
>    Cir. 2010) (finding discovery appropriate where defendant made factual
14   showing that evidence existed to support a specific affirmative defense);
>    Cadet, 727 F.2d at 1468 (finding discovery unavailable where defense
15   requests were far-ranging and sought all material relevant to the case). Mr.
>    Yandell has not satisfied that burden. See Mandel, 914 F.2d at 1219 (in the
16   absence of the required factual showing from the defense, there is no basis
>    upon which the court to exercise any discretion it has to order discovery).

17   Order, ECF 1172, at 10–11.

18       **D.      Corbett's Discovery Motion**

19       In Corbett's current motion, he seeks 32 categories of discovery.  ECF 1300 (under seal).  Like

20   Yandell's motion, Corbett's motion proceeds by listing or citing factual assertions in the Criminal

21   Complaint and then demanding that the Court order disclosure of documents relating to those factual

22   allegations on the basis that such disclosures are necessary to the preparation of his defense.  *See, e.g.*,

23   ECF 1300, at 9 (under seal).

24       **III.     LEGAL STANDARDS**

25       "There is no general constitutional right to discovery in a criminal case."  *Weatherford v. Bursey*,

26   429 U.S. 545, 559 (1977).  Rather, discovery is limited by statute, rules of criminal procedure, and case

27   law to four categories: (1) materials discoverable under Rule 16 of the Federal Rules of Criminal

28

UNITED STATES' OPPOSITION TO JASON CORBETT          4
MOTION TO COMPEL DISCOVERY

1    Procedure; (2) material exculpatory information discoverable under *Brady*; (3) evidence relating to a

2    witness's credibility or bias that is discoverable under *Giglio*; and (4) witness statements related to the

3    subject matter of the witness's testimony, discoverable under the Jencks Act.  *See* Fed. R. Crim. P. 16;

4    *Brady*, 373 U.S. 83; *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500 (Jencks Act); Fed R.

5    Crim. P. 26.2 (implementing Jencks Act).

6         A.        <u>Rule 16(a)(1)(E)</u>

7         Under Rule 16(a)(1)(E), a criminal defendant is entitled to discovery of materials "within the

8    possession, custody, or control of the government," which are "material to preparing the [defendant's]

9    defense." Fed. R. Crim. P. 16(a)(1)(E).  To obtain discovery under Rule 16, a defendant must make a

10   *prima facie* showing of materiality.  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)

11   (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *United States v. Cadet*, 727 F.2d

12   1453, 1468 (9th Cir. 1984)).  "Neither a general description of the information sought nor conclusory

13   allegations of materiality suffice; a defendant must present facts which would tend to show that the

14   Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219 (citing

15   *Little*, 753 F.2d at 1445; *Cadet*, 727 F.2d at 1466–68).  Broadly-worded document requests that "might

16   be consistent with expansive civil discovery" are "not permitted under the more restrictive criminal

17   discovery standards." *United States v. Dossman*, 2006 WL 2927484, at *2 (E.D. Cal. Oct. 12, 2006).

18        "Material" under Rule 16(a)(1)(E) is not synonymous with "relevant."  For a document or other

19   item to be "material to preparing the defense" it must "'significantly alter the quantum of proof in his

20   favor,'" *id.*, at *2 (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975)), or "'play an

21   important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony,

22   or assisting impeachment or rebuttal.'" *Dossman*, 2006 WL 2927484, at *2 (quoting *United States v.*

23   *Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).  "It is not enough to show that the discovery has 'some

24   abstract logical relationship to the issues in the case.'" *Dossman*, 2006 WL 2927484, at *2 (quoting

25   *Ross*, 511 F.2d at 762).

26        The district court in *United States v. Tsarnaev* applied these principles of materiality to conclude

27   that the defendant failed to make a *prima facie* showing of materiality as to any of his discovery requests

28

UNITED STATES' OPPOSITION TO JASON CORBETT                     5
MOTION TO COMPEL DISCOVERY

1    at issue.  *United States v. Tsarnaev*, 2013 WL 6196279, at \*4–5 (D. Mass. Nov. 27, 2013).  The analysis

2    in *Tsarnaev* applies with equal force to Corbett's discovery demands.

3         In *Tsarnaev*, the district court observed that the defendant relied entirely on "general assertions"

4    of materiality and, as a  consequence, explained that the defendant "conflate[d] relevance and

5    materiality. Rule 16 does not require the pretrial disclosure of all evidence relevant to the defense, but

6    only such relevant evidence as is material."  *Id.* at \*4.  For example, the district court in *Tsarnaev*

7    acknowledged that information in family members' immigration files was *relevant* to defendant's ability

8    to present his full life history at the death penalty phase, but the Court found that defendant failed to

9    show how this information was *material* to his defense, in the sense of "'alter[ing] the quantum of proof

10   in [the defendant's] favor,'" *id.* (quoting *Ross*, 511 F.2d at 763), or "'play[ing] an important role in

11   uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting

12   impeachment or rebuttal." *Id.* (quoting *Lloyd*, 992 F.2d at 351).

13        **B.**    ***Brady v. Maryland***

14        *Brady* "requires disclosure only of evidence that is both favorable to the accused and material

15   either to guilt or to punishment."  *United States v. Bagley*, 473 U.S. 667, 674 (1985).  Evidence is

16   "material" when there is "a reasonable probability that, had the evidence been disclosed, the result of the

17   proceeding would have been different."  *Cone v. Bell*, 556 U.S. 449, 469–70 (2009).  Undisclosed

18   evidence is material only if it "could reasonably be taken to put the whole case in such a different light

19   as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

20                    **IV.    ANALYSIS**

21        Attached to this Opposition and incorporated here by reference is an Appendix containing a table

22   that addresses on a request-by-request basis, specific reasons why each of the 32 demands from Corbett

23   should be denied or specific bates citations that demonstrate what he demands was already disclosed.  In

24   addition, Corbett's motion should be denied in its entirety because he fails to make the required *prima*

25   *facie* factual showing that the government possesses the requested "documents" and that any such

26   documents are "material" to his defense.

27        **A.    Corbett Fails to Make a *Prima Facie* Showing of Materiality Under Rule 16(a)(1)(E)**

28        Corbett fails to meet his burden to make a specific showing that the items he requests are

1    "material to preparing" his defense, for two reasons.  *First*, for many of Corbett's discovery requests, his

2    claims of materiality are conclusory and generalized, which is insufficient to meet his burden.  As this

3    Court explained in its order denying Yandell's discovery motion, Corbett cannot rely upon "conclusory

4    allegations of materiality" to satisfy his burden under Rule 16.  Order, ECF 1172, at 10 (citing *Santiago*,

5    46 F.3d at 894).  Despite this holding, many of Corbett's discovery requests provide only conclusory

6    allegations of materiality that the requested information will help him "defend against the allegation" in

7    the Criminal Complaint – a charging instrument that will not be the controlling document at trial in this

8    case.  *See* ECF 1300, at 9–18 (Request Nos. 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 21, 24).  These requests

9    suffer the same fundamental flaw as the requests that this Court denied in Yandell's motion (and

10   recently affirmed by Chief Judge Mueller).  Order, ECF 1172, at 10; Order, ECF 1365.  These

11   conclusory allegations do not meet Corbett's burden and, as a result, they are "insufficient to trigger the

12   court's obligation to balance the defense need for discovery against the burden imposed on the

13   government."  Order, ECF 1172, at 10.

14           It is worth noting that a handful of Corbett's discovery requests are nearly identical to the

15   discovery requests made by Yandell.  For instance, both Yandell and Corbett requested documents

16   related to the conspiracy to murder Paul Diaz, including the CDCR order which resulted in placing Diaz

17   in protective custody.  *Compare* ECF 1040, at 13 (Request Nos. 1, 2), *with* ECF 1300, at 10 (Request

18   No. 6) (under seal).  And, both motions rely on the same conclusory claim of materiality:  that these

19   documents are material to preparing for trial.  *See* ECF 1300, at 10 (claiming that the documents are

20   "material to defense's ability to defend against the allegation that the Aryan Brotherhood and in

21   particular, Mr. Corbett, was involved in a conspiracy to murder Diaz").  The only difference between the

22   two motions is that Corbett has separately restated his conclusory allegations of materiality for each of

23   his requests, rather than providing a generalized claim of materiality in the beginning of his motion, as

24   Yandell did.  *See, e.g.*, ECF 1300, at 9–10 (Request Nos. 1, 2, 3, 5, 6).  This difference has no legal

25   significance.  By repeating the same conclusory allegations of materiality, Corbett fails to meet his

26   burden to provide a specific basis for materiality.

27           *Second*, like the defendant in *Tsarnaev*, Corbett "conflates relevance and materiality." *Tsarnaev*,

28   2013 WL 6196279, at *4.  The documents "sought must not only be relevant …, [they] must also be

UNITED STATES' OPPOSITION TO JASON CORBETT
MOTION TO COMPEL DISCOVERY

material." *Id.* As explained above, documents are "material" under Rule 16(a)(1)(E) only if they "significantly alter the quantum of proof in [defendant's] favor," or "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Dossman*, 2006 WL 2927484, at *2 (quotation marks and citations omitted). Corbett's conclusory allegations of materiality—even those for which Corbett attempts to outline some theoretical use for the materials he seeks—do not meet this standard, because a close examination of the claimed basis for materiality shows that the information he seeks will not "alter the quantum of proof" in his case or "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* Indeed, many of the materiality theories stray away wildly from the charges in this case to focus on disconnected events or people or they reveal a classic fishing expedition into materials on the basis of speculation about how they might uncover something that could be useful to Corbett.

For example, in Request No. 20, Corbett seeks documents from the CDCR Central File for Bobby Stockton, who allegedly carried out Corbett's order to murder Doug Maynard so that Stockton, himself, could earn his membership in the Aryan Brotherhood. ECF 1300, at 13.[2] Corbett claims that the documents in Stockton's CDCR Central File are material to preparing his defense because they may "corroborate" the government's claims that Stockton was eager to earn his membership in the Aryan Brotherhood, or because they "could help to refute" the government's claims that Stockton killed Maynard to earn his membership in the Aryan Brotherhood. ECF 1300, at 13. In other words, without pointing to any specific information he expects to find in Stockton's CDCR Central File, Corbett speculates that there may be something that either will help his defense or, perhaps, something that will hurt his defense. Given this ambiguity, the Court is left to guess at what in Stockton's CDCR file is material to Corbett. That ambiguity and lack of specificity is fatal to Corbett's theory of compelled

---

[2]   A "Central File," or "C-File," is maintained by CDCR for every incarcerated inmate. *See Couch v. Wan*, 2011 WL 2551546, at *1-2 (E.D. Cal. June 24, 2011). By statute, the Central File includes "all information received" by CDCR about each inmate "from the courts, probation officers, sheriffs, police departments, district attorneys, State Department of Justice, Federal Bureau of Investigation, and other interested agencies and persons." Cal. Penal Code § 2081.5. The C-File also includes confidential information, such as statements of confidential informants who provided information against the person who is subject of the C-File. *Couch*, 2011 WL 2551546, at *2.

1   disclosure under Rule 16.

2        The same vague and ambiguous theory of materiality in seeking access to prison inmate files

3   under Rule 16 was examined in *Santiago* and found to fail Rule 16's materiality requirements.  In

4   *Santiago*, the prosecution in a gang case planned to call certain inmates as witnesses, and the defendant

5   moved under Rule 16 for the inmates' files, which he argued might be useful for impeachment because

6   they might show that the inmate-witnesses were linked to rival gangs.  *Santiago*, 46 F.3d at 894–95.

7   The Ninth Circuit rejected this request, finding that the defendant's assertions "although not

8   implausible" did not "satisfy the requirement of specific facts, beyond allegations, relating to

9   materiality."  *Id.*  The court noted that the defendant "did not cite any fact, such as a statement by the

10  defendant or one of the interviewed witnesses, that might link one of the witnesses to a rival gang."  *Id.*

11  at 895.

12       As with the defendant's request for inmate files in *Santiago*, Corbett's request for Bobby

13  Stockton's inmate files cannot meet the standard for materiality because he has not cited any fact that

14  shows that Stockton's inmate file contains items material to his defense.  In fact, his claimed basis for

15  materiality—that the documents could possibly be helpful or harmful to his defense—simply highlights

16  that he has not met his burden to establish materiality for this request.  The Court should reject this

17  request, along with his other similarly broad, speculative requests for entire CDCR Central Files for

18  other inmates.  *See, e.g.*, ECF 1300, at 9–16 (Request No. 8: Paul Diaz's CDCR Central File; Request

19  No. 9: James Fung's CDCR disciplinary reports; Request No. 19: Doug Maynard's Central File

20  materials; Request No. 20: Bobby Stockton's Central File materials; Request No. 24: Donald Pequeen's

21  Central File materials; Request No. 25: Roger Brown's Central File materials; Request No. 26: Leon

22  Fouts's Central File materials; Request No. 27: Mike Polson's Central File materials; Request No. 28:

23  Rodney Utley's Central File materials; Request No. 29: Tony Barron's CDCR Central File).

24       Another example of Corbett's failure to meet his burden to establish materiality is found in his

25  request for documents related to the murder of Paul Diaz, a murder he is not charged with committing

26  and that occurred three years after the Diaz-related conspiracy he is charged with.  ECF 1300, at 10

27  (Request Nos. 6–10).  Diaz was murdered in April 2019, and Corbett claims that documents related to

28  his murder are needed to "uncover the involvement of other inmates, or a different conspiracy."  *See,*

UNITED STATES' OPPOSITION TO JASON CORBETT
MOTION TO COMPEL DISCOVERY

1   *e.g.* ECF 1300, at 11 (Request No. 10).  But, Corbett is not charged with the murder of Diaz in 2019.

2   What is alleged is a *conspiracy* to murder Paul Diaz during August 20-21, 2016, between Yandell and

3   Corbett.  ECF 1, at 85–88; ECF 25, at 10–11, 14.  "The crime of conspiracy is the agreement to do

4   something unlawful; it does not matter whether the crime agreed upon was committed."  Ninth Cir.

5   Model Crim. Instruction No. 11.1 (revised June 2019).  Those charges spring from Corbett's own

6   wiretapped calls with Yandell from 2016.  ECF No. 1, at 80.  During those intercepted conversations,

7   Yandell told Corbett that Corbett would earn his membership in the AB if he killed Diaz, and Corbett

8   responded that he planned to "smoke his ass."  ECF No. 1, at 80.  The fact that Diaz was ultimately

9   killed three years later has nothing to do with Corbett's conspiracy to kill him, because the crime Corbett

10  committed was the agreement itself and it was completed during the time period alleged in the

11  Indictment.  Therefore, documents related to the murder of Diaz in 2019 have no material nexus to the

12  charges against Corbett for his plot to murder Diaz in 2016, and he has not provided any valid

13  explanation of how these documents are material to preparing his defense.

14       The attached Appendix to this opposition provides additional authority and explanation about

15  why each of Corbett's claims of materiality is insufficient.  In short, Corbett's claims of materiality

16  wander far afield from any actual issues that are central to this case.  By asserting that everything he

17  seeks is relevant to his defense in some way or another, Corbett has, at best, established that his requests

18  bear some abstract logical relationship to issues in the case.  However, "[i]t is not enough to show that

19  the discovery has 'some abstract logical relationship to the issues in the case.'" *Dossman*, 2006 WL

20  2927484, at \*2 (quoting *Ross*, 511 F.2d at 762).

21       **B.        Corbett Fails to Make a *Prima Facie* Showing that the Government Possesses Any of
22                   the Documents He Requests**

23       To obtain discovery under Rule 16(a)(1)(E), "a defendant must present facts which would tend to

24  show that the Government is in possession of information helpful to the defense."  *Mandel*, 914 F.2d at

25  1219.  Corbett concedes that many of the items that he seeks are in the possession of the CDCR—a state

26  agency—but nonetheless argues that these items are in the possession of the government for purposes of

27  Rule 16.[3]  Corbett is incorrect.  Because the government does not have access to the CDCR documents

28  ───────────────────
           [3]        The issue of whether documents in possession of CDCR are within the "government's

UNITED STATES' OPPOSITION TO JASON CORBETT            10
MOTION TO COMPEL DISCOVERY

1  that Corbett requests—and, in fact, would need to use a subpoena to gain access to these documents—

2  the documents are not in the possession of the government.

3        There is no "mechanical definition" to determine whether a specific document is in possession of

4  the government for purposes of Rule 16.  *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989).

5  Rather, whether a specific document is in possession of the government for purposes of Rule 16 is a

6  case-by-case inquiry that turns on "the extent to which the prosecutor has knowledge of and access to

7  the documents sought by the defendant in each case."  *Id.*

8        When the prosecution must use its own legal process—such as a subpoena—to obtain documents

9  from a specific entity, courts typically hold that such documents are not in possession of the prosecution.

10  *See, e.g.*, *United States v. Salyer*, 271 F.R.D. 148, 156 (E.D. Cal. 2010), *opinion adhered to as modified*

11  *on reconsideration*, 2010 WL 3036444 (E.D. Cal. Aug. 2, 2010) ("[S]imply because the United States

12  obtained documentary information as a result of subpoena or search warrant does not place all

13  documents of those entities or persons within the possession of the government for defendant's further

14  requests."); *see also United States v. Zinnel*, 2011 WL 5593109, at *3 (E.D. Cal. Nov. 16, 2011), *on*

15  *reconsideration*, 2011 WL 6825684 (E.D. Cal. Dec. 28, 2011) ("[W]hen the prosecution desires to

16  obtain tax files for a criminal investigation, it simply does not 'access' the files, but must petition the

17  court demonstrating precise criteria before any access is permitted. 26 U.S.C. § 6103(i).  The

18  requirement to obtain an order before access of tax records is authorized stands as the antithesis of

19  constructive possession.") (quoting *United States v. Lochmondy*, 890 F.2d 817, 823 (6th Cir. 1989)).  By

20  contrast, if the prosecution can obtain the documents simply by request, the documents may be in

21  possession of the prosecution.  *See, e.g.*, *Santiago*, 46 F.3d at 895.

22        Even within the same agency, items kept and maintained by an administrative section of the

23  agency are not in the possession of the prosecution where the same agency's criminal investigative unit

24  was the only unit working on the investigation.  Thus, for instance, Magistrate Judge Hollows held that

25

26  possession" for purposes of Rule 16 has not previously been litigated in this case.  Corbett cites to Chief
Judge Mueller's order in response to Brant Daniel's request for material related to his placement in the
27  psychiatric unit while this case was pending.  ECF 1300, at 7 (under seal).  But Chief Judge Mueller's
order noted that whether the items requested were in the possession of the government was not disputed
28  in that instance.  Order, ECF 824, at 14.

1  tax files in the possession of the IRS's administrative unit were not in the "possession" of the

2  prosecution team for purposes of Rule 16 and *Brady* even though the IRS's criminal investigative unit

3  participated in the investigation.  *Zinnel*, 2011 WL 5593109, at *3 ("Only the criminal investigation side

4  of the IRS involved in this investigation is the government here; the vast administrative arm of the IRS.,

5  i.e., ordinary tax collection, is not.").

6        Notably, it is a "consistent Ninth Circuit rule that federal prosecutors are never deemed to have

7  access to material held by state agencies."  *Santiago*, 46 F.3d at 894 (citing *United States v. Aichele*, 941

8  F.2d 761, 764 (9th Cir. 1991); *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985)).  The Ninth

9  Circuit has specifically held that impeachment material for a witness that was contained in the witness's

10  California Department of Corrections file was not under control of the prosecution.  *Aichele*, 941 F.2d

11  at 764.

12        Here, the CDCR documents that Corbett seeks—including confidential files and documents for

13  individuals not charged in this case—are not within the possession of the government, because the

14  government does not have access to these documents.  With the exception of CDCR Central Files for

15  defendants in the case, the government cannot obtain CDCR Central Files unless it sends a subpoena to

16  CDCR.  *See* Decl. of Heather Heckler, Deputy Attorney General.  The fact that the government must use

17  legal process to obtain these documents "stands as the antithesis of constructive possession" and shows

18  that these documents are not in the possession of the government for purposes of Rule 16.  *Zinnel*, 2011

19  WL 5593109, at *3.  This Court should therefore follow the well-established Ninth Circuit rule that

20  "federal prosecutors are never deemed to have access to material held by state agencies" and find that

21  the documents Corbett seeks are not in the possession of the government for purposes of Rule 16.

22  *Santiago*, 46 F.3d at 894.

23        A finding that the documents that Corbett seeks are not in the possession of the government

24  would not prevent the defendants from using their own legal process to obtain these documents.  They

25  can still use freedom of information laws, public records requests, and subpoenas to obtain the

26  documents they seek.  *See, e.g.*, *United States v. Cano*, 934 F.3d 1002, 1025–26 (9th Cir. 2019) ("If

27  Cano thinks that the FBI or the DEA have other information, not known to the U.S. Attorney's Office or

28  the investigating officers, he may file a request under the Freedom of Information Act  . . . .").  In this

1  case, the defendants previously explained in a prior pleading that they can obtain the Central Files of

2  other defendants or witnesses through subpoena or other court process.  ECF 159, at n.3 ("Absent a

3  subpoena or other court process, defense counsel cannot obtain the C-files of other defendants or

4  witnesses.").  Many of the defendants in this case have used Rule 17(c) subpoenas and the Court can

5  expect that practice to continue as trial draws closer.  Requiring the defendants to use proper legal

6  process to obtain access to these documents—just as the government must—is consistent with the Ninth

7  Circuit's admonition that "*Brady* and Rule 16 are not a means for a defendant to require the prosecutor

8  to do this work for him."  *Cano*, 934 F.3d at 1026.

9        **C.      Corbett's Requests Run Afoul of Other Discovery Limitations**

10        As discussed above, Corbett has not met his burden to show that he is entitled to any of the

11  discovery he requests, and therefore the Court should deny his motion in its entirety.  In addition, many

12  of Corbett's requests are also barred or excluded by operation of other relevant discovery rules and

13  caselaw.  First, to the extent that Corbett's requests encompass witness statements, the Jencks Act

14  specifically protects witness statements from disclosure except as provided by the statute. *See* 18 U.S.C.

15  § 3500(a);[4] *see also* Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize . . . the discovery or

16  inspection of statements made by prospective government witnesses except as provided in 18 U.S.C.

17  § 3500").

18        Second, Corbett's requests for impeachment information for prospective government witnesses

19  are premature.  Some of Corbett's requests seek classic impeachment material, such as his request for

20  CDCR and DEA policies and training manuals for verifying information provided by informants.  ECF

21  1300, at 17 (Request No. 31).  But it is well established that impeachment information "need not be

22  disclosed prior to the witness testifying" because the hearing—when defense can use the information to

23  impeach a witness—is the time at which disclosure would be of value to the accused.  *United States v.*

24  *Rinn*, 586 F.2d 113, 119 (9th Cir. 1978).  Moreover, policies and training manuals may be subject to

25  Rule 16(a)(2) exemptions from disclosure and, in the case of CDCR policies, are not in the

26  _____

27        [4]        "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said

28  witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

1 | government's possession.  For these reasons, Corbett's requests for impeachment information should be

2 | denied.

3 | **D.** ***Brady*** **Does Not Entitle Corbett to Any of the Materials He Requests**

4 | While Corbett cites *Brady*, ECF 1300, at 7–8, he does not appear to argue that *Brady* compels

5 | disclosure of any of the materials encompassed by his 32 requests.  Given that Corbett does not explain

6 | how any of the "documents" requested in his motion are even arguably exculpatory, *Brady* provides no

7 | support for any of his requests.  *See Bagley*, 473 U.S. at 674 (explaining that *Brady* "requires disclosure

8 | *only* of evidence that is both *favorable* to the accused and material either to guilt or to punishment").

9 | **V.      CONCLUSION**

10 | For the foregoing reasons, and the request-specific reasons in the table contained in the appendix

11 | to this Opposition, Corbett's motion to compel should be denied in its entirety.

13 | Dated:  December 2, 2022

PHILLIP A. TALBERT
United States Attorney

15 | By:  /s/ *Ross Pearson*
ROSS PEARSON
16 | Assistant United States Attorney

UNITED STATES' OPPOSITION TO JASON CORBETT
MOTION TO COMPEL DISCOVERY