JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
john@balazslaw.com

TIMOTHY E. WARRINER, Bar # 166128
Attorney at Law
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 443-7141
tew@warrinerlaw.com

Attorneys for Defendant,
BRANT DANIEL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRANT DANIEL,<br><br>    Defendant. | Case No. 2:19-CR-0107-KJM<br><br>**DEFENDANT BRANT DANIEL'S SUPPLEMENT AND EXHIBIT B TO MOTION TO SEVER (ECF No. 1426)**<br><br>Hon. Kimberly J. Mueller |

    Defendant Brant Daniel has moved to sever his trial from the trial of his codefendants in February 2024 and requested a May 2023 trial date. ECF No. 1426. The Court heard argument on the motion on February 22, 2023. ECF No. 1449. The matter is awaiting a ruling from the Court.

1

In his severance motion pleadings, Mr. Daniel argued, among other things, that severance is warranted to prevent a Sixth Amendment Speedy Trial, ECF Nos. 1426, at 7-8; 1446, at 3-5, and that he has established "prejudice" in the Sixth Amendment analysis because he is being held in "oppressive pretrial conditions," that is, solitary confinement without an adverse disciplinary finding in violation of the *Ashker* settlement agreement.  Before argument on the motion, Mr. Daniel's counsel submitted as Exhibit A an email from an *Ashker* class-action plaintiff's attorney stating that Mr. Daniel was being held in administrative segregation indefinitely without a DRB hearing in violation of the settlement agreement.  ECF No. 1448, at 2.  The email stated that under the settlement agreement, prisoners such as Mr. Daniel should "be accorded a DRB hearing to determine whether he does have safety concerns and where he can be appropriately housed."  *Id.*

At argument, government's counsel pointed out that the email did not reference Mr. Daniel's federal case and suggested that Mr. Daniel would still be held in administrative segregation even if he did not have a pending federal RICO case.

Attached as Exhibit B is a Classification Committee Chrono page showing that Mr. Daniel is being detained in CSP-Sacramento's Administrative Segregation Unit without a DRB hearing due to his federal RICO case.  Plaintiff's attorney in the *Ashker* case has also advised counsel that CDCR has taken the position in that case that Mr. Daniel cannot be transferred to another institution because its contract with the U.S. Marshal requires that Mr. Daniel be housed specifically at CSP-Sacramento.  This further supports Mr. Daniel's argument that severance is warranted to prevent a Sixth Amendment speedy trial violation that would otherwise occur if he were to be continued to be held in oppressive pretrial

conditions ("solitary confinement") at CSP-Sacramento pending a trial almost a year away that was continued at codefendants' request.

Respectfully submitted,

Dated:  March 15, 2023

/s/ Timothy E. Warriner
TIMOTHY E. WARRINER

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
BRANT DANIEL

# EXHIBIT B

 

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| Inmate Name: | DANIEL, BRANT Q. | Date: | 02/08/2023 |
| CDC#: | J85968 | Date of Birth: | 07/16/1974 |
| Control Date: | 06/10/2053 | Control Date Type: | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| Hearing Date: | 02/08/2023 | Hearing Type: | Subsequent ASU; ASU Extension; Other (See Committee Action Comments) |
| Committee Type: | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC/DPU) | Correctional Counselor: | C. Mertz |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS
Dr. Johnson presented ICC with a Mental Health assessment that included S's Level of Care, treatment needs, ability to understand/participate in the classification hearing, and effects of this psychological state will not likely decompensate if ordered retained in segregated housing.

### COMMITTEE ACTION SUMMARY
SUB ASU REVIEW: RETAIN IN ASU DUE TO SAFETY CONCERNS AT SAC; CONT MAX/S CUSTODY; WG/PG: D1/B EFF 06/09/20; SINGLE CELL WHILE AT SAC ASU DUE TO LOCALIZED ENEMY/SAFETY CONCERNS; P/O W/A YARD.

REFER TO CSR FOR A 90 DAY ASU EXTENSION.

### COMMITTEE COMMENTS
Inmate DANIEL J85968 (S) appeared before California State Prison, Sacramento's (SAC) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Subsequent Review of his ASU placement. S stated that his health was good and was willing to proceed. According to Dr. Johnson, S is not a participant in the MHSDS and has no mental health concerns which would prevent him from continuing with his classification review. Prior to committee reviewing and discussing this case, S was introduced to the committee members.

The Administrative Segregation Unit Placement Notice dated 08/19/22 states:
You were initially placed in Administrative Segregation Unit (ASU) at California State Prison, Sacramento (SAC), on Tuesday, July 9, 2019. You were received at SAC Short Term Restricted Housing (STRH)/ASU from California State Prison, Corcoran Security Housing Unit (COR SHU), to facilitate court proceedings in Sacramento County. You require Maximum Custody housing due to your endorsement to Corcoran SHU, for the Step Down Program of the Security Threat Group (STG) step down process. Additionally, you were being retained in ASU due to being involved in a conspiracy to participate in a Racketeering Enterprise and related crimes. Specifically, a sealed federal arrest warrant has been issued for your person from the United States District Court, Eastern District of California, based upon an indictment alleging multiple violations of federal law, including Conspiracy to Participate in a Racketeering Enterprise ("RICO") in violation of 18 U.S.C. 1962(d), and related crimes. This court case remains pending as of todays date.
You were issued a new ASU Placement Notice on 10/08/20 for Conspiracy to Murder a Correctional Officer. You were subsequently found Not Guilty for Conspiracy to Murder a Correctional Officer.
A new ASU Placement Notice is being issued to you to clarify your reason for ASU placement.
Upon review of your case factors, confidential information was discovered indicating that you have general safety concerns amongst Aryan Brotherhood members at CSP SAC. Furthermore you have documented enemies amongst the General Population on A, B and C Facilities at CSP SAC preventing your release to SACs GP population. For this reason, your presence in the General Population presents a threat to your safety and security of the institution. You will be seen by the Institutional Classification Committee (ICC) within ten (10) days for appropriate program and housing considerations.

S was last seen by SAC ICC dated 11/16/22 and was retained in ASU due to safety concerns at SAC. ICC notes S is part of an ongoing court case in the United States District Court, Eastern District of California, for Conspiracy to Participate in a Racketeering Enterprise ("RICO") in violation of 18 U.S.C. 1962(d), and related crimes. This court case remains pending as of today's date.

ICC discussed S's case and determined that S remains a threat to the safety and security of the institution if released from ASU at this time.

Based upon a review of S's ASU Placement Notice, ERMS-file, case factors, and thorough discussion, committee elects to: Retain in ASU due to localized safety concerns at SAC. Continue MAX/S custody, WG/PG D1/B effective 06/09/20, NDS: Eligible for Property/Privileges. Single Cell, place on W/A yard.

Refer to CSR for a 90 day ASU extension.

The following case factors have been updated: Non-Confidential Offender Separation Alerts, and Confidential Offender Separation Alerts.

180/270 Eligibility: S meets criteria for 270 Level IV housing based upon no reason to preclude.