PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, ET AL.,<br><br>Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>OPPOSITION OF THE UNITED STATES TO DEFENDANTS' MOTION FOR EARLY DISCLOSURE OF RULE 404(b) EVIDENCE<br><br>DATE: July 19, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States, by and through Assistant United States Attorneys Jason Hitt, Ross Pearson, and David Spencer, respectfully submits its opposition to the motion to require early disclosure of any other acts evidence that the government intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence,[1] filed by defendants Ronald Yandell, Danny Troxell, William Sylvester, Brant Daniel, Pat Brady, and Jason Corbett ("defendants"). ECF 1527.

In short, defendants' motion should be denied because Rule 404(b) requires only "reasonable notice" before trial and does not permit defendants to compel premature disclosure of evidence that the government intends to introduce at trial pursuant to the Rule. In addition, such an order could unfairly preclude introduction of important evidence developed against these defendants after the proposed November 6 deadline. If the Court is inclined to impose a "reasonable notice" deadline under Rule

---

[1] All further references to "Rule" means the Federal Rules of Evidence unless otherwise specified.

404(b), the government respectfully requests that use the existing date for the filing of motions *in limine* – January 8, 2024 – along with a carveout permitting the government to provide subsequent notice for any evidence developed after the court-imposed deadline. Such an order would be consistent with the purpose of the Rule 404(b)'s reasonable notice requirement and avoid unfair exclusion of any evidence developed after the deadline based upon the government's ongoing investigation into the actions of the trial defendants.

## I.   ANALYSIS

### A.   Rule 404(b)'s "Reasonable Notice" Requirement

The text of Rule 404(b) requires the government to "provide reasonable notice" of any other acts evidence subject to Rule 404(b) that it "intends to offer at trial." Fed. R. Evid. 404(b). The 2020 Advisory Committee Note explains, "Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied--even in cases in which a final determination as to the admissibility of the evidence must await trial." Fed. R. Evid. 404(b), 2020 Advisory Committee Note. In a section of the 2020 Advisory Committee Note discussing the decision to remove a requirement for a defendant to request 404(b) notice, the Note states, "And in many cases, notice is provided when the government moves *in limine* for an advance ruling on the admissibility of Rule 404(b) evidence." *Id.*

### B.   Reasonable Notice in this Case

In this case, the date set for the filing of motions *in limine*, January 8, 2024, should be the date set for the government to provide notice of any evidence it intends to introduce pursuant to Rule 404(b). The January 8 date constitutes "reasonable notice" under Rule 404(b) because it provides ample time for the experienced counsel in this case to "evaluate the admissibility of any 404(b) evidence as to which the government provides notice." ECF 1527, at 6. Moreover, the January 8 date is consistent with precedent interpreting the meaning of "reasonable notice" in Rule 404(b).

For example, in *United States v. Perez-Tosta*, 36 F.3d 1552 (11th Cir. 1994), the Eleventh Circuit held that government notice "a few minutes before voir dire constituted 'reasonable notice in advance of trial' within the meaning of Rule 404(b)'s reasonable-notice requirement." *Perez-Tosta*, 36

F.3d at 1560–61. The court in *Perez-Tosta* reasoned that "the policy behind 404(b) is 'to reduce surprise and promote early resolution on the issue of admissibility'" and because the "rule imposes no specific time limits beyond requiring reasonable pretrial notice," "what constitutes a reasonable . . . disclosure will depend largely on the circumstances of each case." *Id.* at 1561 (citing to 1991 Advisory Committee Note to Rule 404(b)).

In interpreting the type of "circumstances" that inform "reasonable notice" under Rule 404(b), the Eleventh Circuit noted that analogizing to "other notice requirements in the Federal Rules of Evidence" is only marginally helpful because those requirements are "more specific than the 'reasonable notice' required by 404(b)." *Id.* (citing Fed. R. Evid. 609(b), 803(24), 805(b)(5)). Ultimately, the Court determined that three considerations inform the reasonable notice requirement: (1) "the motivations and circumstances of the party presenting the evidence," (2) "the prejudice suffered by the defendant because of the lack of notice," and (3) "the significance of the evidence to the prosecution's case" because the "second sentence of rule 404(b) is a rule of inclusion, and 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." *Id.* at 1561–62.

In this case, the government anticipates developing additional incriminating enterprise evidence against these trial defendants after November 6, 2023, because this trial group continues to function as members of the Aryan Brotherhood and they continue to commit crimes in furtherance of the RICO conspiracy charged in Count One. In addition, members, associates, and subordinates of the enterprise may choose to cooperate with the United States after November 6, 2023, but before trial. Evidence of other acts evidence committed by these defendants that is developed from a cooperator after November 6 should not be arbitrarily excluded based upon the reasonable notice requirement in Rule 404(b). Scenarios involving late-developed other acts evidence are not at all uncommon, as the facts of *Perez-Tosta* demonstrate. There, the prosecutor did not know about potential 404(b) evidence "until the Friday before trial began." *Id.* at 1562. Here, the defendants' request for a notice deadline on November 6, 2023, raises the very real possibility of unfairly limiting the government from introducing evidence developed during the more than 100 days between November 2, 2023, and the trial date.

UNITED STATES OPP'N TO DEF'S MOT. FOR EARLY DISCLOSURE OF RULE 404(B) EVIDENCE

3

Defendants contend that "[a]ny assertion that it may be presented with new 404(b) evidence shortly before trial is speculative at best, disingenuous at worst, given the scope and duration of its investigation of the defendants and its characterization of the completeness of its investigation and subsequent disclosures." ECF 1527, at 7.  Contrary to this contention, the government's concern about newly-developed evidence involving these trial defendants is not speculative at all.  Indeed, there remains an active investigation into recent enterprise-based acts committed by at least two of the six trial defendants at CSP-Sacramento.  Moreover, aside from wanting to file motions *in limine* to preclude the government's evidence, the defendants are vague about what measures they must take to meet any evidence noticed by the government under Rule 404(b).

Defendants cite to a passage in *United States v. Vega*, 188 F.3d 1150, 1155 (9th Cir. 1999), for the proposition that the reasonable notice provision in Rule 404(b) is designed to prevent the United from "'[lying] in wait and spr[inging] the 'other acts' evidence" on an unsuspecting defendant.  ECF 1528, at 5.  The government does not seek to lie in wait or spring other acts evidence on the unsuspecting defendants.  Placed in proper context, the language in *Vega* arose from facts in which the government provided no pre-trial notice of other acts evidence.  *Vega*, 188 F.3d at 1155 ("There is no dispute that the government failed to either disclose that information prior to trial or obtain an excuse from the district court.").  In this case, the government understands that reasonable notice is required by Rule 404(b).  But, the thrust of the defendants' motion is to impose a premature notice date on the government based upon the preference of the defendants.  Courts have not interpreted the reasonable notice requirement to turn on a defendant's preference and, instead, they consider "the motivations and circumstances of the party presenting the evidence," "the prejudice suffered by the defendant because of the lack of notice," and "the significance of the evidence to the prosecution's case" because the "second sentence of rule 404(b) is a rule of inclusion, and 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." *Perez-Tosta*, 36 F.3d at 1560–61. Applying these factors to this case, the January 8, 2024 deadline for notice of other acts evidence eliminates any notice-related prejudice to the defendants because they will have ample time to file briefs opposing admission of the other acts.  The January 8 date also permits the government to provide the Court with an explanation of the "significance of the evidence to the prosecution's case" because the

"second sentence of rule 404(b) is a rule of inclusion, and 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." *Id.* For these reasons, the United States respectfully requests that the Court deny the defendants' motion for early disclosure of other acts evidence under Rule 404(b).

## II.   CONCLUSION

For the reasons detailed above, the United States respectfully requests that the Court deny the defendants' motion for early disclosure of other acts evidence under Rule 404(b).

|  |  |
|---|---|
| Dated: June 28, 2023 | PHILLIP A. TALBERT<br>United States Attorney<br><br>By: */s/ Jason Hitt*<br>JASON HITT<br>ROSS PEARSON<br>DAVID SPENCER<br>Assistant United States Attorneys |