Rene L. Valladares
Federal Public Defender
Brad D. Levenson
Assistant Federal Public Defender
California State Bar No. 166073
Email: brad_levenson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Kathleen Correll
Correll & Associates
Oregon State Bar No. 871989
Email: kmc@kmcorrellattny.com
333 SW Taylor St., Ste. 300
Portland, OR 97204
(503) 539-4716
(503) 662-1117 (Fax)

Steven G. Kalar
California State Bar No 238029
Email: steven@kalarlaw.com
1569 Solano Ave., #312
Berkeley, CA 94707-2116
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD YANDELL (1),<br><br>    Defendants. | Case No. 2:19-CR-00107-KJM<br><br>**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR JUROR QUESTIONNAIRES IN A NON-CAPITAL CASE (ECF NO. 1528)** |

1  Defendants Patrick Brady, Jason Corbett, Brant Daniel, Danny Troxell,
2  William Sylvester, and Ronald Yandell (collectively the Defendants) file this Reply to
3  the government's Opposition (ECF No. 1550) to Defendant's Motion for Juror
4  Questionnaires in a Non-Capital case. (ECF No. 1528).

**MEMORANDUM OF POINTS AND AUTHORITIES**

6  The government's position is that it does not oppose juror questionnaires if the
7  questionnaire contains *only* "basic biographical and hardship information." ECF No.
8  1548 at 1.[1] The government however urges this Court to deny the Defendants request for
9  "questions about 'case-related issues.'" *Id.*

10  The government cites to the Judicial Counsel of the Ninth Circuit Jury Trial
11  Improvement Committee, Second Report:  Recommendation and Suggested Best
12  Practices (the Committee Report), in support of its position. ECF No. 1548 at 1-2; *see*
13  ECF No. 1528-1 (Committee Report attached to Defendant's Motion ECF No. 1528).
14  However, rather than discouraging the use of a case-specific questionnaire, the
15  Committee Report actually approves of such.

16  To that end, "Goal C" of the Committee Report is to improve voir dire. In that
17  light, the Committee Report recommends "more and better information about the trial
18  and the judicial process to the potential jurors at the beginning of voir dire."  ECF No.
19  1548-1 at 4. To do that, the Committee Report suggests that if "jurors are better informed
20  about the case, they are better able to identify personal biases that they would not have
21  considered otherwise." *Id.* at 13 ("if potential jurors are given as much information about
22  the case as possible, they will better understand the case, and therefore will be better able
23  to respond . . . ."). *Id.*

---

[1] The government's objection to juror questionnaires has "evolved." In the Joint Proposed Scheduling Order filed with this Court on April 24, 2023, the government lodged a blanket objection to the use of *any* jury questionnaires unless this is a capital trial. ECF No. 1493 at 4. It appears the government no longer has a blanket objection to any questionnaire, but rather an objection to one that includes case/fact specific questions.

1       The Committee Report also urges case-specific questionnaires where potential jurors "personal experiences might have a significant impact on their ability to be fair . . . ." ECF No. 1528-1 at 13. The Committee Report actually *recommends* sending such case-specific questionnaires with the jury summons "to address issues that potential jurors might feel uncomfortable answering in open court." *Id.* And finally, the Committee Report finds that "it can be beneficial to use questionnaires that will assist in pre-screening potential jurors when the case is anticipated to be unusually long." *Id.* Here the parties have agreed that the trial could take up to four months.

      Thus, despite citing to the Committee's Report in support of its argument that the Ninth Circuit disfavors case-specific questionnaires, in reality the Committee Report supports the Defendant's position here.

      The government next argues that case-specific questionnaires are not needed because this is not the type of case in which a juror's personal experience would have an impact on their impartiality. ECF No. 1548 at 2. The government further states that potential jurors here would not have experience with gangs or murders. *Id.*

      What the government fails to take into account, or simply ignores, is that the venue in which potential jurors will be summoned in this case contains no less than twenty-four state prisons and conservation camps, And those twenty-four facilities do not include Federal Correctional Institute Herlong, which is located within the Sacramento Division, as well as various county jails in the division which act as de-facto prisons (like Sacramento County Jail). These detention centers/prisons/conservation camps employ hundreds of workers throughout the Sacramento Division. Thus, there is a strong likelihood that potential jurors will know someone who works in the prison system or is housed in the prison system. Therefore, this is the exact type of case in which a case-specific juror questionnaire is needed.

      The government next argues that a jury questionnaire will not be as effective in selecting a jury than in-court questioning. ECF No. 1548 at 3. But the Defendants are not suggesting the questionnaire is a substitute for in-court questioning. Rather, the

purpose of the questionnaire is to explore potential jurors' attitudes which will assist with follow-up questioning once the potential jurors are in court. And this will be a useful tool to more easily facilitate effective and efficient voir dire. *See Lowery v. City of Albuquerque*, 2012 WL 1372273, at *5 (D. N.M. 2012); *United States v. Sandoval*, 2006 WL 1304955, at *3 (D. N.M. 2006) (finding that questionnaires will aid the court in obtaining relevant information while allowing prospective jurors to retain some privacy on sensitive issues); *United States v. W.R. Grace*, 408 F. Supp. 2d 998, 1020 (D. Mont. 2006) (where the government argued in favor of the use of "extensive jury questionnaires" as a tool that ensures that biased jurors are identified and removed from the jury pool). And as the Committee Report finds, a case-specific questionnaire that is sent out ahead of time can save jurors the embarrassment or discomfort in answering questions in front of other potential jurors. ECF No. 1528-1 at 13.

The final reason given by the government for rejecting a case-specific questionnaire is that jurors are not first admonished by the Court to avoid pretrial publicity and not to discuss the case with others. ECF No. 1548 at 3. However, an easy solution is to include language in the questionnaire which gives the court's regular admonition but in written form—that potential jurors should not to do any research on the case, should avoid pre-trial publicity, and not to speak to any family or friends about the case.

What is missing in the government's opposition is *any* substantive response to the Defendant's Motion. The government does not address the Defendant's citations to the multiple cases and law reviews which discuss the usefulness of juror questionnaires (ECF No. 1528 at 3-5). The government likewise does not address the twelve complex non-capital RICO/VICAR cases which specifically used juror questionnaires (ECF No. 1528 at 5). Nor does the government address the Defendant's due process argument (ECF No. 1528 at 5-7).

In sum, the case before this Court is exactly the type of case which will benefit from a case-specific juror questionnaire. The questionnaire will save time by collecting

juror information without the need for repeated questioning of each prospective juror, the requested questionnaire will frontload the work of jury selection, such that the in-court voir dire will be faster and less cumbersome, and the questionnaire will assist potential jurors in answering questions in a less than public forum.

For the reasons stated above and in the Motion, the Defendants request that the Court permit a case-specific questionnaire be used if this is a non-capital trial.

Dated this 11th day of July 2023.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Brad D. Levenson*
BRAD D. LEVENSON
Assistant Federal Public Defender


Law Office of Steven Kalar

*/s/ Steven Kalar*
STEVEN KALAR