1  Kresta Nora Daly, SBN 199689
   **BARTH DALY** LLP
2  2810 Fifth Street
   Davis, CA 95618
3  Telephone: (916) 440-8600
   Facsimile: (916) 440-9610
4  Email:       kdaly@barth-daly.com

5  Richard G. Novak, SBN 149303
   Naomi L. Svensson SBN 251660
6  **Richard G. Novak, APLC**
   P.O. Box 5549
7  Berkeley, CA 94705
   Telephone: (626) 578-1175
8  Facsimile: (626) 685-2562
   Email:       richard@rgnlaw.com
9

10 Attorneys for Defendant
   JASON CORBETT
11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15 UNITED STATES OF AMERICA,          | Case No. 2:19-CR-00107-KJM

16        Plaintiff,                  | **JOINT REPLY IN SUPPORT OF DEFENDENTS' BRIEF REGARDING DISCLOSURE OF RULE 404(B) EVIDENCE**
17        v.                          |
18 RONALD YANDELL, et al.             | **Hearing Date: 07/19/2023**
19        Defendants.                 | **Hearing Time: 9:00 am**
20                                     |
21                                     | **Before the Honorable Kimberly J. Mueller, Chief Judge**
22

23

24        Defendants Ronald Yandell, Danny Troxell, William Sylvester, Brant Daniel,

25 Pat Brady, and Jason Corbett, by and through their respective counsel of record,

26 hereby file this reply in support of their brief concerning the timing for the

27 government's disclosure of its intention to introduce evidence under Rule 404(b) of the

28 Federal Rules of Evidence.

1    Dated:  July 12, 2023                    Respectfully submitted,

2

3                                             By /s/ Richard G. Novak
                                              KRESTA NORA DALY
4                                             RICHARD G. NOVAK
                                              NAOMI L. SVENSSON
5                                             Attorneys for Jason Corbett

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## 404(b) EVIDENCE DEVELOPED AFTER THE PROPOSED DEADLINE

In its Opposition ("Opp.", ECF No. 1551), the Government appears to be chiefly concerned with the preclusion of "important evidence developed against these defendants after the proposed November 6 deadline." (Opp. at 1.)  It argues that the November 6, 2023 deadline "raises the very real possibility of unfairly limiting the government from introducing evidence developed during the more than 100 days between November 2, 2023, and the trial date." (Opp. at 3).

However, this concern was anticipated by the defense and was directly addressed by the language contained in the proposed trial schedule.  The proposed trial schedule states the following:

> The deadline for disclosure of all materials covered by the *Jencks Act*, *Brady, Giglio*, and notice of 404(b) evidence is November 6, 2023. The United States shall promptly produce *Jencks* Act, *Brady, Giglio* materials, and notice of 404(b) evidence generated or received after November 6, 2023, on a rolling basis.

(ECF No. 1493 at 2:12-15) (underlining added for emphasis).

Should the government develop additional evidence against the Defendants after November 6, 2023, it will not be "arbitrarily excluded," or "unfairly limited" from admission.  Rather, the government, per the language of the trial schedule, can and should promptly produce to the defense, on a rolling basis, any evidence generated or received after November 6.

The language *already* contained in the proposed trial schedule alleviates any concern over the "unfair exclusion of any evidence developed after the deadline." (Opp. at 2).

//

## II.

## REASONABLE NOTICE

In supporting its position that January 8, 2024 should instead be the deadline for disclosure, the government cites to a single, out-of-circuit case, *United States v. Perez-Tosta*, 36 F.3d 1552 (11th Cir. 1994).  There, the court examined the reasonableness of the disclosure of newly acquired 404(b) evidence when the prosecutor learned of the evidence the Friday before trial and provided notice to the defense on the next business day.  *Id.* at 1562.  The defense then had 6 days until the government called the witness to testify concerning the 404(b) evidence. *Id.* at 1560.  Considering in part when the government did and could have learned of this evidence, the court concluded that "reasonable notice" was provided.

The facts, analysis, and conclusions contained in *Perez-Tosta* do not bear much relevance, similarity, or authority to this matter.  The Eleventh Circuit's decision in *Perez-Tosta* addresses the reasonableness of disclosure for newly acquired 404(b) evidence.  In using it to support its position, the government conflates the 404(b) evidence that it has amassed since the start of its investigation, a wiretap order issued in 2016, with the smaller and speculative quantum of 404(b) evidence it *may* develop in the approximately 100 days between November 6, 2023, and the trial date.

As noted above, any newly acquired or developed evidence after November 6 should be disclosed on a rolling basis, thereby precluding any concern that it will be "arbitrarily excluded."  Rather, it will be subject to admissibility litigation and judicial determination following its disclosure.

Regarding the 404(b) evidence the government has collected in the 4 years since the inception of this case, the government fails to cite any meaningful authority to support why it should not be disclosed by the deadline proposed by the defense.  As noted in our opening brief, in a complex, multi-defendant case such as in the case at hand, courts in the Ninth Circuit have ordered disclosure dates in or beyond the time range proposed here of approximately 100 days.  *See, e.g.*, *United States v. Jack,* 257

1  F.R.D. 221, 2009 U.S. Dist. LEXIS 43120 (E.D. Cal.), reconsideration granted in part,

2  263 F.R.D. 640, 2009 U.S. Dist. LEXIS 123241 (E.D. Cal. 2009) (60 days); *United*

3  *States v. Justus*, No. 2-cr-265-YGR (N.D. Cal. March 24, 2023) (5 months); *United*

4  *States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH, 2015 U.S. Dist. LEXIS 84139,

5  at *45 (N.D. Cal. June 29, 2015) (5 months).

6      The defense's proposed deadline is appropriate and necessary to allow the

7  defense to adequately prepare and respond to the 404(b) evidence.

8  **III.**

9  **DEFENSE COUNSEL'S PRE-TRIAL INVESTIGATIVE RESPONSIBILITIES**

10      The government also argues that the "defendants are vague about what measures

11  they must take to meet any evidence noticed by the government under Rule 404(b)."

12  (Opp. at 4).

13      In any case, but even more so with the case at hand, which at present remains a

14  capital-eligible case, defense counsel have a duty to thoroughly investigate the case

15  against their client and to be prepared to defend the case against them.  As detailed in

16  the American Bar Association Guidelines for the Appointment and Performance of

17  Defense Counsel in Death Penalty Cases,

18      defense counsel must independently investigate the circumstances of

19      the crime and all evidence-whether testimonial, forensic, or otherwise-

20      purporting to inculpate the client. To assume the accuracy of whatever

21      information the client may initially offer or the prosecutor may choose

22      or be compelled to disclose is to render ineffective assistance of

23      counsel. As more fully described infra in the text accompanying notes

24      195-204, the defense lawyer's obligation includes not only finding,

25      interviewing, and scrutinizing the backgrounds of potential

26      prosecution witnesses, but also searching for any other potential

27      witnesses who might challenge the prosecution's version of events,

28      and subjecting all forensic evidence to rigorous independent scrutiny.

*American Bar Association, American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, 31 HOFSTRA L. REV. 913, 925-26 (2003).

Concerning uncharged misconduct, the ABA Guidelines provides the following language:

> If uncharged prior misconduct is arguably admissible, defense counsel
> must assume that the prosecution will attempt to introduce it, and
> accordingly must thoroughly investigate it as an integral part of
> preparing for the penalty phase.

*Id.* at 927.

Accordingly, in response to disclosed 404(b) evidence, defense counsel must obtain and review reports, interview witnesses with knowledge concerning the uncharged acts, obtain and review audio or video recordings of any uncharged acts (if available), collect records related to witnesses to prepare for cross-examination, and engage in any other investigatory tasks necessary to support alternative theories. Furthermore, if relevant witnesses are in custody, satisfying the visitation requirements of various custodial institutions will lengthen the time required to satisfy these tasks.

These ethically mandated tasks, a mandate that originates in the Sixth Amendment, require a reasonable amount of time to accomplish.  The defense's proposed deadline of November 6, 2023 is just that – a reasonable amount of time.

## IV.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that the Court order the government to provide notice of evidence it intends to introduce under Rule 404(b) by the proposed deadline of November 6, 2023.

1   Dated:        July 12, 2023            Respectfully submitted on behalf of these

2                                          defendants,

3

4                                          By ___/s/ Richard G. Novak_____
                                           KRESTA NORA DALY
5                                          RICHARD G. NOVAK
                                           NAOMI L. SVENSSON
6                                          Attorneys for Jason Corbett

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28