Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
PO Box F
Winters, California 95694
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com
(702) 388-6577 (702) 388-6261 (Fax)

Richard Glenn Novak, SBN 149303
Naomi L. Svensson
**RICHARD G. NOVAK, APLC**
PO Box 5549
Berkeley, CA 94705
Telephone: (626) 578-1175
Facsimile: (626) 685-2562
Email: richard@rgnlaw.com

Attorneys for Defendant
JASON CORBETT

Rene L. Valladares
Federal Public Defender
Brad Levenson, CA SBN 166073
Assistant Federal Public Defender
Email: brad_levenson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101

Steven G. Kalar CA SBN 23829
Email: steven@kalarlaw.com
1569 Solano Ave., #312
Berkeley, CA 94707-2116
(415) 295-4675
(415) 338-9950

Attorneys for Defendant
RONALD YANDELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL (1),<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**REPLY IN SUPPORT OF REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING** |

Defendants Jason Corbett and Ronald Yandell, by their respective counsel of record, file this Reply in Support of their Objection to Report and Recommendation

Denying their Motion for Bill of Particulars (ECF No. 1526).  This motion is made pursuant to Fed. R. Crim. P. 59, Local Rules 303(c), 430.1(i), Rule 7(f) of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the United States Constitution, the memorandum of points and authorities, and such additional pleadings and arguments as presented during the hearing on this motion.

# Table of Contents

A.  Factual Background ........................................................................................... 1

B.  This Court's purview on review is not as limited as the government claims. ......... 2

C.  The government discounts the gravity of the death penalty. ................................. 3

D.  Messrs. Corbett and Yandell requested information pertinent to the four additional counts. ................................................................................................................. 4

E.  The government cannot rely on constitutionally mandated discovery disclosure to defeat Messrs. Corbett and Yandell's right to a bill of particulars when that discovery disclosure sheds no light on the government's theory. .......................... 5

F.  Applying the law of the case doctrine would cause manifest injustice. ................. 6

G.  The government does not address many of Messrs. Corbett and Yandell's arguments. ............................................................................................................ 7

   1) The government does not address the fact that the law of the case doctrine is discretionary for this Court. ............................................................................ 7

   2) The government relies on their prior opposition to Messrs. Corbett and Yandell's request for a bill of particulars in its arguments regarding whether this Court's prior order is clearly erroneous, but that prior opposition does not fully address their arguments. ........................................................................ 7

   3) The government does not address Messrs. Corbett and Yandell's request for information regarding how they formed and entered into the conspiracy. ........ 8

   4) The government does not address whether United States v. DiCesare is distinguishable. .............................................................................................. 8

   5) The government does not address Messrs. Corbett and Yandell's Fifth and Sixth Amendment rights. ................................................................................ 9

H.  Conclusion ........................................................................................................... 9

# Table of Authorities

**Federal Cases**

*Estate of Crawley v. Robinson*,
   No. 1:13-CV-02042-LJO-SAB, 2015 WL 3849107 (E.D. Cal. June 22, 2015) ....... 5

*Greenspan v. Fieldstone Fin. Mgmt. Grp., L.L.C.*,
   No. 3:17-cv-233-PK, 2018 WL 4945214 (D. Or. Aug. 22, 2018) ........................... 9

*Jeffries v. Wood*,
   114 F.3d 1484 (9th Cir. 1997) ................................................................................. 9

*Leidos, Inc. v. Hellenic Republic*,
   881 F.3d 213 (D.C. Cir. 2018) ................................................................................ 9

*Na Pali Haweo Cmty. Ass'n v. Grande*,
   252 F.R.D. 672 (D. Haw. 2008) ............................................................................. 5

*United States v. DiCesare*,
   765 F.2d 890 (9th Cir. 1985) ................................................................................ 11

*United States v. Kaczynski*,
   Case No. CR-S-96-259-GEB-GGH, 1997 WL 34626785 ....................................... 8

*United States v. Ranieri*,
   No. 17-cr-00533-EMC (LB), 2019 WL 3842092 (N.D. Cal. Aug. 15, 2019) ........ 11

*Will v. United States*,
   389 U.S. 90 (1967) ................................................................................................. 7

**Federal Statutes**

18 U.S.C. § 636 ............................................................................................................. 5

**Federal Rules**

Fed. R. Crim. P. 59 ....................................................................................................... 3

Fifth and Sixth Amendments to the United States Constitution .................................. 3

Fed. R. Crim. P. 7 ......................................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Factual Background

On May 24, 2023, Defendants Jason Corbett and Ronald Yandell filed a Request for Reconsideration of Magistrate Judge Claire's denial of their Motion for Bill of Particulars. ECF No. 1526. Messrs. Corbett and Yandell argued the order misapplied the law of the case doctrine. ECF No. 1526 at 9:1-16:11. Applying the law of the case doctrine prevented the magistrate judge from considering the merits of Messrs. Corbett and Yandell's request. A review of the merits reveals a bill of particulars is necessary because Messrs. Corbett and Yandell cannot determine the government's theory while defending against a possible capital trial. ECF No. 1526 at 16:12-22:9. Messrs. Corbett and Yandell also noted their Fifth Amendment due process rights, Sixth Amendment right to notice of the allegations, Sixth Amendment right to be master of their own defense, and Sixth Amendment right to counsel will be violated without a bill of particulars. ECF No. 1526 at 22:10-23:10.

The parties set a briefing schedule for Messrs. Corbett and Yandell's Request for Reconsideration. ECF No. 1539. The government filed its opposition to Messrs. Corbett and Yandell's request on June 28, 2023. ECF No. 1550.

The government omits from their recitation of the facts that Mr. Yandell did not have stable representation when Mr. Brady's prior motion for a bill of particulars was adjudicated. *Compare* ECF No. 1526 at 6:26-7:3 *with* ECF No. 1550 at 2:16-4:18.

Further, the government's legal arguments are unavailing. First, the government's recitation of the contrary to law standard is too narrow. Second, the government fails to appreciate the gravity of the looming threat of the death penalty and how it raises the stakes of this case. Third, Messrs. Corbett and Yandell are no closer to discovering a possible government theory after a year with the discovery the government claims obviated the need for a bill of particulars. And finally, the government fails to respond to some of Messrs. Corbett and Yandell's arguments.

**B. This Court's purview on review is not as limited as the government claims.**

This Court reviews the magistrate judge's order to determine if it "is contrary to law or clearly erroneous." 18 U.S.C. § 636(b)(1). Relevant here, an order can be "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Estate of Crawley v. Robinson*, No. 1:13-CV-02042-LJO-SAB, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air Fr.*, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002)).

The government's attempts to limit this Court's power and review by presenting a more restrictive "contrary to law" standard. The government contends "[a] decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." ECF No. 1550 at 4:26-28 (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)). The government then reasons that, because Messrs. Yandell and Corbett "recite[d] the same general legal standard as the Order in their request for reconsideration," Messrs. Yandell and Corbett did not argue the magistrate judge's order was contrary to law.

The government's conclusion and definition of contrary to law are both incorrect. As explained above, an order need not apply an incorrect legal standard or fail to consider an element of a standard to be contrary to law. An order can also be contrary to law when it misapplies the law. Here, the magistrate judge's order misapplied the law when it used the law of the case doctrine to deny Messrs. Corbett and Yandell's motion because the issues were not decided explicitly or implicitly, ECF No. 1526 at 9:1-17. Furthermore, exceptions apply to the law of the case doctrine because the first decision was clearly erroneous, other changed circumstances exist, and manifest injustice would occur. ECF No. 1526 at 10:15-16:11. Because the magistrate judge misapplied relevant caselaw, the decision is contrary to caselaw.

2

### C. The government discounts the gravity of the death penalty.

The looming specter of the death penalty fundamentally changes this case. When Mr. Brady requested the information in his prior motion, the government had not yet attached the death penalty. The death penalty is attached now. Messrs. Corbett and Yandell are two of the targets of that death penalty. Yet, the government supposes, "because the pertinent factual allegations remain unchanged from the original indictment," the prior order denying Mr. Brady's motion for bill of particulars "applies with equal force" to Messrs. Corbett and Yandell's motion for bill of particulars. ECF No. 1550 at 2:26-27. The government presumes that, because Messrs. Corbett and Yandell "do not even attempt to argue that they seek any information that was not already request – and denied – in the 2021 motion," "they have failed to carry their burden to show any error, much less clear error" when it comes to requests regarding the RICO conspiracy and Special Sentencing Factor 9. ECF No. 1550 at 5:13-14.

The government ignores that when the first motion for a bill of particulars was decided, the consequences were less severe. Whether or not that death penalty is based on facts previously known to the parties is immaterial. While, as the magistrate judge's order noted, "the pertinent language [in the indictment] is materially unchanged," the consequences the pertinent language carries has changed. Looking at only whether the superseding indictment alleges additional charges based on new facts as dispositive as to whether there were changed circumstances is clearly erroneous.

The government also complains that Messrs. Corbett and Yandell "do not cite any legal authority that supports modifying the legal standard for a bill of particulars" in the face of the death penalty. ECF No. 1550 at 6:16-18. Messrs. Corbett and Yandell were not advocating for a different legal standard. Instead, Messrs. Corbett and Yandell recognized this Court has "very broad" discretion to order a bill of particulars. *Will v. United States*, 389 U.S. 90, 98-99 (1967). Messrs. Corbett and Yandell requested this Court, in its very broad discretion, consider that Messrs. Corbett and Yandell are death eligible and order a bill of particulars in recognition of their death-eligible status. It is

3

imperative Messrs. Corbett and Yandell receive additional information about the government's theory since, once executed, they cannot pursue collateral relief. The best way to mitigate against that possibility is to allow Messrs. Corbett and Yandell access to as much information as possible so their current counsel can investigate all avenues and present facts central to Messrs. Corbett and Yandell's defense. Essentially, Messrs. Corbett and Yandell are requesting this Court to allow their current counsel to investigate all avenues and give them the best defense now to avoid problems in the future. Given Messrs. Corbett and Yandell were not death eligible, the prior order could not, either explicitly or implicitly, touch on whether a bill of particulars was appropriate under the shadow of the death penalty.

### D. Messrs. Corbett and Yandell requested information pertinent to the four additional counts.

Messrs. Corbett and Yandell requested information relating to Sentencing Factors Number 2 and Number 9. ECF No. 1430 at 8:23-9:27. The facts supporting Sentencing Factors Number 2 and Number 9 are the same facts supporting the new, relevant substantive counts in the indictment.

The government discounts the shared facts underlying the sentencing factors and the new, substantive counts, claiming Messrs. Corbett and Yandell's "motion for a bill of particulars did not even address these new counts." ECF 1550 at 6:7-8. Messrs. Corbett and Yandell did request information pertinent to these new counts when they requested information regarding the special sentencing factors. That these Special Factors supported Counts 16 (Yandell) and 18 (Brady) transform the information regarding the facts underlying both the Special Factors and new counts from merely important to imperative because those facts undergird the government's death threat.

4

**E. The government cannot rely on constitutionally mandated discovery disclosure to defeat Messrs. Corbett and Yandell's right to a bill of particulars when that discovery disclosure sheds no light on the government's theory.**

Messrs. Corbett and Yandell alerted this Court that, even after pouring through the government's discovery, they cannot discern the government's theory. ECF No. 1526 at 12:12-13:4. But the government pressed on, asserting discovery negates any need for a Bill of Particulars. ECF No. 1550 at 2-3. The government fails to explain how, despite discovery disclosures, the defendants cannot discern what the government's theory of liability is. Extensive discovery, alone, cannot defeat a defendant's Sixth Amendment right to know the allegations against them. "Extensive discovery could make it difficult for Defendant to ascertain which precise discovery will be used against him." *United States v. Kaczynski*, Case No. CR-S-96-259-GEB-GGH, 1997 WL 34626785, *19 (E.D. Cal. Nov. 7, 1997).

While *Kaczynski*'s warning related to a request for a more specific notice about aggravating factors, it applies here, where the government is resting on disclosure to deny a motion for a bill of particulars. The government has alleged a widespread criminal enterprise which has existed since the 1960's. ECF No. 1375, ¶ 3. This criminal enterprise involves commissions, *id.* at ¶ 6, unwritten rules of conduct with strict consequences, *id.* at ¶ 7, 10, 11, a complicated hierarchy with room for advancement, *id.* at ¶¶ 4, 5, 8, 9, multi-faceted economic enterprises, *id.* at ¶ 12, and iconography, *id.* at ¶ 14. The alleged conspiracy is not a simple written or verbal agreement between multiple parties. The conspiracy is a multi-state interconnected enterprise with obfuscated roles and means to give out orders. While discovery may provide clear answers as to the government's theory in a case with a simple conspiracy, here, the disparate members, events, and methodologies of the organization makes it impossible to divine the government's intent given the complexity of the conspiracy.

Because Messrs. Corbett and Yandell are death-eligible, the stakes are simply too high to hope the defense can luck into guessing the government's theory.

### F. Applying the law of the case doctrine would cause manifest injustice.

Allowing the law of the case doctrine to dictate Messrs. Corbett and Yandell's Sixth Amendment right to notice of the allegations against them would be manifest injustice. Often, "the courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as the defendant's guilty plea that is involuntary." *Greenspan v. Fieldstone Fin. Mgmt. Grp., L.L.C.*, No. 3:17-cv-233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018) (internal quotations and citations omitted). As the prior Order was clearly erroneous, it would also result in manifest injustice.

But that is not the only definition of manifest injustice. "Manifest injustice requires at least a clear and certain prejudice to the moving party that is fundamentally unfair in light of governing law." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotations omitted). "At a minimum, the challenged decision should involve a significant inequity or the extinguishment of a right before being characterized as manifestly unjust." *Jeffries v. Wood*, 114 F.3d 1484, 1492 (9th Cir. 1997) (overruled on other ground by *Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012)).

Here, a rote application of the law of the case doctrine will cause clear and certain prejudice to Messrs. Corbett and Yandell. It will extinguish their Sixth Amendment right to adequate notice of the charges against them. And it is fundamentally unfair and unequal to allow another defendant's pleadings to dictate the rights of the other defendants.

### G. The government does not address many of Messrs. Corbett and Yandell's arguments.

#### 1) The government does not address the fact that the law of the case doctrine is discretionary for this Court.

Messrs. Yandell and Corbett detailed how, while the law of the case doctrine was mandatory for the magistrate judge, it is discretionary for this Court. ECF No. 1526 at 9:18-10:14. The government does not address this argument. Messrs. Yandell and Corbett once against ask this Court to use its discretion and review the merits of Messrs. Corbett and Yandell's motion.

#### 2) The government relies on their prior opposition to Messrs. Corbett and Yandell's request for a bill of particulars in its arguments regarding whether this Court's prior order is clearly erroneous, but that prior opposition does not fully address their arguments.

The government addresses little of Messrs. Corbett and Yandell's arguments regarding whether the prior Motion for Reconsideration was clearly erroneous. Instead, the government references its other pleadings in response. ECF No. 1550 at 7:3-8 (citing ECF No. 1456). These other pleadings do not rebut the arguments Messrs. Corbett and Yandell made in their Request for Reconsideration.

First, Messrs. Corbett and Yandell noted the indictment only refers to a conspiracy occurring between October 2011 and June 2019. This vague time frame does not allow Messrs. Crobett and Yandell to determine what the government believes the scope of their liability is-which is the entire point of an indictment. The government, in their prior pleadings, simply asserts this date range is acceptable without clarifying how each defendant could determine their individual liability within that date range.

Second, Messrs. Corbett and Yandell pointed out that the prior order "concluded the magistrate judge did not err in finding the motion for bill of particulars was "an improper attempt to obtain discovery." ECF No. 1526 at 14:19-20. The magistrate judge made no such finding. ECF No. 959. The government does not tackle this argument in their present response or past responses.

7

Third, Messrs. Corbett and Yandell explained the prior Order distinguishing *United States v. Ranieri*, No. 17-cr-00533-EMC (LB), 2019 WL 3842092 (N.D. Cal. Aug. 15, 2019), was in error because the prior Order found *Ranieri* did not have the same procedural posture as this case. Messrs. Corbett and Yandell, through a review of the *Ranieri* docket, determined the *Ranieri* defendants had a similarly lengthy indictment and received most of the government's discovery when they received a bill of particulars. ECF No. 1526 at 14:15-15:11. The government does not address this argument.

Finally, Messrs. Corbett and Yandell clarified that, when they were seeking additional information regarding the alleged bribery, interstate transportation of stolen vehicles, and acts relating to racketeering, they were not seeking information on overt acts that comprised the charged activity. Instead, they were seeking information about the government's allegation that the Aryan Brotherhood is a criminal enterprise. Determining what the government is alleging is part of the criminal enterprise will allow Messrs. Corbett and Yandell to meaningfully test that definition and determine whether Messrs. Corbett and Yandell's alleged actions fall within the definition of criminal enterprise. The government does not address this argument.

### 3) The government does not address Messrs. Corbett and Yandell's request for information regarding how they formed and entered into the conspiracy.

Messrs. Corbett and Yandell detailed why they needed to know how the government believes they formed and entered into the conspiracy. ECF No. 1526 at 19:7-19. The government does not address this argument, and instead merely directs this Court to its prior pleading where it did not address the need for additional information about the formation of the conspiracy. ECF No. 1550 at 7:3-8.

### 4) The government does not address whether *United States v. DiCesare* is distinguishable.

Messrs. Corbett and Yandell explained *United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985) is distinguishable. ECF No. 1526 at 21:10-22. The government

8

does not address this argument, and instead merely directs this Court to its prior pleading where it cites to *DiCesare*. ECF No. 1550 at 7:3-8.

### 5) The government does not address Messrs. Corbett and Yandell's Fifth and Sixth Amendment rights.

Messrs. Corbett and Yandell warned the Court that their Fifth and Sixth Amendment rights were being violated because they were not clearly informed about the nature and cause of the charges, were not the master of their own defense, and could not be afforded adequate counsel because they did not have enough information to defend against the superseding indictment. ECF No. 1526 at 22:10-23:10. The government does not address this argument.

**H. Conclusion**

Messrs. Corbett and Yandell requests this Court review the merits of their request and order a bill of particulars.

Dated this 12th day of July 2023.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Brad D. Levenson*
BRAD D. LEVENSON
Assistant Federal Public Defender