Rene L. Valladares
Federal Public Defender
Nevada Bar No. 11479
Brad D. Levenson
Assistant Federal Public Defender
California State Bar No. 166073
Email: brad_levenson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
California State Bar No 238029
Email: steven@kalarlaw.com
1569 Solano Ave., #312
Berkeley, CA 94707-2116
(415) 295-4675
(415) 338-9950 (Fax)

Kathleen Correll
Correll & Associates
Oregon State Bar No. 871989
Email: kmc@kmcorrellattny.com
333 SW Taylor St., Ste. 301
Portland, OR 97204
(503) 539-4716
(503) 662-1117 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**NOTICE OF RONALD YANDELL'S INVOCATION OF SPEEDY TRIAL RIGHTS (ECF NO. 1565)** |

Defendant Ronald Yandell files this Notice of Invocation of Speedy Trial Rights. In the attached memorandum of points and authorities, Mr. Yandell highlights the procedural history of the instant case and explains why Mr. Yandell must now invoke his speedy trial rights and put all parties, and the Court, on notice that he will not be agreeing to any trial date after February 26, 2024.

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Factual Background as it relates to Defendant Ronald Yandell

Defendant Ronald Yandell adopts the procedural and factual background laid out in co-defendant Brant Daniel's Motion to Dismiss. ECF No. 1565 at 3:2-5:7. Mr. Yandell recognizes he is not in the same procedural posture as Mr. Daniel because Mr. Yandell was one of the defendants who requested the current trial date. As such, Mr. Yandell does not join Mr. Daniel's Motion to Dismiss. However, Mr. Yandell shares many of the same concerns as Mr. Daniel and files this Notice to invoke his speedy trial rights and highlight how the government's absence of urgency has affected Mr. Yandell's defense.

The first indictment filed June 14, 2019, alleged, among several allegations, that Mr. Yandell was somehow involved in the murder of Hugo Pinell.[1] ECF No. 25. The indictment did not dedicate a separate count to this allegation but instead used this alleged murder for Special Sentencing Factor 2. ECF No. 25 at 9:7-11. Mr. Yandell made his initial appearance on the first indictment on July 1, 2019. ECF No. 76.

On December 8, 2021, this Court informed the parties it was "inclined to set a trial date for early 2023." ECF No. 952. The defendants sought to comply: on December 29, 2021, Defendants Brady, Corbett, Daniel, Troxell, Sylvester, and Yandell requested a trial date of March 20, 2023. ECF No. 973 at 2:25-3:1. This Court adopted this trial date on January 5, 2022, ECF No. 988, and all defendants began preparing for the March 2023 trial date.

As stated in Mr. Daniel's Motion, "the government invited Mr. Daniel and the other defendants to provide a written submission as to why the government should not

---

[1] Mr. Yandell is still unsure of how the government believes he was involved in Mr. Pinell's death, which is the subject of his pending Motion for Reconsideration before this Court.

seek the death penalty . . . ." in November 2021.[2] ECF No 1565 at 3:15-17. On December 28, 2022, Mr. Yandell provided his submission.

On August 25, 2022, the defendants provided a joint status report. ECF No. 1254. The defendants flagged their concern they could not be ready for the March 20, 2023, trial date because there were questions about a possible superseding indictment, the limitations on discovery review, and the quantity of upcoming disclosures. ECF No. 1254 at 4:24-5:3. A future superseding indictment was especially concerning as the defendants believed the government would add counts based on new and separate facts and crimes. At a status conference on August 31, 2022, this Court advised the parties it was not yet ready to reset the trial date. ECF No. 1263.

The government superseded the indictment on December 8, 2022. ECF No. 1375. The superseding indictment added one new count against Mr. Yandell—Count 16. ECF No. 1375 at 18:20-21. Much like the allegations against Mr. Daniel, the superseding indictment added nothing substantive against Mr. Yandell, contrary to the government's earlier claims. The superseding indictment still had profound effects on the case, as it made Mr. Yandell death eligible.

On January 25, 2023, Mr. Yandell made his initial appearance on the superseding indictment. ECF No. 1403. The same day, this Court held a status conference as to the trial date. ECF No. 1404. Due to the government filing the superseding indictment so close to the original March 2023 date and the uncertainty of whether the government would receive death-authorization on certain defendants, Messrs. Yandell, Brady, and Corbett requested a trial date of February 26, 2024. ECF No. 1404. This Court granted that request. ECF No. 1404.

---

[2] That invitation did not include Mr. Yandell. His invitation from the government to submit a written submission did not arrive until August 2022.

3

**B. Concerns regarding Speedy Trial rights and the absence of urgency by the government.**

The government forced Mr. Yandell's hand in agreeing to the February trial date. Mr. Yandell only did so because the government delayed in many of its key decisions, including the superseding indictment and death-authorization. As Mr. Daniel noted, the defense's early request for a continuance came because the superseding indictment "was expected to change the substance of the charges . . . ." ECF No. 1565 at 7:1-4. This expectation proved hollow, as the superseding indictment raised the stakes (death eligibility) but not the substance of the allegations.

The government's delay in obtaining death-authorization also required Mr. Yandell to request the February date. As Mr. Daniel explained, "the defense learned that the U.S. Attorney's Office had still not forwarded its death penalty package and recommendation to the DOJ's Capital Case Section for its review and decision – even though this Court has imposed an August 23, 2023, deadline for the death-authorization decision." ECF No. 1565 at 7:9-13. Whether the government will seek to kill Mr. Yandell if he is convicted has enormous ramifications for how he will defend the case and has forced him to seek a delay so his defense team may render adequate representation.

The want of prosecution forced both Mr. Yandell and Mr. Daniel to choose between their Sixth Amendment right to adequate representation of counsel and their Sixth Amendment right to speedy trial. While Messrs. Yandell and Daniel focused on different rights to focus on, with Mr. Yandell seeking to solidify his right to adequate counsel and Mr. Daniel seeking to exercise his right to speedy trial, undersigned counsel can no longer in good conscious agree to any more continuances of the trial. Mr. Yandell will not be agreeing to any later trial dates, will invoke his Speedy Trial rights, and requests the Court go forward with trial on February 26, 2024. Otherwise, Mr. Yandell will file a Motion to Dismiss for Speedy Trial Violations on February 27, 2024.

Dated this 24th day of July 2023.

        Respectfully submitted,

        Rene L. Valladares
        Federal Public Defender

        */s/ Brad D. Levenson*
        BRAD D. LEVENSON
        Assistant Federal Public Defender


        Law Office of Steven Kalar

        */s/ Steven G. Kalar*
        STEVEN G. KALAR