ROB BONTA, State Bar No. 202668
Attorney General of California
JULIE A. MALONE, State Bar No. 209744
Supervising Deputy Attorney General
HEATHER M. HECKLER, State Bar No. 235492
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7532
 Fax: (916) 322-8288
 E-mail: Heather.Heckler@doj.ca.gov
*Attorneys for Parties in Interest*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | 2:19-cr-00107-KJM |
| v. | **STIPULATED AGREEMENT TO AMENDED PROTECTIVE ORDER** |
| **RONALD YANDELL,** | |
| Defendant. | |

On May 2, 2023, counsel for Defendant Ronald Yandell, Brad Levenson, and counsel for the California Department of Corrections and Rehabilitation, Deputy Attorney General Heather Heckler, stipulated to a proposed protective order (ECF No. 1509), which the Court signed on May 10, 2023 (ECF No. 1518). Counsel for Defendant Yandell and counsel for the California Department of Corrections and Rehabilitation have now stipulated and agreed to amendments to that protective order.

///

///

///

///

The Amended Proposed Protective Order, for the Court's signature, is attached as Exhibit A.

Dated: July 26, 2023            Respectfully submitted,

ROB BONTA
Attorney General of California
JULIE A. MALONE
Supervising Deputy Attorney General

*/s/ Heather M. Heckler*
HEATHER M. HECKLER
Deputy Attorney General
*Counsel for CDCR*

Dated: July 26, 2023            RENE L. VALLADARES
Federal Public Defender

*/s/ Brad D. Levenson*
BRAD D. LEVENSON
Assistant Federal Public Defender
*Counsel for Ronald Yandell*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | Case No. 2:19-cr-00107-KJM |
| v. | **AMENDED PROPOSED JOINT PROTECTIVE ORDER REGARDING CONFIDENTIAL RECORDS PRODUCED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION** |
| **RONALD YANDELL,** | |
| Defendant. | |

The Court orders the following restrictions on the use and dissemination of all confidential records produced by the California Department of Corrections and Rehabilitation (CDCR) pursuant to any valid subpoena or court order in this case. All confidential records produced by CDCR shall be subject to the following restrictions. This Amended Protective Order supersedes the previous Protective Order in this case and applies to all confidential records produced before the effective date of this order.

1. This protective order applies to any person who obtains possession of the confidential records because they contain information, which if shared, could jeopardize the safety and security of confidential informants, other individuals, and the prisons.

2. The confidential records produced shall not be made available to persons other than:

1

        a.    Counsel for defendant Ronald Yandell;

        b.    The attorney(s) of record for the United States;

        c.    Paralegal, clerical, and secretarial staff employed by defendant's counsel or counsel for the United States who are assisting in the defense or prosecution of this case;

        d.    A person retained by defendant and/or his counsel or attorney(s) of record for the United States to assist in this case, such as an investigator, mitigation specialist, expert witness, or other consultant, who has agreed in writing that he or she has read this order, understands and agrees to be bound by its provisions, and consents to be subject to this Court's jurisdiction to enforce this order's terms;

        e.    Any judge before whom any hearing, trial, or other proceeding in this case is pending;

        f.    Court personnel when necessary to conduct these proceedings;

    3.    None of the confidential records produced shall be shown to, discussed with, or disclosed in any manner to defendant Yandell, any other defendant in this case or their attorney(s), any inmate or former inmate, any parolee or former parolee, or any other person not specified in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from CDCR's counsel or authorized by court order after an opportunity for CDCR to be heard regarding the request for disclosure.

    4.    No one with access to the confidential records pursuant to this protective order, as identified in paragraph 2, shall make copies of any documents subject to this protective order except as necessary for this case.

    5.    Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential records, shall be filed under seal, and labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a protective order issued by the Court and may not be copied or examined except in accordance with that order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel for defendant or the United States. If any party fails

to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

6. Any argument or discussion as to any confidential material shall be done *in camera* and any record of such argument, discussion, or examination shall be kept under seal. Counsel shall only discuss in open court summaries, not details, of the confidential information.

7. The confidential records shall be stored in a secure location.

8. Counsel for defendant and counsel for the United States shall maintain a record of all persons to whom they have afforded access to the confidential records. CDCR may inspect this record upon request.

9. At the conclusion of this criminal proceeding, including any appeals or collateral review, all originals and copies of confidential records produced by CDCR in this case shall be destroyed or returned to CDCR. If the records are destroyed, written notification of their destruction is to be given to CDCR.

10. The confidential records shall be used solely in connection with this criminal case, including any appeals or collateral review, and not for any other purpose.

11. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

12. This order shall remain in full force and effect until further order of this Court.

13. CDCR will have an opportunity to be heard should the Court find that modification of this order may be necessary.

**IT IS SO ORDERED.**

Dated: _____

_____
United States Magistrate Judge

# CERTIFICATE OF SERVICE

Case Name:   **United States v. Yandell**   No.   **2:19-cr-00107-KJM**

I hereby certify that on July 26, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STIPULATED AGREEMENT TO AMEND PROTECTIVE ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 26, 2023, at Sacramento, California.

R. Rondaris
Declarant

*R. Rondaris*
Signature

SA2023300187
37371094.docx