Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
2810 Fifth Street
Davis, CA 95618
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email:     kdaly@barth-daly.com

Richard G. Novak, SBN 149303
Naomi L. Svensson SBN 251660
**Richard G. Novak, APLC**
P.O. Box 5549
Berkeley, CA 94705
Telephone: (626) 578-1175
Facsimile: (626) 685-2562
Email:     richard@rgnlaw.com

Attorneys for Defendant
JASON CORBETT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, et al.<br><br>Defendants. | Case No. 2:19-CR-00107-KJM<br><br>**DEFENDANTS' JOINT OPPOSITION TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO GIVE NOTICE OF INTENT**<br><br>**Hearing Date: 09/20/2023**<br><br>**Hearing Time: 9:00 am**<br><br>**Judge: Honorable Kimberly J. Mueller** |

    Defendants Ronald Yandell, Wiliam Sylvester, Pat Brady, Brant Daniel, and Jason Corbett, by and through their respective counsel of record, hereby file their joint opposition to the Government's Motion for Extension of Time for the Government to Give Notice of Its Intent to Seek, or Not Seek, The Death Penalty (ECF 1590).

This joint Opposition is based on the attached memorandum of points and authorities and any evidence or argument before or at the hearing on this motion.

Dated: August 30, 2023                    Respectfully submitted on behalf of these defendants,

By  /s/ Naomi L. Svensson
KRESTA NORA DALY
RICHARD G. NOVAK
NAOMI L. SVENSSON
Attorneys for Jason Corbett

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 22, 2023, the Court ordered that the Government to give notice no later than August 23, 2023 of its intent to seek, or not to seek, the death penalty (referred to as the "Notice of Intent"). (ECF 1473). On August 23, 2023, the Government filed its Motion for Extension of Time for the Government to Give Notice of Its Intent to Seek, or Not Seek, the Death Penalty ("Motion for Extension of Time") (ECF 1590). In addition to this Opposition to the Government's Motion for Extension of Time, the Defendants have also concurrently filed their Motion to Preclude Death Penalty for Failure to Provide Timely Notice of Intent ("Motion to Preclude Death Penalty").

The Government spends much of its papers discussing how the separation of powers doctrine constrains the court from intervening in the Justice Department's internal death penalty protocol. It cites to numerous cases that have concluded that the court does not have the authority to intervene in the internal deliberations, such as the date of a defendant's mitigation submission or the date of the mitigation presentation before the Capital Case Review Committee. It fails, however, to directly address the actual issue before the court – whether the court has the authority to set a deadline concerning the Notice of Intent. A review of the case law, including many of the cases relied on by the Government, demonstrates that the court *does* in fact have the authority to set deadlines concerning the Notice of Intent. These cases note a crucial distinction between the events entirely occurring within the realm of the DOJ's internal deliberations and to which the court is not a party (*e.g.,* the timing of the mitigation presentation) and events which necessarily implicate the court's calendar and the statutorily recognized right to be notified "a reasonable time before the trial," 18 U.S.C. § 3593(a), *i.e.*, the Notice of Intent. As discussed in detail below, district courts routinely schedule deadlines for the Notice of Intent and their authority and ability to do so appears unquestioned.

This Court's authority to order a deadline for the Notice of Intent is clear and the Court should compel the Government's compliance with its deadline. The Court's generously scheduled deadline of August 23, 2023 for the Notice of Intent, over 8 months after the filing of the superseding indictment, 8 to 18 months after the receipt of mitigation presentations from the Defendants, and over four years since the initial indictment, should be enforced. As the court is aware, the Government has repeatedly failed to act in a timely manner in this case, and these delays have resulted in significant trial continuances. If permitted to delay the proceedings yet again, the defendants will be forced to choose between their speedy trial rights and the right to adequate representation in what is still a potential capital case. The Government must be held to this deadline so the case can proceed efficiently and intelligibly.

Defendants jointly submit this Opposition and ask that the Court deny the Government's Motion for Extension of Time.

## II.   BACKGROUND

Ronald Yandell, William Sylvester, Brant Daniel, Pat Brady, and Jason Corbett ("Defendants") were initially indicted in this matter on June 14, 2019. (ECF 25). On October 13, 2021, the Court ordered that the Government was required to send to Defendants, by the end of November 2021, "letters described by the AUSA as 'an invitation to present mitigation evidence to the U.S. Attorney in the Eastern District of California with respect to specific defendants who would be subject to a superseding charge carrying the death penalty.'" (ECF 892). This letter was sent to Mr. Brady, Mr. Corbett, Mr. Daniel, and Mr. Sylvester on November 30, 2021. Written submissions were provided to the Government from Mr. Daniel on Feb 25, 2022, Mr. Brady on March 25, 2022, Mr. Corbett on March 21, 2022, and Mr. Sylvester on April 28, 2022. On May 4, 2022, the Government indicated that it had received these submissions, was "in the deliberative process within the U.S. Attorney's Office," and "anticipate that process not taking much more time before a decision is made with respect to D.C. and whether to pursue capital charges." (ECF 1230 at 12-13).

Over 3 months later, on August 31, 2022, the Government indicated that "the recommendations as to those four defendants would be made to main justice in or about October 2022." (ECF 1284 at 10). Around the same time, on August 19, 2022, the Government then invited Mr. Yandell to make a written submission under Title 9-10.080. Mr. Yandell provided his written submission to the Government on December 28, 2022. On March 22, 2023, the Court ordered that the Government to give notice no later than August 23, 2023 of its intent to seek, or not to seek, the death penalty. (ECF 1473).

On July 5, 2023, the Government informed defense counsel during a meet-and-confer that it still had not yet submitted its memorandum regarding the death penalty to the Department of Justice's Capital Case Committee. On August 23, 2023, the Government filed its Motion for Extension of Time. (ECF 1590). Trial is currently scheduled for February 26, 2024.

### III. ARGUMENT

#### A. The Court Has the Clear Authority to Manage its Calendar and to Enforce its Orders

There is universal acceptance in the federal courts that "a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery, and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008). In fact, all "federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136-37 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). See also *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998) ("[d]istrict courts have inherent power to control their dockets."); *United States v. Simpson*, 927 F.2d 1088,

1091 (9th Cir. 1991) ("judges exercise substantial discretion over what happens inside the courtroom."); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) ("District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.")

### B. The Separation of Powers Doctrine Is Not Implicated Here and Does Not Preclude the Court from Exercising its Inherent Authority

The Government spends much of its motion discussing the separation of powers doctrine and its apparent application here to constrain the Court from scheduling a deadline for the Notice of Intent. While we do not contest the importance of the principle of separation of powers, nor the government's broad prosecutorial discretion concerning whether to seek the death penalty, the specific issue before the Court does not create a separation of powers problem and the Court can and should exercise its authority to enforce its properly scheduled deadline.

In its Motion, the Government excerpts substantial portions of *United States v. Sloane*, 969 F. Supp. 2d 830 (E.D. Ky. 2013) and repeatedly cites to *Sloan* to support its argument concerning separation of powers and the court's alleged lack of authority to set a deadline for providing notice. (Motion for Extension of Time, 4:22 – 27; 5:1 – 16; 6: 8 – 12, 28; 7: 1 – 2, 12 – 20). The issue before the court in *Sloan* concerned whether the court could intervene in the scheduling of the defendant's mitigation presentation to the Department of Justice. The court concluded that it did not have the authority to "manage the DOJ's internal processes," because of the separation of powers doctrine, and found that it could not issue a scheduling order concerning the mitigation presentation.

However, the court then went on conclude that it *did* have the clear the authority to set a deadline for the Notice of Intent. Conspicuously absent from the Government's lengthy discussion of *Sloane* in their papers is the following: "While the Court may not constitutionally set the DOJ's internal schedule, it can, however, set a deadline for the Government to file its death notice as Slone requested." *United States*

1 | *v. Slone*, 969 F. Supp. 2d 830, 838 (E.D. Ky. 2013). Continuing, the court also states the following:

> Unlike the presentation of mitigating evidence, then, the timing of the government's death notice directly implicates both the Court's administrative concerns and a defendant's legally guaranteed rights. *A filing deadline is thus well within the Court's inherent power to manage its own proceedings.*

*United States v. Slone*, 969 F. Supp. 2d 830, 838 (E.D. Ky. 2013) (emphasis added).

In fact, contrary to the Government's assertion, the court's authority to set a deadline for providing notice does not appear to be a position taken only in the "minority" of cases (Motion for Extension of Time, 6:14 – 17), but is widespread and seemingly unquestioned.  See e.g., *United States v. Tsarnaev*, No. 13-10200-GAO, 2013 U.S. Dist. LEXIS 152703, at *5 (D. Mass. Oct. 18, 2013) (stating that the court has inherent scheduling authority over its docket, and that the Court may set a date by which the government must file notice); *United States v. Hardrick*, No. 10-202, 2011 U.S. Dist. LEXIS 66657, at *3 (E.D. La. June 22, 2011) (court set a 90-day deadline for government to file notice under 18 U.S.C. § 3593(a)); *United States v. McGill*, No. 09cr2856-IEG, 2010 U.S. Dist. LEXIS 37839, at *13 (S.D. Cal. Apr. 16, 2010) (stating its intent to schedule a date for the defendant to make his mitigation presentation, to be followed by a forthcoming scheduling order setting forth deadline to the government to file its notice under § 3593(a)); *United States v. James*, No. 8:18CR333, 2019 U.S. Dist. LEXIS 57942, at *11-12 (D. Neb. Apr. 4, 2019) ("The Court does find, however, that it can order when the government most notify the Court whether it will be seeking the death penalty. This is an event that affects the progression of the case and is within the Court's authority."); *United States v. Crusius*, No. EP-20-CR-00389-DCG, 2020 U.S. Dist. LEXIS 132901, at *17 (W.D. Tex. July 28, 2020) (Stating that "section 3593(a) grants courts the authority to schedule the deadline for the Notice of Intent to achieve the statute's purpose"); *United States v. Murillo*, No. ED CR 05- 69 (B) VAP, 2007 U.S. Dist. LEXIS 110781, at *12 (C.D. Cal. Sep. 21, 2007) (Ordering government to file its notice of intent pursuant to § 3593(a)); *United States v. Wilk* 366

F. Supp. 2d 1178, 1181 (S.D. Fla. 2005)(Court scheduled the deadline for government to provide notice of its intent); *United States v. Frye*, 372 F.3d 729, 731 (5th Cir. 2004) (recounting, without issue, the district court's ordering of a deadline for the government to file its notice); *United States v. Hernandez*, 265 F. Supp. 3d 639, 639-40 (D. Md. 2017) (In referring to the deadline to provide notice of its intention to seek the death penalty, states that the "Court has the inherent authority to set such a deadline and to enforce it, as it will surely do in this case."); *United States v. Schlesinger*, No. CR-18-02719-001-TUC-RCC (BGM), 2019 U.S. Dist. LEXIS 237171, at *6 (D. Ariz. Sep. 12, 2019) (Setting a deadline by which the government was required to provide notice); *United States v. Wilson*, No. 16-20460, 2021 U.S. Dist. LEXIS 130907, at *4-5 (E.D. Mich. July 14, 2021) ("Although courts cannot enforce the Department's internal policies or direct its prosecutorial decisions, courts possess the inherent ability to manage their own dockets")(citing *Anthony v. BTR Auto. Sealing Sys.*, Inc., 339 F.3d 506, 516 (6th Cir. 2003)).

The scheduling of the Notice of Intent is "an event that affects the progression of the case," *United States v. James*, No. 8:18CR333, 2019 U.S. Dist. LEXIS 57942, at *11-12 (D. Neb. Apr. 4, 2019) and implicates the statutorily recognized right to reasonable notice under 18 U.S.C. § 3593(a), thereby bringing it squarely within the Court's authority. *United States v. Crusius*, No. EP-20-CR-00389-DCG, 2020 U.S. Dist. LEXIS 132901, at *17 (W.D. Tex. July 28, 2020) (Stating that "section 3593(a) grants courts the authority to schedule the deadline for the Notice of Intent to achieve the statute's purpose").

### C. The CJA Guidelines and the Justice Manual Both Include Provisions Relating to Court's Intervention in Scheduling Matters

The Guidelines For The Administration Of The Criminal Justice Act ("CJA Guidelines") provides policies and procedures for the administration and operation of the Criminal Justice Act (CJA). Section 670, Scheduling of Federal Death Penalty

Joint Opposition to Government Motion for Extension of Time

Case Authorization to Control Costs, provides the following guidance concerning scheduling:

> the court should establish a schedule for resolution of whether the government will seek the death penalty… (b) This schedule should include dates for: (1) the submission by the defendant to the U.S. attorney of any reasons why the government should not seek the death penalty; (2) the submission by the U.S. attorney to the appropriate officials of the DOJ of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and (3) filing of a notice under 18 U.S.C. § 3593(a) that the government will seek the death penalty, or notification to the court and the defendant that it will not.

CJA Guidelines (approved at the Judicial Conference's September 18, 2007 session). This makes clear that the Judicial Conference considers it appropriate and a best practice for the court to intervene in scheduling matters related to the death penalty protocol. *United States v. Benavides*, No. CR 06-62-M-DWM, 2008 U.S. Dist. LEXIS 124303, at *6 (D. Mont. Oct. 21, 2008) ("From the perspective of the Judicial Conference of the United States, however, there is no doubt that such authority exists" to set dates involving the death penalty protocol).

Similarly, the United States DOJ Justice Manual also provides guidance for how the government should respond to and comply with scheduling orders related to the death penalty protocol. In describing the contents of the submission the United States Attorney/Assistant United States Attorney is required to make to the Assistant Attorney General for the Criminal Division, the manual provides that the memorandum to the prosecutor "shall include …Any deadline established by the Court for the filing of a notice of intent to seek the death penalty, trial dates, or other time considerations that could affect the timing of the review process should be noted on the first page of the memorandum." Justice Manual, 9-10.080. This guidance to note (and presumably honor) the court's scheduled deadlines seems to demonstrate an acceptance of the Court's ability to set scheduling deadlines.

While these sources do not create independently enforceable rights or imbue the court with additional authority, they do demonstrate that both the Judicial Conference and the Department of Justice anticipate, encourage, and accommodate the court's scheduling of deadlines in connection with the death penalty protocol.

## IV. CONCLUSION

The Government has failed to comply with the Court's deadline to provide Notice of its Intention to Seek or Not Seek the Death Penalty. Because the Court has clear authority to order a deadline for the Notice of Intent, Defendants ask that the Court deny the Government's Motion to Extend the Deadline.

Dated: August 30, 2023

Respectfully submitted on behalf of these defendants,

By   /s/ Naomi L. Svensson
KRESTA NORA DALY
RICHARD G. NOVAK
NAOMI L. SVENSSON
Attorneys for Jason Corbett