JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
john@balazslaw.com

TIMOTHY E. WARRINER, Bar # 166128
Attorney at Law
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 443-7141
tew@warrinerlaw.com

Attorneys for Defendant
BRANT DANIEL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD YANDELL,<br><br>Defendants. | Case No. 2:19-CR-0107-KJM<br><br>**DEFENDANT BRANT DANIEL'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO PRECLUDE DEATH PENALTY (ECF 1603) AND JOINT OPPOSITION TO GOVERNMENT'S MOTON FOR EXTENSION OF TIME TO PROVIDE NOTICE OF ITS INTENT TO SEEK OR NOT SEEK THE DEATH PENALTY (ECF 1602)**<br><br>Date: September 20, 2023<br>Time: 9:00 a.m.<br>Hon. Kimberly J. Mueller |

Defendant Brant Daniel, through counsel, provides this supplemental brief in support of the defendants' joint motion to preclude the death penalty (ECF No. 1603) and joint opposition to government's motion for extension of time to provide notice of its intent to seek or not to seek the death penalty (ECF No. 1602).

The government's motion for extension of time to provide notice of its death penalty authorization decision argues only that the Court had no authority to set the deadline in the first place. ECF No. 1590. In substance, it is a belated motion for reconsideration of the court's order requiring the government to provide notice of its intention to seek or not seek the death penalty by August 23, 2023. ECF No. 1473.[1] The government's motion fails to comply with local rule 430.1(i) for motions for reconsideration. Rather, it simply rehashes its earlier brief as to why a deadline should not be set. *See* ECF No. 921. It provides no grounds warranting reconsideration. The government's motion does not attempt to provide justification as to why it needs an extension as to the death-authorization decision for *any* defendant. Nor was it filed sufficiently in advance of the deadline to permit any consideration before the deadline passed.

In footnote 1 in its motion for extension, the government claims its office is not allowed to disclose information concerning its deliberative process concerning the death penalty, citing U.S. Justice Manual (JM) § 9-10.050. This overstates the scope of confidentiality in that section. Section 9-10.050 provides that some information about the deliberative process is off-limits, such as the local U.S.

---

[1] The Court initially suggested setting a deadline in an order to show cause filed October 25, 2021. ECF No. 910. Before the Court ultimately imposed the deadline at a hearing in March 2023, the government represented that if the Court were to set a deadline, the defense's proposed August 2023 deadline "does make sense and is realistic and practical." ECF No. 1505, at 7. The government also agreed that the Court had all the authority it needed to make a decision as "it's been briefed fairly extensively." *Id.* at 8.

Attorney's recommendation as to seeking the death penalty. *See* JM § 9-10.050(1). But the manual also permits government counsel to disclose other information, such as "scheduling matters or the level at which the decision is pending within the Department during the review process." JM § 9-10.050. Indeed, at the last status conference in July, the prosecutor advised that the U.S. Attorney's Office's death penalty recommendation was still within its office but would be sent to the DOJ soon. *See* ECF No. 1566 (noting that the prosecutor "provided an update as to the status of deliberations related to the capital eligibility of the defendants").

The government also ignores other portions of the Justice Manual, such as the provision requiring that "*[i]n all events,* the United States Attorney or Assistant Attorney General must submit a capital-eligible case for review no fewer than 90 days before the Government is required, by an order of the court, to file a notice that it intends to seek the death penalty." JM § 9-10.060 (emphasis added) (requiring that if a case is not submitted 90 days in advance of the deadline, "the prosecution shall include an explanation of why the [capital review] submission is untimely"); *see also* JM § 9-10.080 (requiring the U.S. Attorney's Office to list any deadlines and trial dates that could affect timing of the review process on the first page of its memorandum to the Capital Case Committee). The DOJ's manual clearly recognizes district courts' authority to set deadlines and seeks to comply with any existing deadlines.

Finally, Mr. Daniel has repeatedly asserted his right to a speedy trial since January 2023, has objected to continuing the trial from March 2023 to February 2024, and has moved to sever after codefendants' request to continue was granted. ECF Nos. 1392, 1505, at 11-15. He has a pending motion to dismiss for violation of his Sixth Amendment right to speedy trial in which he explains, among other things, that he has been prejudiced by the government's delay because he is

detained pending trial in "oppressive pretrial conditions," that is, the solitary housing unit at CSP-Sacramento state prison. ECF No. 1565. He continues to be detained in solitary confinement because he is awaiting trial in this federal criminal case. ECF No. 1565, at 9; ECF No. 1565-2, at 2; ECF No. 1574. Because the government flouted the Court's August 23 deadline without any legitimate justification, the Court should exercise its power to impose sanctions for violation of its orders by barring the government from seeking the death penalty against Mr. Daniel.

## Conclusion

For these reasons and those in defendants' joint briefs, the Court should deny the government's request for an extension and should bar the government from seeking the death penalty.

Dated: August 31, 2023

Respectfully submitted,

/s/ Timothy E. Warriner
TIMOTHY E. WARRINER

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
BRANT DANIEL