PHILLIP A. TALBERT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2751
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JUSTIN PETTY,<br><br>　　　　　　　Defendant. | CASE NO. 2:19-CR-0107 KJM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S SENTENCING OBJECTIONS |

The United States, by and through Assistant United States Attorney Jason Hitt, respectfully submits this sentencing memorandum and response to the objections filed by defendant Justin Petty ("defendant" or "Petty"). ECF 1642 (objections), 1644 (sentencing memo). The United States has no objection to the statement of material facts or sentencing classifications set forth in the PSR, dated September 25, 2023.

**A.  Government's sentencing recommendation – 130 months in prison**

Consistent with the Plea Agreement, the United States recommends that the Court impose a sentence of **130 months in prison** – the low end of the Guidelines range.

Such a sentence is warranted because the "nature and circumstances" of his crimes are significant in that they involve his agreement to "traffic methamphetamine and heroin in California State Prison Sacramento and High Desert for the benefit of the Aryan Brotherhood" by using his

"employment to access delivery items and manipulat[ing] the packaging to smuggle contraband including cell phones, lighters, screwdrivers, saw blades, and drugs into the prison." ECF 1634-1 (PSR, Justification Section, at pages 1–2); *see* 18 U.S.C. § 3553(a)(1). A sentence of 130 months reflects "the seriousness" of Petty's crimes, promotes "respect for the law," and provides "just punishment" for what he did in using his employment to assist a violent criminal enterprise operating within California prisons. *Id.* § 3553(a)(2)(A). A shorter sentence that would lead to Petty's earlier release from prison is inconsistent with § 3553(a) because such a result would not "afford adequate deterrence to criminal conduct" like that committed by Petty or "protect the public from further crimes" by Petty. *Id.* § 3553(a)(2)(B)–(C).

As the Probation Officer aptly notes, Petty's crimes represented a serious threat to the safety and well being of prison employees and inmates.

> Petty's conduct introduced weapons into the prison with the potential of harming or killing other inmates or correctional officers and staff. The Aryan Brotherhood's access to contraband through Petty created the ability for additional crimes to be committed and the seriousness of his conduct cannot be minimized.

ECF 1634-1 (PSR, Justification Section, at page 2).

Petty's sentence is also a function of his substantial criminal history, accumulated over a period spanning 2001 to 2017. PSR ¶¶ 41–60. His felony convictions include manufacture/possess dangerous weapon, PSR ¶ 43, and felon in possession of a firearm, PSR ¶ 48, as well as multiple other felony convictions. While Petty's history of substance abuse may account for some of his convictions, his instant convictions are his most serious: a RICO conspiracy and a criminal agreement to send drugs and dangerous contraband into two different prisons on behalf of a violent criminal enterprise. This escalation in his criminal history is particularly troubling because it occurred while he was in his late 30's and gainfully employed. It thus not clear that substance abuse played any part in his current convictions but it is certain that his criminal conduct dramatically escalated from his previous criminal history. Whatever the cause for his most-recent involvement with the Aryan Brotherhood, Petty's criminal history is substantial. He has amassed 37 criminal history points, more than three times the minimum threshold for category VI, and "he has been incarcerated for almost 20 years with only weeks or a few months between each subsequent incarceration." ECF 1634-1 (PSR, Justification Section, at

page 2). Such a track record suggests a significant likelihood of recidivism upon his release from prison in this case despite his commendable record of seeking to better himself while in pretrial detention.

For these reasons, the United States respectfully recommends that the Court impose a sentence of 130 months in prison.

### B. PSR, Page 2 – The PSR properly calculates the date of Petty's federal arrest

Petty's objection to page 2 of the PSR accurately reporting the date of his federal arrest should be overruled. ECF 1642, at 1. Petty concedes that the "probation report correctly lists the date of arrest of August 8, 2019." ECF 1642, at 1. This concession matches the discussion in PSR ¶ 19 which states, in part: "On August 8, 2019, Petty was arrested by the United States Marshals in the Central District of California while Petty was incarcerated in jail and serving an unrelated sentence under Los Angeles County Superior Court, Docket Number KA116427, VA145909, and VA145053." PSR ¶ 19. By statute, the date of Petty's federal arrest is used to calculate his time in federal custody. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."). Petty's objection asks the Court to use the date when the arrest warrant was issued by the Magistrate Judge on the Criminal Complaint. This request is not consistent with federal law and would result in a significant, unearned windfall of credit. For these reasons, Petty's objection to the date of his federal arrest should be overruled and remain undisturbed.

### C. PSR ¶¶ 26, 37 – Proper calculation of the base offense level

Petty objects to the base offense level calculation in PSR ¶ 26 (and, by extension, PSR ¶ 37) based upon the Court's policy disagreement with the methamphetamine (actual) guideline. ECF 1642, at 2; *see United States v. Carrillo*, 440 F. Supp. 3d 1148, 1157 (E.D. Cal. 2020) ("[T]he court declares a policy disagreement with the methamphetamine Guidelines."). The Supreme Court recognizes a district court's authority to categorically reject and vary from a Guidelines range based upon a policy disagreement. *Spears v. United States*, 555 U.S. 261, 262 (2009). Thus, there is no disputing the Court's authority declare a policy disagreement with the methamphetamine guideline and vary

downward from it in Petty's case. However, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" and correctly-calculated "Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007) (citation omitted). Thus, in this case, the Court should first find that PSR ¶ 26 correctly calculates the applicable Guidelines range in Petty's case by finding that the base offense level is 30 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(5) because "Petty was involved in distributing approximately 64.4 grams actual methamphetamine and 155.75 grams of heroin to inmates" and the "converted drug weight is 1,443.75 kilogram[s]" of marijuana. PSR ¶ 26.

### D. PSR ¶¶ 58–59 – Objection to non-finding of career offender status

Petty objects to the Probation Officer finding that he does not score as a career offender. ECF 1642, at 2. This objection is not properly before the Court because there is no relief requested under Rule 32 of the Federal Rules of Criminal Procedure. As the Probation Officer explained in response to the informal objection, Petty "was not determined to be a career offender pursuant to USSG §4B1.1, this objection is moot, and no changes were made to the PSR." ECF 1634-3, at pages 1–2 (Responses to informal objections). Because Petty's objection is moot, it should be denied as an improper objection under Rule 32.

### E. PSR ¶ 93 – Clarification on employment status

The government has no additional information to provide on Petty's objection/clarification to the material contained in PSR ¶ 93.

### F. PSR, page 4 – Institutional recommendation

The government has no objection to Petty's request for a recommendation to be placed in an institution located in Colorado so long as such a recommendation is consistent with space availability and security classifications.

Dated: October 11, 2023

PHILLIP A. TALBERT
United States Attorney

/s/*Jason Hitt*
JASON HITT
Assistant United States Attorney