Rene L. Valladares
Federal Public Defender
Brad D. Levenson
Assistant Federal Public Defender
California State Bar No. 166073
Email: brad_levenson@fd.org
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>RONALD YANDELL, ET AL.,<br><br>         Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**Response in Opposition to United States' Motion for Pretrial Finding of Conspiracy for Purposes of Rule 801(d)(2)(E) (ECF No. 1699)** |

Ronald Yandell, William Sylvester, Brant Daniel, Pat Brady and Jason Corbett (collectively, Defendants), by and through their respective counsel, oppose the government's Motion for Pretrial Finding of the Existence of a Conspiracy for Purposes of Rule 801(d)(2)(E). ECF No. 1699. This Opposition is based on the points and authorities herein.

I.     **Introduction and Procedural Background**

Defendants, along with additional codefendants, are charged by superseding indictment with various counts related to RICO conspiracy, conspiracy to commit murder and murder, and conspiracy to distribute and distribution of controlled substances. *See generally* ECF No. 1375.

In October of 2022, Defendants moved this Court for an order compelling the government to identify all statements that it may seek to introduce at trial pursuant to the co-conspirator exemption from the hearsay rule, Fed. R. Evid. 801(d)(2)(E), and proffer the basis for the claimed admissibility of such statements. ECF No. 1318. Defendants explained that, due to the nature of the charges and the voluminous discovery, they could not be expected to discern which statements the government would seek to offer at trial and pretrial identification of such statements was necessary for effective preparation, challenges, and to minimize trial delay. ECF No. 1318[1]; *see also* ECF No. 1334 (government opposition), 1339 (Defendants' joint reply). This Court denied the motion. ECF No. 1444.

The government now moves this Court for a pretrial determination that the Aryan Brotherhood constitutes a joint venture or conspiracy writ large for purposes of Rule 801(d)(2)(E). ECF No. 1699. But the government seeks a ruling far too broad—with a scope as expansive as the government urges, such a finding would extend beyond charged conduct to uncharged, and beyond charged members to associates or other witnesses. Effectively encompassing every statement made by anyone in this case, the government's request would render Rule 801(d)(2)(E) irrelevant. This Court should deny the government's motion.

---

[1] As of September of 2022, the government had provided defense counsel with 101,985 pages of documents, over 622 hours of audio recordings, over 146 hours of video footage, 6,178 location data coordinates, wiretap interceptions from three target telephones, and forensic reports for eight mobile devices. ECF No. 1318 at 4.

Since September 2022, the government has produced thousands of additional pages of documents and dozens of hours of additional audio recordings.

## II. Argument

"[P]resumptively unreliable," hearsay statements are generally inadmissible at trial, unless falling within a carefully prescribed exception or exemption. *Lee v. Illinois*, 476 U.S. 530, 543 (1986); Fed. R. Evid. 802. While the Federal Rules of Evidence exempt statements made by co-conspirators, such statements are only "admissible against a defendant if the government shows by a preponderance of the evidence that: (1) a conspiracy existed at the time the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy." *United States v. Alahmedalabdaloklah*, 76 F.4th 1183, 1235 (9th Cir. 2023) (citation and internal quotation marks omitted); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"It has been long-established that a judge must make the initial determination about the existence of a conspiracy that would allow for the admission of co-conspirator statements." *United States v. Scott*, 642 F.3d 791, 798 (9th Cir. 2011). Here, the government asks this Court to make this determination pretrial[2] and broadly find (1) "that the Aryan Brotherhood writ large operated as a conspiracy for purposes of Rule 801(d)(2)(E)," ECF No. 1699 at 6, and (2) that "because each of these defendants was a member of that conspiracy, any statements that their fellow Aryan Brotherhood conspirators made in furtherance of the conspiracy are admissible against all defendants," ECF No. 1699 at 16.

Defendants object to a pretrial determination that a conspiracy exists that would allow for admission of co-conspirator statements. As to *charged* conduct, Defendants urge the Court to await the statement itself (as it ruled in response to the previous defense motion).

---

[2] The Ninth Circuit entrusts this Court with the discretion to make such determination at the appropriate time—whether pretrial or during trial. *United States v. Zemek*, 634 F.2d 1159, 1169 n.13 (9th Cir. 1980). For the reasons discussed herein, this Court should, in its discretion, decline to determine admissibility at this juncture, given the government's failure to satisfy Rule 801(d)(2)(E)'s requirements.

As to *uncharged* conduct,[3] and/or statements of alleged (but uncharged) associates or other witnesses, the government's request is both overbroad and premature.

Accordingly, this Court should deny the government's motion.

### A. The government's request is overbroad.

"A conspiracy is defined as a combination of two or more persons to accomplish some unlawful purpose, or some lawful purpose by unlawful means." *United States v. Rosales*, 584 F.2d 870, 873 (9th Cir. 1978) (citation omitted). "Due to the breadth with which Rule 801(d)(2)(E) can sweep [co-conspirator] statements into evidence, the requirement that an agreement existed to achieve some end provides an important limiting principle." *United States v. Musaibli*, 42 F.4th 603, 618 (6th Cir. 2022). Indeed, "even in the context of organized crime, there is a limit to the proper use of Rule 801(d)(2)(E) to admit coconspirator testimony." *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999) (holding "[t]he district court in each instance must find the existence of a specific criminal conspiracy beyond the general existence of the Mafia"). Rule 801(d)(2)(E) thus requires the government show "a 'unity of interests,' not just analogous identities" among alleged co-conspirators, lest the conspiracy "be defined at such a general level—'organized crime' or 'terrorism' or just 'breaking the law'—to include statements that shared no other purpose than the one superimposed on them after the fact by prosecutors." *Musaibli*, 42 F.4th at 618.

---

[3] On November 6, 2023, the government provided counsel with a letter noticing its "intent to introduce evidence pursuant to Rule 404(b)." This *sixteen page* letter provides notice of dozens of uncharged events and episodes. To illustrate the extraordinary scope of the government's FRE 404(b) plans, the first event listed in this notice allegedly took place *twenty-seven years ago*.

The government's remarkable FRE 404(b) ambitions will likely double the projected length of the trial. FRE 404(b) will obviously be the subject of vigorous litigation from the defense.

For the purpose of the present FRE 801(d)(2)(E) analysis, the radical expansion of the conspiracy scope by virtue of the government's 404(b) notice renders the government's "conspiracy writ large" request an evidentiary blank check. It is impossible for this Court to rule pretrial on the government's FRE 801(d)(2)(E) "writ large" request before it has even seen the expansive FRE 404(b) notice and the conspiratorial universe that notice purports to create.

4

As noted previously, the government's present FRE 801(d)(2)(E) motion cannot be addressed before the Court fully understands -- and rules upon -- the government's radical FRE 404(b) ambitions for trial. For example, the government's first noticed 404(b) act is an assault allegedly committed by Mr. Yandell at the ADX Prison in Colorado *in 1996*: twenty-seven years ago. The government's casual "writ large" request in the present motion would allow the government to completely avoid the FRE 801(d)(2)(E) "furtherance" requirements for this 404(b) **1996** event.

In seeking pretrial to have this Court label the Aryan Brotherhood a conspiracy "writ large" and hold broad categories of as-yet unidentified statements admissible, the government runs afoul of the "important limiting principle," *Musaibli*, 42 F.4th at 618, baked into Rule 801(d)(2)(E). The government's expansive proposal would, if followed, encompass virtually any statement made by anyone in the case *over three decades*, rendering Rule 801(d)(2)(E) irrelevant. The government's request is overbroad.

### B. The government's request is premature.

It is ironic that the government (successfully) fought the defense motion for pretrial identification of FRE 801(d)(2)(E) statements, yet now seeks a pretrial "writ large" finding under the same rule. At the government's request this Court refused to make pretrial 801(d)(2)(E) findings for the defense: it should now similarly refuse to make pretrial "writ large" findings for the government.

In its motion the government does not argue any particular statement is admissible under Rule 801(d)(2)(E), ECF No. 1699 at 16 ("the United States does not ask the Court to rule that any specific statements are in furtherance of the conspiracy"), but instead asks this Court to sanction broad categories of statements without identifying the scope of conspiracy, declarant, or time of declaration, ECF No. 1699 at 16–17. Indeed, "it is often difficult to ascertain when a conspiracy begins and ends." *United States v. Smith*, 790 F.2d 789, 794 (9th Cir. 1986). And it is also important to delineate "the existence of a single conspiracy, as

1   distinguished from multiple conspiracies." *Id.* at 795. Having failed to clarify the scope and
2   timing of the conspiracy or statements, the government's request here is premature. Rather,
3   the government should make the necessary three-part showing under Rule 801(d)(2)(E), *see*
4   *Alahmedalabdaloklah*, 76 F.4th at 1235 (outlining requirements for admissibility), when
5   offering the statement into evidence. This determination when the statement is offered is
6   consistent with the Court's previous FRE 801(d)(2)(E) ruling, and will permit the Court to
7   make the necessary individualized determination of admissibility.

8         Defendants do not seek to relitigate their request to compel identification of
9   801(d)(2)(E) statements that the government intends to use at trial: the Court has squarely
10  denied that request. Because this Court has determined that pretrial identification of specific
11  statements was not warranted, ECF No. 1444, the Court should also wait to decide the
12  conspiracy component for as-yet-unidentified co-conspirator statements until the government
13  has made the proper, individualized showing necessary under Rule 801(d)(2)(E).

14        The government's request is premature.

### III. Conclusion

This Court should deny the government's Motion for Pretrial Finding of Conspiracy for Purposes of Rule 801(d)(2)(E). ECF No. 1699.

Dated: December 6, 2023.

        Respectfully submitted,

        Rene L. Valladares
        Federal Public Defender

        */s/ Brad D. Levenson*
        BRAD D. LEVENSON
        Assistant Federal Public Defender

        Kalar Law Office

        */s/ Steven Kalar*
        STEVEN G. KALAR

        */s/ Brian Pugh*
        BRIAN PUGH
        Assistant Federal Public Defender