Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
PO Box F
Winters, CA 95694
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Richard G. Novak, SBN 149303
Naomi Svensson, SBN 251660
**Law Offices of Richard G. Novak**
PO Box 5549
Berkeley, CA 94705
Telephone: (626) 578-1175
Facsimile: (626) 685-2562
Email: richard@rgnlaw.com

Attorneys for Defendant
JASON CORBETT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JASON CORBETT,<br><br>   Defendants. | Case No. 2:19-CR-00107-KJM<br><br>**JASON CORBETT'S REPLY TO THE GOVERNMENT"S OPPOSITION TO COBRETT'S MOTION TO COMPEL DISCOVERY** |

**I.  Previously Produced Discovery**

The government does not dispute that the defense cannot understand previously produced discovery.  Instead, the government argues two points: one, that the defense is not entitled to this information and two, the government does not have possession of the information as defined under the law.  Both arguments fail.

1  The materiality of this information was adjudicated. The government essentially asks this
2  Court to reverse its prior ruling but provides no specific reasons why the Court should do so. The
3  government generally seems to argue that the fact that the death penalty is no longer as issue
4  somehow renders moot Mr. Corbett's discovery requests. Mr. Corbett remains charged with the
5  murder of Donald Pequeen, the murder of Douglas Maynard, a conspiracy to murder Paul Diaz, and a
6  drug charge. In November 2023 the government provided the defense with notice pursuant to
7  Federal Rule of Evidence 404(b) which lists additional areas Mr. Corbett must defend. Removing the
8  threat of the death penalty did not change the charges or accusations Mr. Corbett is required to
9  defend.

Mr. Corbett notes that when he initially sought clarification of the redacted documents the government did not object, the government agreed to try and assist with understanding these heavily redacted documents. It was only once the government attempted this task and discovered the documents are so heavily redacted that it was next to impossible that the government informed the defense they couldn't help. The government's objections only arose once the defense filed a motion to compel production.

The government argues the information Mr. Corbett seeks inculpates him. The government made similar arguments in its opposition to Mr. Corbett's first discovery motion. When this motion was first argued the defense made an offer of proof *in camera* to the court. That offer of proof satisfied this Court that the discovery sought is material and discoverable. The government offers no new information or law to counter this Court's previous findings. The Court should not change its ruling.

Next the government argues they do not have possession of the items sought. This Court has already ruled on that issue. The Court's ruling, in relevant part, reads:

> The court now turns to the dispute before it. While knowledge and access are presumed where an agency participates in the investigation of the defendant, *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019), such knowledge and access is necessarily limited to materials that come within the scope of that investigation. The fact that CDCR has participated in the investigation of the RICO conspiracy charged in this case does not bring any and all CDCR records of interest to the defense within the government's constructive possession for Rule 16 purposes; discoverability is limited by the scope of CDCR's involvement in the investigation.
> Here, the court finds that the United States has knowledge and access to, and thus constructive possession of, documents and tangible things generated by or gathered from

any source (including non-defendant inmate files and internal records that predate the investigation) by CDCR as part of its response to the investigation of this case. The Heckler declaration is consistent with this conclusion, as it acknowledges that information "directly related to the investigation" is freely shared with federal authorities without the need for a subpoena. Accordingly, documents and materials generated or gathered by CDCR as part of its response to the investigation of this case will be deemed to be in the possession of the United States whether or not they are in the physical custody of the prosecutors. The court finds, however, that CDCR records and materials that have neither been provided to the United States (with or without subpoena), nor identified by CDCR as related to the investigation into the federally-charged offenses, are not within the possession, custody or control of the government within the meaning of Rule 16.

Dkt. 1434, 5:20 – 6:14.

This Court previously found that the items the defense seeks falls within this definition. The information sought falls within the scope of CDCR's investigation. The assertion by the government that they would somehow need to subpoena this information is contradicted by California Department of Justice counsel Heather Heckler who stated information related to this investigation is provided to the government upon request.

II. The Non-Existent Maynard Video

The defense accepts and will rely on the government's statement that the video never existed[1].

III. Discovery Request #30

The defense is not required to share its theory of the case with the government. The defense has new information and asks the Court for the opportunity to share that new information because the defense believes the evidence sufficient to persuade this Court to change its prior ruling.

IV. Conclusion

For the foregoing reasons Mr. Corbett respectfully requests this Court:

- Order the government to reproduce AB_Jencks_00004032 through AB_Jencks_00002386 in an unredacted form,
- Provide the defense with an *in camera* hearing to provide new information regarding discovery request #30 and reconsider the Court's denial of the defense discovery request based on new evidence.

---

[1] Mr. Corbett was unaware the government acknowledged the video never existed in response to a motion filed by Mr. Yandell.

Dated: December 9, 2023

By     s/ Kresta Daly
KRESTA NORA DALY and RICHARD NOVAK
Attorneys for Jason Corbett