PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, ET AL.,<br><br>Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>UNITED STATES' REPLY TO OPPOSITION TO MOTION FOR PRETRIAL FINDING OF THE EXISTENCE OF A CONSPIRACY FOR PURPOSES OF RULE 801(d)(2)(E)<br><br>DATE: December 20, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

## I.  INTRODUCTION

In opposition to the United States' motion for a pretrial finding of the existence of a conspiracy for purposes of Rule 801(d)(2)(E), the defendants claim that the United States' motion is overbroad and premature. *See generally* Resp. in Opp'n to Mot. for Pretrial Finding of Conspiracy, ECF No. 1724 (hereafter "Opp'n"). But neither argument has merit.

First, the cases that the defendants cite for the proposition that the United States' request is overbroad actually demonstrate that, in fact, the Court can, and should, find that the Aryan Brotherhood operated as a conspiracy under Rule 801(d)(2)(E) because its members and associates had a unity of interests and common purposes. Indeed, in direct contradiction of the defendants' complaints about the of the breadth of the United States' proposed conspiracy, one of the cases the defendants rely on held that all individuals providing support to ISIS qualified as a conspiracy under Rule 801(d)(2)(E). *United States v. Musaibli*, 42 F.4th 603, 618 (6th Cir. 2022). If all of ISIS is a conspiracy under Rule

801(d)(2)(E), the much-smaller group of Aryan Brotherhood members and associates in this case easily qualifies as a conspiracy under Rule 801(d)(2)(E).

Second, the United States' motion is not premature and there is no need for the Court to wait until trial to make this ruling. Unlike the defendants' prior co-conspirator motion—which sought specific, individualized pretrial rulings on the admissibility of dozens, if not hundreds, of co-conspirator statements—the United States seeks only a single finding that the Aryan Brotherhood is a conspiracy, a finding the Court can easily make based on extensive evidence already in the record. This finding is ripe for pretrial decision, and it will streamline trial and avoid midtrial delays.

Finally, the defendants' citation to the United States' Rule 404(b) Notice is a non sequitur. The admissibility of prior acts under Rule 404(b) has nothing to do with the question before this Court—whether the Aryan Brotherhood was a conspiracy under Rule 801(d)(2)(E). The defendants provide no legal authority for their strange argument that until this Court reviews the Rule 404(b) Notice, it cannot find that the Aryan Brotherhood is a conspiracy based on sworn admissions. And this argument simply defies common sense.

## II. DISCUSSION

### A. The cases the defendants cite show that the Court can—and should—find that the Aryan Brotherhood was a conspiracy for purposes of Rule 801(d)(2)(E).

In opposition to the United States' motion, the defendants rely on *Musaibli*, 42 F.4th at 618, and *United States v. Gigante*, 166 F.3d 75, 82–83 (2d Cir. 1999), to argue that the United States' motion is overbroad. Opp'n at 4, ECF No. 1724. But, in fact, these cases prove the opposite. Under *Musaibli* and *Gigante*, the Court can—and should—find that the Aryan Brotherhood writ large was a conspiracy for purposes of Rule 801(d)(2)(E), because its members had "unity of interests" and common purposes, and they communicated with each other to discuss and further these common purposes. *Musaibli*, 42 F.4th at 618.

Notably, the circuit courts in both *Musaibli* and *Gigante* approved conspiracies *broader* than the conspiracy the United States asks the Court to find existed in this case. For example, in *Musaibli*, the Sixth Circuit reversed the district court and held that a conspiracy existed for purposes of Rule 801(d)(2)(E) among all individuals "providing ISIS with material support and resources in the form of

personnel and services." 42 F.4th at 618. Similarly, in *Gigante*, though the Second Circuit noted that Rule 801(d)(2)(E) required "the existence of a specific criminal conspiracy beyond the mere existence of the Mafia," it then explained that the district court properly admitted statements from multiple different Mafia crime families that coordinated to commit murders. 166 F.3d at 82–83 ("The conspiratorial ingenuity of La Cosa Nostra expands the normal boundaries of a criminal enterprise, and Rule 801(d)(2)(E) must expand accordingly to encompass the full extent of the conspiracy.").

The facts of *Gigante* reinforce the broad reach of Rule 801(d)(2)(E) in RICO cases like this one. Specifically, in *Gigante*, the Second Circuit held that the district court properly admitted against Gigante—the Mafia boss—testimony of a cooperating witness who was told by a fellow co-conspirator that Gigante was aware of and approved two murders. *Id.* at 83. It did not matter to the Second Circuit that that there was no independent evidence beyond the co-conspirator statements that Gigante approved these murders, because there was "substantial corroborating evidence" that Gigante was the boss of the Mafia family, that the Mafia family was involved in the conspiracies to murder, and that Gigante, "as boss, was necessarily involved in these conspiracies." *Id.*

These cases make sense, because, as the United States explained in its motion, the scope of a conspiracy under Rule 801(d)(2)(E) is broader than the scope of a criminal conspiracy. *See* Mot. at 15 n.2, ECF No. 1699; *see also Musaibli*, 42 F.4th at 615 ("[W]e have repeatedly stressed that the alleged conspiracy need not be the same as the one charged. In fact, there need not even be a conspiracy charge in the case for Rule 801(d)(2)(E) to apply.") (citations omitted). The rationale for this rule is that the definition of a "conspiracy" under Rule 801(d)(2)(E) is rooted in common law principles of agency—not criminal law[1]—under which persons who "associate themselves together in the prosecution of a

---

[1] For this reason, cases discussing the standard for a *criminal* conspiracy or a "multiple conspiracies" defense—such as *United States v. Rosales*, 584 F.2d 870, 873 (9th Cir. 1978), and *United States v. Smith*, 790 F.2d 789, 794 (9th Cir. 1986)—do not help the defendants, because these cases apply a narrower definition of conspiracy that does not apply in the context of Rule 801(d)(2)(E). *See* Opp'n, at 4–6, ECF No. 1742 (citing these cases). Nor is their distinction between charged and uncharged conduct relevant under the Rule 801(d)(2)(E) analysis, Opp'n at 3–4, ECF No. 1724, because co-conspirator statements may encompass both charged and uncharged conduct. *See, e.g.*, *Musaibli*, 42 F.4th at 619 (holding that statements of uncharged ISIS bureaucrats identifying the defendant as an ISIS member were admissible co-conspirator statements). Unsurprisingly, the defendants cite no case in support of their argument statements of uncharged conspirators or relating to uncharged conduct cannot qualify as co-conspirator statements.

common plan or enterprise" become a partnership "so that the act or declaration of one, in furtherance of the common object, is the act of all, and is admissible as primary and original evidence against them." *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 249 (1917); *see also Musaibli*, 42 F.4th at 617.

To determine "whether a conspiracy existed under Rule 801(d)(2)(E), '[t]he key is coordinated action.'" *Musaibli*, 42 F.4th at 615 (quoting 30B Charles Alan Wright & Jeffrey Bellin, Federal Practice and Procedure § 6778 (2022 ed.)). "Statements made in furtherance of a large conspiracy are no more outside the bounds of Rule 801(d)(2)(E) than ones made in service of a small conspiracy," and therefore "large conspiracies will necessarily encompass a greater number of statements under Rule 801(d)(2)(E)." *Id.* Although this rule is broad, it is the "unity of interest" and "common objective[s]" of the co-conspirators that set a boundary to the scope of a conspiracy under Rule 801(d)(2)(E). *Musaibli*, 42 F.4th at 618.

Under *Musaibli* and *Gigante*, the Aryan Brotherhood writ large is a conspiracy for purposes of Rule 801(d)(2)(E), because it had a "unity of interest" and "common objectives." *Id.* Special Agent Nehring's sworn affidavit explains the shared interest and common objectives of these Aryan Brotherhood members and associates: (1) controlling illegal activities in the California prison system, (2) enriching its members and associates, (3) enhancing the power of the Aryan Brotherhood through violence, and (4) using violence to keep others in fear of the Aryan Brotherhood. *See* Nehring Aff. at 20, ECF No. 1. The Superseding Indictment also echoes these same common purposes. *See* Superseding Indictment at 5, ECF No. 1375. And the affidavit and the several sworn factual bases give specific examples of the defendants in this case and their associates discussing and committing crimes in furtherance of these common purposes. *See* Mot. at 2–4, ECF No. 1699 (providing examples of these defendants discussing and committing crimes in furtherance of the common purposes of the Aryan Brotherhood).

Given this legal landscape, the defendants' complaints about the broad scope of the United States's motion are unfounded, because, as *Musaibli* teaches, Rule 801(d)(2)(E) itself is intended to be broad enough to encompass the Aryan Brotherhood writ large in this case, a gang with shared goals and a common purpose.

The scope of this conspiracy is not boundless. Rather, the goals of the Aryan Brotherhood—as

defined in the criminal complaint and the indictment—set "a clear boundary to the plot." *Musaibli*, 42 F.3d at 618. For instance, statements made by co-conspirators who had withdrawn from the Aryan Brotherhood, therefore, would not qualify as co-conspirator statements because they would not further the goals of the Aryan Brotherhood. Nor would statements made by Aryan Brotherhood members offering to commit crimes for other gangs that did not further the goals of the Aryan Brotherhood. *See id.* (providing these two examples).

But statements by Aryan Brotherhood members and associates about committing murders and assaults, smuggling drugs into prison to benefit the Aryan Brotherhood, selling drugs, and controlling the prison system would all "fit comfortably within the alleged conspiracy's scope." *Id.* If "all persons providing support and resources to ISIS" qualifies as a conspiracy for Rule 801(d)(2)(E), *id.* at 618, so too does the much narrower group of Aryan Brotherhood members and associates charged in this case.

> **B. This Court should, at a minimum, find that there is sufficient evidence already in the record to establish by a preponderance of the evidence that the Aryan Brotherhood as defined in the complaint affidavit and the Superseding Indictment was a conspiracy for purposes of Rule 801(d)(2)(E).**

In their motion, the defendants complain about the scope of the Aryan Brotherhood conspiracy and claim that the United States' request would "encompass virtually any statement made by anyone in the case *over three decades*, rendering Rule 801(d)(2)(E) irrelevant." Opp'n at 5, ECF No. 1724. This is wrong. To be clear, the United States is not asking the Court to find that any statement made by any Aryan Brotherhood member or associate since 1996 is a co-conspirator statement.

Rather, the United States is asking the Court to find—based on the ample evidence already in the record—that the defendants charged in this case and their associates in the Aryan Brotherhood operated as a conspiracy for purposes of Rule 801(d)(2)(E). The evidence from the criminal complaint and the sworn factual bases themselves provide important limitations to the scope of the conspiracy: the conspiracy is limited to the Aryan Brotherhood and its associates in California; it is limited to the time frame that the evidence shows these individuals worked together in furtherance of the goals of the conspiracy; and it is limited to Aryan Brotherhood members and associates who acted and communicated in furtherance of the specific goals of the Aryan Brotherhood, as discussed above. The complaint affidavit and the plea agreements therefore provide a meaningful limitation to the scope of the

United States' motion and undermine the defendants' hyperbolic claims that the United States seeks to introduce co-conspirator statements from the 1990s. *See Musaibli*, 42 F.4th at 615 ("Given that the standard of proof for determining whether a conspiracy existed under Rule 801(d)(2)(E) is the less onerous preponderance-of-the-evidence standard, Musaibli's indictment provides an intuitive set of boundaries defining the conspiracy's scope.").

From this evidence, the Court can easily make a pretrial finding by a preponderance of the evidence that the following individuals were members of the Aryan Brotherhood conspiracy for purposes of Rule 801(d)(2)(E): the charged defendants (Ronald Yandell, William Sylvester, Daniel Troxell, Travis Burhop, Brant Daniel, Donald Mazza, Pat Brady, Jason Corbett, Matthew Hall, Samuel Keeton, Michael Torres, Jeanna Quesenberry, Kevin MacNamara, Kristen Demar, Justin Petty, and Kathleen Nolan), Nicholas Perez (who has pleaded guilty), and other Aryan Brotherhood members and associates with whom these defendants committed crimes, all of whom are referenced in the complaint affidavit (CW-1, CW-2, David Chance, Leonard Dunning, Elliot "Rascal" Grizzle, Kenneth "Kenwood" Johnson, Waylon Pitchford, Bobby Stockton, and Jayson "Beaver" Weaver).

The defendants' opposition is silent in response to the overwhelming evidentiary record presented in the government motion. As a result, there is no dispute that the record before the Court establishes by a preponderance of evidence that the defendants participated in the Aryan Brotherhood conspiracy, at least for purposes of Rule 801(d)(2)(E). The Court should therefore grant the United States' motion.

C. **Unlike the defendants' prior request for individual pretrial rulings on dozens of co-conspirator statements, the United States' current request for the Court to find that the Aryan Brotherhood was a conspiracy is simple, straightforward, and supported by the record.**

The defendants next argue that the United States' motion is "premature," and ask the Court to wait until trial to determine whether the Aryan Brotherhood constituted a conspiracy for purposes of Rule 801(d)(2)(E). Opp'n at 5, ECF No. 1724. The defendants note that the United States previously opposed—and the Court denied—the defendants' motion for the United States to specifically identify each of the dozens of co-conspirator statements it sought to introduce at trial so the Court could separately rule on the admissibility of each in advance of trial. Opp'n at 5–6, ECF No. 1724. They urge

1   the Court to also wait until trial to decide whether the Aryan Brotherhood was a conspiracy for purposes
2   of Rule 801(d)(2)(E). Opp'n at 5–6, ECF No. 1724.

3         But this argument is one of false equivalence. The prior defense motion would have required
4   complex, significant and extensive pretrial litigation, and it would have led to duplicated efforts at trial.
5   By contrast, the United States' motion seeks a simple ruling based on evidence already in the record.
6   Indeed, when it denied the defendants' prior motion, the Court noted the "costs" of the defendant's
7   proposed pretrial procedure, highlighting that the defense was asking the Court to order the United
8   States to disclose "the declarant, the approximate date of the statement, the statement or a summary of
9   the statement, if appropriate, the pertinent event, the source or witness, and an explanation for the
10  admissibility of each statement under the co-conspirator exception and any additional grounds for
11  admissibility." Order at 9, ECF No. 1444 (quoting Def. Mot. for Disclosure of Co-Conspirator
12  Statements at 4, ECF No. 1318). The Court explained that this complex "pretrial procedure focused on
13  co-conspirators' statements [was] unlikely to be a useful or reliable way to determine whether those
14  statements are admissible." Order at 9, ECF No. 1444. Contrary to defendants' claims, when the
15  government filed its opposition, it specifically briefed and requested that the Court to make the finding
16  of a conspiracy that is the renewed focus of the present motion. *See* U.S. Opp'n to Mot. for Disclosure
17  of Co-Conspirator Statements at 6–15, ECF No. 1334.

18        Here, a pretrial ruling would be straightforward. The United States is not asking the Court to rule
19  on the admissibility of dozens—if not hundreds—of specific statements and make a difficult, context-
20  specific finding that will require significant duplication of efforts. Rather, it is asking the Court to make
21  one single ruling based on the evidence already available to the Court:  that the Aryan Brotherhood was
22  a conspiracy. Indeed, in its prior order, the Court indicated that it was not "rul[ing] out the possibility"
23  that the United States could make this pretrial showing. *See* Order at 9, ECF No. 1444 ("With so much
24  evidence of a conspiracy already on the public record and in the defendants' possession, it seems
25  unlikely the jury will hear evidence that should not have been admitted under the hearsay exception.").

26        Not only is this pretrial ruling straightforward, but it would also streamline trial and avoid trial
27  delays from the defendants seeking to challenge the scope of the conspiracy in the middle of trial. If the
28  defendants believe there are certain statements that fall outside the scope of the conspiracy, they can

United States' Reply to Opposition to Motion
for Pretrial Finding of Conspiracy for
Purposes of Rule 801(d)(2)(E)

7

"target particular statements in motions *in limine*." Order at 9, ECF No. 1444. But given the extensive evidence already in the record, there is no reason and no benefit to delaying ruling on the broader question of whether the Aryan Brotherhood was a conspiracy under Rule 801(d)(2)(E).

### D.  The United States' 404(b) Notice has nothing to do with this motion.

Finally, the defendants note that the United States provided a lengthy Rule 404(b) Notice. In a strange passage in their brief, they argue that because of this Rule 404(b) Notice, the Court cannot rule on the current motion until it "fully understands" and "rules upon" the 404(b) Notice. Opp'n at 5, ECF No. 1724.

But the 404(b) Notice has nothing to do with this motion, because the *admissibility* of prior acts under Rule 404(b) is an entirely different question than the *evidence* that would be used to prove prior acts. If the Court rules, for instance, that prior 404(b) acts are admissible, it does not follow that the United States would then have an "evidentiary blank check" to use hearsay to prove these prior acts, as the defendants incorrectly claim. *See* Opp'n at 4 n.3, ECF No. 1724. To the contrary, if, for example, the Court rules that Ronald Yandell's 1996 assault is admissible under Rule 404(b), the United States will prove that Yandell committed the assault by calling witnesses who watched the assault happen, or by introducing Yandell's statements describing the prior assault.

The United States is not asking this Court to broaden the scope of the Aryan Brotherhood conspiracy under Rule 801(d)(2)(E) to enable it to use co-conspirator statements to prove prior acts under Rule 404(b). Rather, it is the evidence already in the record that defines the scope of the conspiracy—evidence that proves by a preponderance that since at least 2011 the Aryan Brotherhood operated as a conspiracy for purposes of Rule 801(d)(2)(E) with shared goals and common objectives.

It is unclear why the defendants have conflated these the plainly distinct issues of Rule 404(b) evidence and basic foundational facts of a conspiracy under Rule 801. They offer no legal support for their argument that the Court must rule on the 404(b) notice before it rules on the admissibility of co-conspirator statements, and such a rule would make little sense because it would put "other acts" evidence ahead of determining the core of the charged conspiracy. The defendants' complaints about the Rule 404(b) Notice will no doubt be litigated at some point later. But these complaints have no bearing on the question before the Court now.

### III.  CONCLUSION

The United States respectfully requests that the Court to make a pretrial finding that the Aryan Brotherhood was a conspiracy for purposes of Rule 801(d)(2)(E).

Dated: December 13, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROSS PEARSON
ROSS PEARSON
Assistant United States Attorney