PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00107-KJM |
| Plaintiff, | UNITED STATES' OPPOSITION TO MOTION TO CONTINUE TRIAL OR BIFURCATE PREDICATE ACTS |
| v. | |
| RONALD YANDELL, BILLY SYLVESTER, and DANNY TROXELL, | [ECF 1823] |
| Defendants. | DATE: January 31, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

Defendants Ronald Yandell and William Sylvester filed a motion *in limine*, in which they seek to exclude evidence of the murders of Donald Pequeen and Zachary Scott, two predicate acts charged in the Superseding Indictment.[1] ECF 1823. Alternatively, Yandell and Sylvester ask this Court to continue trial, or to hold two separate, "bifurcated" trials: one trial for the Pequeen and Scott murders and a separate trial for all remaining acts. ECF 1823 at 11–13. Because this motion is a straightforward motion *in limine* masquerading as a continuance and "bifurcation" motion, the United States plans to respond in full in its oppositions to the defendants' motions *in limine*, which are due to be filed on February 5, 2024. To the extent the Court wishes to consider the requests to continue or to bifurcate at

---

[1] Danny Troxell joined the request to exclude these murders or "bifurcate" trial, but not to continue trial. ECF 1884.

the trial confirmation on January 31, the United States writes separately here.

The Court should reject the requests for a continuance and for "bifurcation." *First*, there is no basis for a continuance because the defendants have repeatedly opposed a continuance and have had years to prepare to defend the charges that members of the Aryan Brotherhood enterprise murdered Scott and Pequeen. Indeed, the defendants have had notice of these two charged murders for more than four years, when the United States detailed the murders in the criminal complaint filed in this case. ECF 1, at 124–27. Both the Indictment and the Superseding Indictment included these two murders as special sentencing factors in furtherance of the charged RICO conspiracy, and the United States produced discovery related to these murders years ago as well. *See* Indictment, ECF 25 at 12; Superseding Indictment, ECF 1375 at 11. In the four years that these charges have been pending, the defendants have been represented by an army of defense attorneys and defense investigators. Yandell currently appears to be assisted by at least five defense attorneys (Steven Kalar, Brad Levenson, Brian Pugh, Sean McClelland, and Benjamin Nemec). And for most of the past four years, Sylvester has been represented by two defense attorneys. When his most recent attorney, Knut Johnson, was appointed, the Court indicated that it was going to confirm that Mr. Johnson would be prepared to go to trial in February without delay if he accepted the appointment. Tr. of Sept. 2023 Status Conference at 31:9–16, ECF 1672. In light of the fact that the defendants have had years to prepare to defend these charges, there is no basis to continue the trial to allow them more time to prepare. Any prejudice to these defendants from failing to diligently prepare for trial is "self-imposed" and not a basis for continuing trial. *United States v. Beasley*, No. 4:19-CR-00302-DCN, 2021 WL 3112352, at *4 (D. Idaho July 22, 2021) ("[A]lthough some evidentiary prejudice may arise from not having all the witnesses he would like, that prejudice is self-imposed.").

The defendants' current complaints of insufficient time to prepare also ring hollow in light of their repeated demands to proceed to trial in February. In September 2023, the defendants told the Court that the "thing the defense [was] most against" was a continuance of the February trial date, and that the defense "[was] and will be prepared to go [to trial] on February 26, 2024." Tr. of Sept. 2023 Status Conference at 22:17–21, ECF 1672 (statement of Ms. Daly, speaking on behalf of the defendants joined in the joint defense agreement). At the same hearing, counsel for Sylvester stated that Sylvester was

United States' Opposition to Motion to
Continue Trial or "Bifurcate" Predicate Acts

2

"chomping at the bit to go to trial." Tr. of Sept. 2023 Status Conference at 27:15–16, ECF 1672.  In fact, a year ago, Sylvester asked the Court to sever his case from his co-defendants so he could proceed to trial in *March 2023*.  *See* Tr. of Jan. 2023 Status Conference at 10:17–11:2, ECF 1505.  The past demands of these defendants to proceed to trial in February reveal that the current motion to continue is baseless.

*Second*, there is no legal basis for the Court to "bifurcate" the predicate acts in the RICO conspiracy into separate trials.  The Federal Rules of Criminal Procedure allow a court to order separate trials of counts or defendants.  Fed. R. Crim. P. 14.  But the defendants do not seek to sever individual counts or individual defendants.  Rather, they ask this Court to sever predicate acts.

But the federal rules do not authorize the Court to order separate trials of predicate acts.  This is why the defendants cite no criminal case in which a court has severed predicate acts in a RICO prosecution.  To be sure, the defendants cite multiple cases in which courts have severed counts or defendants.  *See* Mot., ECF 1823 at 10 n.6 (citing *United States v. Jenkins*, 902 F.2d 459, 461 (6th Cir. 1990) (severing counts); *United States v. Morales*, 655 F3d 608, 618–19 (7th Cir. 2011) (severing defendants); *United States v. Sierra*, No. 11 Cr. 1032(PAE), 2012 WL 2866417, at *2 n.2 (S.D.N.Y. July 11, 2012) (severing counts)).  But these cases in no way help the defendants, because they are not asking the Court to sever counts or defendants.  Simply put, selective "bifurcation" does not exist in criminal cases. The Court should deny this request.

Dated:  January 29, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Ross Pearson*
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorney

UNITED STATES' OPPOSITION TO MOTION TO
CONTINUE TRIAL OR "BIFURCATE" PREDICATE ACTS

3