PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONALD YANDELL,
BILLY SYLVESTER, and
DANNY TROXELL,

Defendants.

CASE NO. 2:19-CR-00107-KJM

UNITED STATES' OPPOSITION TO MOTION *IN LIMINE* FOR RULING AND JURY INSTRUCTION THAT GANG MEMBERSHIP IS NOT A CRIME

[ECF 1828]

DATE: February 9, 2024
TIME: 9:00 a.m.
COURT: Hon. Kimberly J. Mueller

Defendants Ronald Yandell and William Sylvester filed a motion *in limine*, in which they ask the Court to "limit discussion and evidence of any purported criminal 'reputation'" of the Aryan Brotherhood and instruct the jury that the defendants are not guilty of the charges merely because they are members of the Aryan Brotherhood. ECF 1828. This Court should deny the motion for two reasons.

First, because these defendants are charged with conspiracy to violate RICO, ECF 1375, Superseding Indictment ¶ 25, their gang membership *is* highly probative of the crime charged. Indeed, to convict these defendants, the United States must prove that the Aryan Brotherhood was "a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time." Ninth Cir. Model Crim. Jury Instr. No. 18.9. And the United States must also prove that the enterprise engaged in a pattern of crimes that "embraced the same or similar purposes, results,

participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics." Ninth Cir. Model Crim. Jury Instr. No. 18.14. In other words, the United States must prove that the Aryan Brotherhood was a gang and that the defendants in this case were members who joined or associated with the gang, intended to participate in the gang, and were aware that their fellow gang members would commit a series of crimes. *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (quoting *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005)).

The fact that the Aryan Brotherhood has a reputation for murder, assault, and drug dealing proves that these defendants—members of the Aryan Brotherhood—were aware that their fellow gang members would commit a series of crimes. Evidence about the Aryan Brotherhood's reputation is therefore highly probative of the crimes charged in this case.

The cases the defendants cite for the proposition that courts should be "careful to limit discussion of alleged gang membership at trial" do not help them, because none of the cases they cite are RICO cases in which the United States was required to prove that the defendants agreed to participate in a racketeering enterprise. ECF 1828 at 2–3. For instance, *United States v. Roark* was a drug case in which the Eighth Circuit held that the court erred when it allowed the prosecution to introduce evidence that the defendant was a Hells Angels member, and the Hells Angels had a reputation for drug dealing. 924 F.2d 1426 (8th Cir. 1991). Likewise, *United States v. Garcia* was an assault case in which the Ninth Circuit held that evidence that a defendant was a gang member, alone, could not prove that he conspired with other gang members to commit an assault. 151 F.3d 1243, 1245 (9th Cir. 1998).

In neither *Roark* nor *Garcia* was the government required to prove that the defendants participated in a racketeering enterprise. This case is different, and therefore *Roark* and *Garcia* have no application here. There is therefore no basis to limit the United States' ability to present evidence about the Aryan Brotherhood and its reputation for violence and drug dealing.

Second, the Court should not instruct the jury that membership in the Aryan Brotherhood is not a crime and not sufficient to prove the defendants guilty. Such an instruction is argumentative, it misstates the law, and it would lead to juror confusion because it would directly conflict with other jury instructions. Notably, the Ninth Circuit pattern instruction for RICO states that the government must

prove that "the defendant was employed by or associated with the enterprise." Ninth Cir. Model Crim. Jury Instr. No. 18.18 (2023). Providing this pattern instruction, then later instructing the jury that membership in the Aryan Brotherhood is not a crime, would likely lead to confusion. If the defendants wish to argue that mere membership in the Aryan Brotherhood is not a crime, they are free to do so, but the Court should deny their motion to provide a confusing and misleading instruction to the jury.

Dated: February 5, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Ross Pearson*
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys