PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RONALD YANDELL,<br>BILLY SYLVESTER, and<br>DANNY TROXELL,<br><br>  Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>UNITED STATES' OPPOSITION TO MOTION FOR ADDITIONAL DEFENSE PEREMPTORY CHALLENGES<br><br>[ECF 1827]<br><br>DATE: February 9, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

Defendants Yandell and Sylvester move for an order increasing the number of defense peremptory challenges from 10 to 30. ECF 1827. The Court should deny the motion and allow each side the default number of peremptory challenges—6 for the government and 10 for the defendants jointly—because there is no reason to believe more peremptory challenges are needed in order to seat a fair and impartial jury.

In a felony case, "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges." Fed. R. Crim. P. 24(b)(2). The court "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b). The committee notes add: "If the court does so [grant defendants additional challenges], the prosecution may request additional challenges in a

multi-defendant case, not to exceed the total number available to the defendants jointly." Fed. R. Crim. P. 24 (committee notes on rules—2002 amendment).

The Court has adopted procedures to ensure a robust and thorough voir dire process in this case. The Court has approved a 16-page juror questionnaire to be completed by each prospective juror. *See* ECF 1786-1. The questionnaire seeks detailed information about each prospective juror. Some is relevant to potential hardships, but most is relevant to ensuring a fair and impartial jury, and to potential challenges for cause or peremptory strikes. The Court has also set aside four full court days for voir dire.

Defendants do not suggest any compelling reason to believe that this robust process will be insufficient to seat a fair and impartial jury. They claim some prospective jurors may be biased (ECF 1827, at 3), but that is true in every case and such jurors are identified and excused for cause during the voir dire process. Defendants also claim the case is unusually complex (*id.*), but their concerns are overstated. The evidence in this case is actually quite easy for a jury to understand. White collar cases involving complex financial schemes, to name just one example, are far more difficult for a layperson to understand. Regardless, defendants do not explain why the remedy for either of these claims about the case is to grant the defense more peremptory challenges. If the case is complex at trial, the striking of jurors before trial has no bearing on the complexity.

Defendants also claim that they (Yandell and Sylvester) cannot effectively exercise peremptory challenges jointly with Troxell because of their divergent trial strategies. Motion, at 3–4. They do not explain why their interests diverge with regard to selection of a fair and impartial jury. And even if they somehow did, defendants could divide the allotted peremptory challenges between themselves. In a five-defendant case, the Ninth Circuit affirmed a trial court's order limiting the number of peremptory challenges to two per defendant (for a total of 10 for all defendants as required by Rule 24(b)). *See United States v. Estrada*, 441 F.2d 873, 878–79 (9th Cir. 1971).

In the cases where courts have allowed additional peremptory challenges in multi-defendant cases, including the cases cited by the defendants, the number of additional peremptory challenges per defendant has been modest—typically just one additional challenge per defendant. Defendants' request

to triple their peremptory challenges from 10 to 30, in a three-defendant case, is extraordinary and unsupported by any precedent.

Courts have expressed concern, moreover, about increasing the number of defense peremptory challenges without increasing the number of government challenges in order to maintain a level playing field.  In a five-defendant case arising out of the Watergate cover-up, the district court gave each defendant one additional peremptory challenge each (in addition to the ten to be exercised jointly, for a total of 15 challenges) because of the extraordinary pretrial publicity.  *See United States v. Haldeman*, 559 F.2d 31, 79 (D.C. Cir. 1976).  The court refused to grant more challenges to the defense, however, "because of the imbalance it would create between prosecution and defense." *Id.*  In affirming this decision, the D.C. Circuit recognized that it "reflect[ed] a legitimate concern with the wisdom of providing one side with a far greater number of challenges than the other." *Id.*

Defendants do not request any additional peremptory challenges for the government to level the playing field.  If the Court is inclined to grant any additional peremptory challenges to the defense, it should grant the same additional number to the government—i.e., the government should also get an extra 20 peremptory challenges for a total of 26.  The better course, however, would be to stick to the default—six for the government and ten for the defense.[1]

Dated:  February 5, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *David Spencer*
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorney

---

[1] Before the 2002 committee notes, which state that the court may also increase the number of government peremptory challenges in multi-defendant cases, some courts expressed the view that they lacked such authority.  *See Haldeman*, 559 F.2d at 79–80; *United States v. Tucker*, 526 F.2d 279, 283 (5th Cir. 1976) (affirming district court's decision to refuse to grant additional peremptory challenges to defendants where they would not stipulate to grant additional challenges to the government as well).  Since only the committee notes, and not Rule 24(b) itself, now recognizes this authority, the same argument could still be made, though it would be weaker.