PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RONALD YANDELL,<br>BILLY SYLVESTER, and<br>DANNY TROXELL,<br><br>          Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>UNITED STATES' OPPOSITION TO DANNY TROXELL'S MOTION IN LIMINE RE: SCOPE OF IMPEACHMENT AS TO CO-CONSPIRATOR STATEMENTS (FRE 806)<br><br>[ECF 1831]<br><br>DATE: February 9, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

Defendant Troxell filed a motion *in limine* "regarding the scope of permissible impeachment as to co-conspirator statements offered into evidence by the government in its case-in-chief." ECF 1831. The motion should be denied without prejudice to Troxell seeking to admit impeachment evidence of non-testifying declarants following the admission of the statements he seeks to impeach.

Troxell's motion relies primarily on Federal Rule of Evidence 806, which provides:

> When a hearsay statement — or a statement described in Rule 801(d)(2)(C), (D), or (E) — has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it.

Fed. R. Evid. 806.

The main thrust of Troxell's argument relies on the last sentence—that "evidence of the declarant's inconsistent statement or conduct" may be admitted to impeach the declarant's credibility. The problem with Troxell's motion is that he does not explain how any specific "inconsistent statement or conduct" he wishes to introduce is inconsistent with an out-of-court declarant's statement that he anticipates the government will introduce. Troxell may be able to admit some such evidence at trial under Rule 806. But, to do so, he will have to make the showing required by the rule—that is, that the statement or conduct of the declarant he wishes to admit is "inconsistent" with a particular statement of the declarant that has been admitted into evidence. *See United States v. Graham*, 858 F.2d 986, 990 (5th Cir. 1988) ("Rule 806 … requires that a court first decide whether the proffered statement is actually inconsistent with the hearsay statement already admitted."). Rule 806, of course, is not a free-for-fall, as counsel for Troxell conceded at the January 31, 2024, hearing.

Although Troxell's motion does not explicitly seek a ruling on the admissibility of any particular statement, Troxell signals that he plans to invoke Rule 806 to try to offer statements far beyond what the rule allows. Specifically, Troxell seems to argue that under Rule 806 he can introduce any statement that he believes is inconsistent with the government's theory of the case. For example, Troxell explains that, in his view, Rule 806 allows him to introduce any inconsistent statements "as to any matter offered by the government as evidence of the existence of the RICO Conspiracy or its component acts." ECF 1831, at 4. He goes on to say that means that he can introduce any wiretapped call in which Yandell "expressed doubts" about Troxell's agreement to join the RICO conspiracy. ECF 1831, at 5. Troxell then incorporates "the recorded conversations mentioned in Troxell's Severance Reply Brief" as examples of statements he will seek to introduce. ECF 1831, at 6. That brief, in turn, discussed a series of recorded statements that Troxell interprets as indicating that he did not want to kill Kenneth "Kenwood" Johnson, as Yandell did. *See* ECF 1445 (Troxell reply in support of motion to sever).

The problem with Troxell's stated intention is that it reads Rule 806 far too broadly, to encompass any wiretapped call that he believes casts doubt on the government's theory of the case—not just calls that are "inconsistent" with a co-conspirator statement that the government has introduced.

1  But, Rule 806 only allows admission of statements that are "actually inconsistent" with a "hearsay
2  statement already admitted."  *Graham*, 858 F.2d at 990.

3  As a hypothetical example, if the government were to introduce a statement by Yandell that says
4  "Troxell is one of the commissioners of AB," Troxell could introduce a statement in which Yandell said
5  "Troxell is not one of the commissioners."  But Troxell's theory of admissibility goes well beyond this,
6  suggesting that he can introduce any statement by Yandell that "expressed doubts" that Troxell was fully
7  committed to the Aryan Brotherhood.  ECF 1831, at 5.  Such statements would only be "inconsistent" if
8  the government first introduced a statement by Yandell that said Troxell was fully committed to the AB.
9  Troxell's proposed interpretation of Rule 806 is far more expansive than what the rule actually allows
10 and would turn the rule into an evidentiary free-for-all, which he concedes it is not.

11 Troxell also argues that the "doctrine of completeness" under California law authorizes him to
12 "offer into evidence any edited, redacted, or omitted material into evidence if such evidence constitutes
13 an inconsistent statement as to a relevant issue in the case."  ECF 1831, at 6 (citing Cal. Evid. Code
14 § 356).  The applicable law in this case is Federal Rule of Evidence 106.  It provides that "[i]f a party
15 introduces all or part of a writing or recorded statement, an adverse party may require the introduction,
16 at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be
17 considered at the same time."  Fed. R. Evid. 106.

18 Troxell's motion does not ask the Court to rule on the admissibility of any specific recorded
19 statements under this rule.  But, as with Rule 806, his motion suggests that the rule of completeness is a
20 broad tool to require introducing any statement that he believes contradicts the government's evidence
21 or theory of the case.  *See* ECF 1831, at 6 (stating that he intends to offer, under the rule of
22 completeness, "any edited, redacted, or omitted material … if such evidence constitutes an inconsistent
23 statement as to a relevant issue in the case").

24 That is not the law.  Rule 106 only allows the inclusion of redacted or edited portions of a
25 statement if necessary to correct a misleading impression or distortion caused by selectively introducing
26 only a portion of a recorded statement.  The question in "rule of completeness" cases under Rule 106 is
27 whether an "opposing party" has "distort[ed] the meaning of the . . . recording by introducing
28 misleading excerpts into evidence."  *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021).  The rule

does not, however, "compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case." *Id.* "'[I]t is often perfectly proper to admit segments of [a recorded statement] without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them.'" *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (quoting *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)).  Rather, "if the 'complete statement [does] not serve to correct a misleading impression' in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement. *Vallejos*, 742 F.3d at 905 (quoting *Collicott*, 92 F.3d at 983).

In any event, without a specific recording to consider, the Court cannot make any meaningful ruling because rule of completeness determinations are highly fact-dependent.  If Troxell believes Rule 106 requires the admission of additional portions of a recording beyond the excerpts included in the government's trial exhibits, he needs to specify which additional portions he believes should be included and why.

The Court should deny Troxell's motion without prejudice to Troxell seeking to admit specific excerpts of recordings, or other evidence, at trial, under either Rule 806 or Rule 106 of the Federal Rules of Evidence.

Dated:  February 5, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *David Spencer*
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorney