PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>         v.<br><br>RONALD YANDELL,<br>BILLY SYLVESTER, and<br>DANNY TROXELL,<br><br>                            Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>UNITED STATES' RESPONSE TO DEFENDANTS' MOTION REGARDING SHACKLING<br><br>[ECF 1889]<br><br>DATE: February 26, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

Defendants Ronald Yandell and Billy Sylvester filed a motion to prohibit wrist shackles during trial. ECF 1889. It is the understanding of the United States, based on communications with the U.S. Marshals and counsel for the defendants, that the Marshals will be able to shackle the defendants to a chair with restraints around their waist and their hands free, which would alleviate safety concerns posed by these defendants. The United States has no objection to this shackling plan, and believes that the parties can also take steps—such as setting up curtains or moving desks or chairs—to ensure that jurors do not see the shackles. *See Cox v. Ayers*, 613 F.3d 883, 890 (9th Cir. 2010) (noting that, among other factors, a defendant must show that "the shackling was seen by the jury" to establish a due process violation).

To the extent the Court believes further restraints are needed for security, the Court would be

well within its discretion to order full shackling.  "[A] trial judge has wide discretion to decide whether increased security measures are required when dealing with a defendant who has a propensity for violence."  *United States v. Cazares*, 788 F.3d 956, 965 (9th Cir. 2015).  The record in this case is replete with examples of these defendants committing serious, violent crimes while in custody.  The United States will not recount every instance of in-custody violence from these defendants, but it will highlight a few:  while in prison, Sylvester murdered another inmate with an inmate-made weapon; after this case was charged, Yandell attacked a deputy at Sacramento County Jail with a razor;  Yandell, Sylvester, and their fellow AB members plotted to stab a Sacramento County Jail deputy, ordering an inmate to commit the stabbing and arranging for a weapon to be made;  Yandell and Sylvester attempted to smuggle drugs, phones, and razorblades into prison in 2016;  Troxell has several reports of in-custody violence and attacks.[1]

In addition, these defendants are serving life sentences in state custody and are facing life sentences in federal custody if convicted.  *See United States v. Cazares*, 788 F.3d 956, 965 (9th Cir. 2015) (citing these factors as a basis for shackling).  They are the leaders of a violent prison gang, one that is adept at making weapons in custody to attack other inmates who would dare to cross them and to instill fear in the prison population.  If ever there were a case where full shackling is warranted, this is the case.

Dated:  February 15, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *Ross Pearson*
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys

---

[1] The government detailed additional instances of defendants' in-custody violence and possession and smuggling of contraband in a prior motion in this case.  *See* ECF 144, at 4-7; ECF 144-1 through ECF 144-3 (Exhibits A-C).