1  PHILLIP A. TALBERT
   United States Attorney
2  JASON HITT
   ROSS PEARSON
3  DAVID SPENCER
   Assistant United States Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
6
   Attorneys for Plaintiff
7  United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00107-KJM

12                      Plaintiff,        UNITED STATES' OBJECTIONS TO YANDELL
                                          PROPOSED VOIR DIRE
13            v.
                                          [ECF 1905]
14 RONALD YANDELL,
   BILLY SYLVESTER, and                   DATE: February 20, 2024
15 DANNY TROXELL,                         TIME: 9:00 a.m.
                                          COURT: Hon. Kimberly J. Mueller
16                      Defendants.

17

18

19                    I.      **INTRODUCTION**

20       The United States objects to a select number of voir dire questions submitted by defendant

21 Ronald Yandell.[1]  ECF 1905.  Many of the questions Yandell submitted are not aimed at ferreting out

22 juror bias, but, instead, they seek to precondition the jury about Yandell's theory of the case and

23 encourage them to pre-judge the testimony of the United States' witnesses by, for instance, suggesting

24 that the United States' cooperating witnesses might "lie to get better deals."  ECF 1905.  These

25 questions are inappropriate for voir dire.  Therefore, the United States respectfully requests that the

26 Court should decline to ask them.

27

28       [1] Billy Sylvester filed a non-substantive joinder to these questions.  ECF 1907.

   UNITED STATES' OBJECTIONS TO YANDELL PROPOSED        1
   VOIR DIRE

## II.      LEGAL STANDARDS

The Court has broad discretion to decide which questions to ask prospective jurors during voir dire.  *See Ristaino v. Ross*, 424 U.S. 589, 594 (1976); *United States v. Payne*, 944 F.2d 1458, 1474 (9th Cir. 1991) (noting that the sufficiency of voir dire questions is reviewed for abuse of discretion).  "The Constitution does not always entitle a defendant to have questions posed during Voir dire specifically directed to matters that conceivably might prejudice veniremen against him." *Ristaino*, 424 U.S. at 594. A court may refuse to ask questions "which are 'tied to prejudice only speculatively.'" *Payne*, 944 F.2d at 1474 (quoting *United States v. Jones,* 722 F.2d 528, 529 (9th Cir. 1983) (per curiam)).

The Ninth Circuit has "identified three instances in which there is a real possibility of prejudice and a consequent need for specific voir dire questioning":

> (1) When the case carries racial overtones; (2) when the case "involves other matters concerning which either the local community or the population at large is commonly known to harbor strong feelings that may stop short of presumptive bias in law yet significantly skew deliberations in fact" (prejudice against the insanity defense, for example); or (3) when the case involves other forms of bias and distorting influence which have become evident through experience with juries (the tendency of some jurors to overvalue the testimony of government agents acting in their official capacity, for example).

*Jones*, 772 F.2d at 529–30 (citing *Aldridge v. United States,* 283 U.S. 308, 311–15 (1931); *United States v. Allsup,* 566 F.2d 68, 70 (9th Cir. 1977); *United States v. Baldwin,* 607 F.2d 1295, 1297 (9th Cir. 1979)).

But when a line of proposed voir dire questioning does not relate to one of these types of topics—topics where "a real possibility of prejudice" exists—the party proposing the questions bears the burden to show the questions are "reasonably calculated to discover an actual and likely source of prejudice, rather than pursue a speculative will-o-the-wisp." *Id.* at 530 (quoting *United States v. Robinson*, 475 F.2d 376, 380–81 (D.C. Cir. 1973)).

The Ninth Circuit has explained that impermissible types of voir dire questions include questions that serve "not so much to ferret out bias as to put the [party's] own views in play." *United States v. James*, 494 F. App'x 745, 747 (9th Cir. 2012) (finding impermissible prosecutor's comments that vouched for the credibility of cooperating witnesses).

### III.    OBJECTIONS

Given the legal backdrop detailed above, the United States objects to the following voir dire questions proposed by Yandell.

### A.    Questions regarding government witnesses and informants.

The United States objects to all questions under the heading "Government Witnesses / Informants," ECF 1905 at 4:1–11, because these questions are efforts to prejudice the jury against the government's cooperating witnesses and they are not "reasonably calculated to discover an actual and likely source of prejudice." *Jones*, 772 F.2d at 530.  The United States plans to call a handful of witnesses who have received benefits and/or are cooperating in exchange for hopes of a reduced sentence.  Yandell's proposed voir dire questions would encourage jurors to prejudge the testimony and credibility of these witnesses. These questions are thus plainly aimed at putting into play the defense view that these witnesses might "lie to get better deals."  ECF 1905 at 4.  These questions are similar to the questions the Ninth Circuit found impermissible in *James*, because they serve "not so much to ferret out bias as to put the [party's] own views in play." *James*, 494 F. App'x at 747.

In addition, it is especially problematic that Yandell seeks to have the *Court* ask these questions, because it could suggest to the jury that the Court also believes that these witnesses might "lie to get better deals."  The Court will give jury instructions about the credibility of witnesses and testimony of witnesses involving special circumstances, which will instruct the jurors what to consider when evaluating the testimony of cooperating witnesses.  *See* Ninth Cir. Model Jury Instr. 1.7, 3.9.  These additional voir dire questions that ask the jurors to speculate about whether the United States' witnesses—who have not yet testified—are lying or may lie are wholly inappropriate for voir dire.

### B.    Questions regarding wiretapped calls

Yandell's questions about wiretapped calls are similarly problematic.    ECF 1905 at 4:12–24.  These questions are improper and argumentative.  Through these questions, Yandell wants to use voir dire to condition jurors to start thinking about his theory of the case and his view of the wiretapped calls: that in the calls he might "say one thing and mean another," that he might be "express[ing] agreement with a statement" but not "believe it" and that he might be saying something "just to placate another" with no intention of following through on it.  ECF 1905 at 3 (questions 3, 4, and 5 under "Wiretaps"

1   heading).  Yandell can make these points through his opening statement, through his questioning of

2   witnesses, and through closing argument.  But these voir dire questions are impermissible because they

3   are aimed at putting his "own views in play" rather than "ferret[ing] out bias."  *James*, 494 F. App'x at

4   747.  And, again, it is especially problematic that Yandell seeks to have the Court ask these questions,

5   because it could signal to the jury that the Court agrees with these statements or general propositions.

6   ### C.   Question about multiple charges

7   On Page 4, lines 16–18, Yandell states that "each [defendant] is charged with multiple charges

8   including murder." ECF 1905.  Troxell, however, is not charged with murder.  The United States has no

9   objection to the topic of the question, but it is currently confusing as worded.

10  ### D.   Question about murder conspiracies

11  On page 4, lines 23–26, Yandell proposes a question about conspiracies to murder.  As phrased,

12  the question presents legal concepts about murder and conspiracies to murder in a way that is difficult to

13  understand and will likely lead to juror confusion.  It is also largely duplicative of the other questions

14  about separate consideration of multiple charges.  The Court should decline to ask this confusing

15  question, especially because the Court will instruct the jury about the elements of the offenses at the end

16  of trial.

### IV.   CONCLUSION

18  The United States asks the Court to sustain its objections and preclude the defendants from

19  asking the voir dire questions listed above.

20   Dated:  February 18, 2024                                    PHILLIP A. TALBERT
                                                                  United States Attorney
21

22                                                         By:  /s/ *Ross Pearson*
                                                               JASON HITT
23                                                             ROSS PEARSON
                                                               DAVID SPENCER
24                                                             Assistant United States Attorneys

25

26

27

28