PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RONALD DEAN YANDELL,<br>BILLY SYLVESTER, and<br>DANNY TROXELL,<br><br>　　　　　　　Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PENALTIES DURING *VOIR DIRE* |

The United States, by and through Assistant United States Attorneys Jason Hitt, Ross Pearson, and David Spencer, respectfully submits this summary of points and authorities on the considerable discretion the Court enjoys while conducting *voir dire*. In particular, during today's jury selection, Juror 11 mentioned that he would have a hard time following the law if this trial involved the death penalty even if the government proved its case beyond a reasonable doubt.  Another juror, Juror 44, then followed up with a comment that he could not be a part of "sending someone to their death" as a juror.

In order to clarify that this case does not involve the death penalty, the government requested a brief instruction to the prospective jurors informs of this fact.  As detailed below, the Court's authority during *voir dire* is considerable and, given the potential for juror bias against an issue that is not present, the Court should clarify that the death penalty is not at issue in this case and reiterate that punishment is not for jurors to decide.

The Ninth Circuit vests considerable discretion with the district court to determine the topics, manner, and substance of *voir dire*. "We will not find an examination inadequate unless the district court abused its discretion by failing to ask questions capable of revealing the prejudices of the prospective jurors." *United States v. Giese*, 597 F.2d 1170, 1182 (9th Cir. 1979).

During *voir dire* in this case, at least two prospective jurors expressed a prejudice against the death penalty – a potential penalty that is not at issue in this case. But, as the record now stands, there is no clarifying guidance about that topic nor do the prospective jurors have guidance about why a particular bias or prejudice against the death penalty is inapplicable in this trial. "An examination or 'voir dire' of prospective jurors helps to ensure that the defendant is tried by an impartial jury." *Giese*, 597 F.2d at 1181. There is no prejudice to the defendants in advising this panel that the death penalty is not at issue because jurors have no role in deciding punishment and any bias or prejudice against a non-issue should be removed from the venire panel. Ninth Cir. Model Crim. Jury Instr. No. 6.22 ("[T]he punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.").

In addition, the Supreme Court has held that an instruction advising jurors of the potential consequences of a conviction may be "necessary under certain limited circumstances," such as when such an instruction is needed to "remedy [a] specific misstatement or error." *Shannon v. United States*, 512 U.S. 573, 588 (1994). That is precisely the situation here: the jurors are plainly operating under the misimpression or error that if they find the defendants guilty, they could be sentenced to death. This misimpression or error is so extreme, in fact, that Juror 11 suggested that he would take other steps to try to figure out if this case is a death penalty case. Under *Shannon*, the government's proposed instruction—that the death penalty is not an issue in this case—is necessary to correct this error. Since the Supreme Court has approved such a correction in the context of *jury instructions*, it follows that the Court would certainly be well within its broad discretion in *voir dire* to correct the misunderstanding of the jurors regarding the death penalty.

The government's proposed instruction finds further support in California precedent. In *People v. Hyde*, 166 Cal. App. 3d 463(Ct. App. 1985). In *Hyde*, the Court made clear that advising prospective

jurors that the death penalty was not at issue was sound and prudent.

> The public commonly understands that in contrast to other criminal cases, the jury in a death penalty murder case must determine penalty as well as guilt. The moral and ethical questions surrounding the use of the death penalty have generated considerable social debate. It is reasonable to anticipate that a significant number of prospective jurors might question their ability to sit on a jury which potentially would have to consider imposition of a sentence of death. Not only did the trial judge's decision to raise and dispose of the issue at the outset save time and unnecessary strain on potential jurors' psyches, but it also avoided any possibility that a prospective juror's concern about serving on a death penalty case might skew his answers to voir dire questioning.

*Hyde*, 166 Cal. App. 3d at 479; *see Ruano v. Madden*, No. CV 19-1532 DOC (SS), 2019 WL 7584247, at *13 (C.D. Cal. Nov. 14, 2019), *report and recommendation adopted*, No. CV 19-1532 DOC (SS), 2020 WL 227883 (C.D. Cal. Jan. 15, 2020) (relying on *Hyde* to reject habeas claim raising the issue).

Defendants opposed a clarifying instruction at the end of today's proceedings. But, that opposition can only stem from a desire to inject a basis for juror nullification based on prejudice against the death penalty or substantial federal penalties for their crimes. On this point, the Ninth Circuit has made clear that protecting against potential jury nullification based on a juror's disagreement with the law (or unwillingness to follow the law) must be addressed in *voir dire* if the issue arises.

For example, in *United States v. Lynch*, 903 F.3d 1061 (9th Cir. 2018), defense counsel made a number of comments to the venire panel "asking jurors whether they agreed that 'whether to find a person guilty or not guilty is your decision.'" *Lynch*, 903 F.3d at 1078. A juror picked up on the defense counsel's theme and said, "I understand that completely. I believe there is something called jury nullification, that if you believe the law is wrong, you don't have to convict a person." *Id.* The district court halted *voir dire* and gave the following instruction:

> Nullification is by definition a violation of the juror's oath which, if you are a juror in this case, you will take to apply the law as instructed by the court. As a ... juror, you cannot substitute your sense of justice, whatever it may be, for your duty to follow the law, whether you agree with the law or not. It is not your determination whether the law is just or when a law is unjust. That cannot be and is not your task.

*Id.* at 1079. The Ninth Circuit endorsed this instruction and *Lynch* is cited approvingly as authority in support of Ninth Circuit Model Instruction No. 6.22.

> The district court's caution against nullification was permissible. It is clear that "no juror has a right to engage in nullification," that such nullification is "a violation of a juror's sworn duty to follow the law as instructed by the court," and, to that end, "trial courts have the duty to forestall or prevent such conduct," including "by firm instruction or admonition." *Merced v. McGrath*, 426 F.3d 1076, 1079–80 (9th Cir. 2005) (quoting *United States v. Thomas*, 116 F.3d 606, 617 (2d Cir. 1997)). The district court's caution to the jurors that they should not substitute their own sense of justice for their duty to find facts pursuant to the law was entirely appropriate as a discharge of the court's own duty to forestall lawless conduct.

*Id.*

In support of the district court's decision to admonish the venire panel in *Lynch*, the Ninth Circuit pointed out that "the warning directly followed from a potential juror at voir dire indicating an unwillingness to follow the law." *Id.* at 1080. In describing a district court's role during *voir dire*, the *Lynch* court explained, "A legally accurate warning given in response to a potential juror proposing to disregard the law clearly is not such an exceptional situation" that it would warrant reversal. *Id.* Moreover, in the same opinion, the Ninth Circuit flatly rejected a claim that the district court erred in not allowing the defendant "to inform the jury of the mandatory minimum sentence that he faced if convicted." *Id.*

Here, *voir dire* is designed to "determine any possible bias" and avoid "creating bias by specific questions which add fuel to the flames in suggesting the presence of controversial issues." *Giese*, 597 F.2d at 1182–83 (citation and quotation omitted). The government's requested admonition is much less potent than that approved in *Lynch* but it is appropriate because it directly flows "from a potential juror at voir dire indicating an unwillingness to follow the law" on a punishment – the death penalty – that is not at issue in this case. *Id.* at 1080. By clarifying this issue of punishment for the prospective jurors, the Court will be properly cleansing any prejudice or bias against the death penalty because it is not at issue in this case. In this way, the Court will avoid seating jurors who "substitute their own sense of justice for their duty to find facts pursuant to the law" and "discharge of the court's own duty to forestall lawless conduct." *Id.* at 1079.

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PENALTIES DURING *VOIR DIRE*

4

For the reasons set forth above, the United States respectfully requests that the Court clarify for prospective jurors that the death penalty is not at issue in this case and reiterate that punishment is not for jurors to decide.

Dated: February 20, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Jason Hitt*
JASON HITT
Assistant United States Attorney

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PENALTIES DURING *VOIR DIRE*

5