Rene L. Valladares
Federal Public Defender
Hannah D. Nelson
Assistant Federal Public Defender
Nevada State Bar No. 15972
Email: hannah_nelson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950

Attorneys for Ronald Yandell

**FILED**
Feb 28, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RONALD YANDELL,<br><br>   Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**UNDER SEAL**<br>**Emergency Motion for Modification of Protective Order**<br><br>Hearing Date: February 29, 2023, at 3:00 p.m.<br><br>**HEARING REQUESTED** |

1

Mr. Yandell is charged in an eighteen-court superseding indictment. The government alleges that Mr. Yandell is a member of the Aryan Brotherhood and that he participated in a racketeering conspiracy within the California prison system. The superseding indictment alleges that the defendants committed murder, drug trafficking, and other acts related to racketeering. At the time of this motion, jury selection is complete, and Mr. Yandell is scheduled to begin a joint trial on February 26, 2024.

In furtherance of Mr. Yandell's defense, undersigned counsel sought numerous subpoenas from this Court for materials in the possession of the California Department of Corrections and Rehabilitation (CDCR). These materials relate to several individuals connected with this case.

After litigation and resulting orders by this Court, the CDCR provided responsive materials to the subpoenas that have been signed. Mr. Yandell and the CDCR stipulated to a joint protective order, in which the parties agreed to a very strict Attorney's-Eyes-Only protective order governing the materials produced. *See generally* ECF No. 1625. This protective order prohibits the documents from being "shown to, discussed with, or disclosed in any manner" to Mr. Yandell, any other defendant in this case or their attorneys, any inmate or former inmate, and any parolee or former parolee. *Id.* The protective order further prohibits the produced documents from being "shown to, discussed with, or disclosed in any manner" to anyone other than Mr. Yandell's counsel, the attorneys of record for the United States, paralegal/clerical/secretarial staff employed by Mr. Yandell's counsel or counsel for the United States, a person retained by Mr. Yandell or his counsel, any judge, and court personnel. *Id.* Thus, as it stands now, documents produced to undersigned counsel cannot be shown to or discussed with Mr. Yandell and cannot be used at trial.

2

The Attorney's-Eyes-Only protective order contemplates modification by a written waiver of the CDCR or as authorized by court order. Undersigned counsel met and conferred with counsel for the CDCR and proposed the following modifications to the protective order:

- Undersigned counsel will be permitted to show the CDCR documents to witnesses, jurors, government counsel, and the Court during the cross-examination of witnesses at trial;

- If used for impeachment, the CDCR document can be published/shown to the jury; and

- In the unlikely event that undersigned counsel intends to introduce the exhibit into evidence, undersigned counsel agrees to move the Court to place the document under seal.

Aside from these modifications, undersigned counsel agreed that all other terms of the Attorney's-Eyes-Only protective order would continue to apply. Counsel for the CDCR rejected all the above proposed modifications.

Mr. Yandell is now seeking a court order expanding the Attorney's-Eyes-Only protective order. Specifically, Mr. Yandell seeks the following modifications:

- Undersigned counsel be permitted to show Mr. Yandell the CDCR documents as part of his Sixth Amendment right to prepare a defense. Undersigned counsel agrees to not show Mr. Yandell the document until it is turned over to the witness. But undersigned counsel reserves the right to discuss the contents of the document with Mr. Yandell to prepare for cross examination;

- Undersigned counsel will be permitted to show the CDCR document to witnesses, jurors, government counsel, and the Court during the cross-examination of witnesses at trial;

3

- If used for impeachment, the CDCR document can be published/shown to the jury; and

- In the unlikely event that undersigned counsel intends to introduce the exhibit into evidence, undersigned counsel agrees to move the Court to place the document under seal.

Aside from these modifications, undersigned counsel agrees that all other terms of the Attorney's-Eyes-Only protective order would continue to apply.

The Sixth Amendment right to confrontation includes the right to impeach government witnesses. *Davis v. Alaska*, 415 U.S. 308, 315–17. To protect Mr. Yandell's right to a fair trial, effective cross-examination and impeachment of government witnesses is essential. *See Pointer v. Texas*, 380 U.S. 400, 404–05 (1965); *see also Burr v. Sullivan*, 618 F.2d 583, 587 (9th Cir. 1980). In *Pointer*, the United States Supreme Court stressed the importance of cross-examination, noting that "the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." 380 U.S. at 405. "[W]e have expressly declared that to deprive an accused of the right to cross-examine the witnesses against him is a denial of the Fourteenth Amendment's guarantee of due process of law." *Id.*

In addition to these constitutional concerns, it is worth noting that the CDCR has taken a stance inconsistent to that of the federal government when it comes to the disclosure of documents. For example, the federal government's protective order on the CDCR documents provided in discovery permits undersigned counsel to show Mr. Yandell the documents. This is in stark contrast to the Attorney's-Eyes-Only protective order at issue here, which not only forbids undersigned counsel from giving Mr. Yandell documents but also forbids undersigned counsel from even discussing the contents of the documents with Mr. Yandell.

4

Mr. Yandell is sensitive to the CDCR's security concerns in this case. It is in response to these concerns that Mr. Yandell seeks a modification that requires undersigned counsel to move the Court to place the document under seal should Mr. Yandell need to introduce an exhibit into evidence. There is no legal requirement that undersigned counsel do so, but undersigned counsel agrees to do so as an acknowledgement of the CDCR's concerns. And undersigned counsel is not asking to show the documents to anyone other than Mr. Yandell. Undersigned counsel agrees to not show the documents to co-defendants, including co-defendant's who have a joint defense agreement with Mr. Yandell.

To provide due process and protect his constitutional rights, Mr. Yandell respectfully requests this Court modify the protective order as indicated above.

DATED this 23rd of January 2024.

Respectfully submitted,

Rene L. Valladares

Federal Public Defender

*/s/ Hannah Nelson*
HANNAH D. NELSON
Assistant Federal Public Defender

Kalar Law Office

*/s/ Steven Kalar*
STEVEN G. KALAR

5