KNUT S. JOHNSON (CSB 125725)
LAW OFFICE OF KNUT S. JOHNSON
655 West Broadway, Suite 900
San Diego, California 92101
(619) 232-7080 (Phone)
knut@knutjohnson.com
Attorney for WILLIAM SYLVESTER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM SYLVESTER (3),<br><br>Defendant. | CASE NO. 2:19-CR-00107-KJM<br><br>1. OPPOSITION TO GOVERNMENT'S MOTION TO PRECULDE[Docket 1949]<br>2. JOINDER IN ARGUMENTS AND CITATIONS IN DOCKET 1950<br><br>DATE: March 4, 2024<br>Time: 1:00 p.m.<br>Court: Hon. Kimberly J. Mueller |

## I. THE INDICTMENT

Co-defendant Yandell has filed an opposition (docket 1950) to the government's motion to preclude (docket 1949). Mr. Sylvester joins those arguments and authorities and presents these additonal arguments and authorities.

The government confuses "jury nullification arguments" with the statutory defense that the defendants committed violent offenses *without* the purpose of advancing themselves in a Racketeering Organization.

In the Superseding Indictment at docket 1375, the government charged the defendants with several Racketeer Influenced Corrupt Organization (RICO), including: 18 USC § 1962(d) (Conspiracy): 18 USC § 18 USC § 1963(a)(1), (a)(2), (a)(3) (Violent Crime in Aid of Racketeering, or VICAR). The other counts include: 21 USC §§ 846, 841(a)(1) (Conspiracy to Distribute Drugs and Distribution of Drugs), and; 18 USC § 1959(a)(5) (Conspiracy to Commit Murder).

The 37-page Superseding Indictment alleges that the Aryan Brotherhood and the defendants committed and conspired to commit violent acts and deal drugs. And under Ninth Circuit Pattern Instruction 18.8, before a person can be convicted of a VICAR offense, the government must prove beyond a reasonable doubt that ". . . *the defendant's purpose* in [[committing] [threatening to commit] [attempting to commit] [conspiring to commit]] [*specify crime of violence*] was to gain entrance to, or to maintain, or to increase [his] [her] position in the enterprise[.]" Emphasis added.

Thus, the government must prove each defendant's motive to commit any VICAR offense. And any evidence that the motive was anything but acts related to the enterprise is, therefore, relevant evidence that the defense may argue to the jury.

## II.     ARGUMENT
### A. The Defendants are Allowed to Defend Against the Government's Case

The government asks this Court to preclude evidence from their own witness while never objecting to that evidence. But that evidence is directly relevant to reasonable doubt. So, predictably, the government now objects.

### 1.     Prisons are Violent in Part Because of the CDCR – and that Violence Is Relevant to Motive

To begin, the government's witness (without government objection) testified that prisons "twist your mind and your thinking" and makes prisoners "violent and dangerous." And the government's witness testified that among the things that make prisons "violent and dangerous" are: "guards who encouraged violence;" "guards and officials who talked about what a clean stabbing an inmate had done;" "guards who admitted homemade or prisoner made weapons," and guards who "collaborated" with prisoners about who might be "rats or child molesters." And not all that violence is committed to get in or on behalf of a prison gang – as the government's witness testified.

- 2 -

-     2:19-CR-00107-KJM

And here the prosecution does not merely have to prove beyond a reasonable doubt that the defendants' motives related to the Aryan Brotherhood were *conceivable* reasons for his participation in any violent act; they must be a *substantial* reason. *United States v. Banks*, 514 F. 3d 59, (9th Cir. 2008).[1] Also, "[m]urder *while* a gang member is not necessarily a murder *for the purpose* of maintaining or increasing position in a gang." *Banks*, 514 F.3d at 969.

Thus, evidence or arguments that the defendants acted violently because of another purpose is always relevant. This Court should not preclude any such argument or evidence.

### 2.   **Precluding the Defense Cross Examinations, and Argument Would Violate the Constitution.**

The Sixth Amendment guarantee of compulsory process and the Fifth Amendment guarantee of due process guarantee criminal defendants a meaningful opportunity to present a complete defense. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

Those rights include, "at a minimum . . . the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). And the right to present and establish a defense is a "fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 16 (1967). Likewise, the improper exclusion of defense evidence implicates the constitutional right to put on a defense under the Fifth and Sixth Amendments. *United States v. Turning Bear*, 357 F.3d 730, 735 (8th Cir. 2004).

---

[1] The defense makes this argument under *Banks but* will argue at the jury instruction conference that the even more narrow "but for" standard enunciated in *Burrage v.*

*(Footnote cont'd on next page)*

Here, granting the government's motion to prevent the defense from presenting a complete defense would violate the constitution. "Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010).

At a minimum, "[t]his right includes . . . the right to put before jury evidence that might influence the determination of guilt. Moreover, [w]hen evidence is excluded on the basis of an improper application of the [evidentiary] rules, due process concerns are still greater because the exclusion is unsupported by any legitimate [governmental] justification." *Id*. While "not every [evidentiary] error amounts to a constitutional violation, [this Court's precedent] make[s] clear that *the erroneous exclusion of important evidence will often rise to the level of a constitutional violation*." *Id*.

In *Stever*, the Court determined that the district court erred in excluding third-party culpability evidence. *See id*. at 755-56. The evidence at issue involved the potential that drug trafficking organizations were secretly using private land to grow marijuana. *See id*. The Court found the improper exclusion amounted to a constitutional violation because the evidence, "would have rebutt[ed] the inference that [the defendant] must have committed the [crime] because no one else was in a position to do so." *Id*. at 756. As such, and given that the government's evidence was circumstantial, "the error was not harmless beyond a reasonable doubt, and [the] conviction [was] reversed." *Id*. at 757.

---

*(Footnote cont'd from previous page.)*

*United States*, 571 U.S. 204 (2014). But under either standard, a defendant may always

*(Footnote cont'd on next page)*

Similarly, the government here moves to prevent the defense that would rebut any inference or argument that the defendants committed any violent acts in connection to a Racketeering Organization. Thus, granting the government's motion would violate the defendants' "Sixth Amendment's guarantee of compulsory process or . . . the more general Fifth Amendment guarantee of due process. . . guarantee[] . . . [of] a meaningful opportunity to present a complete defense."

### III.  CONCLUSION

This Court should deny the government's motion to prevent the defense from defending this case.

Dated: February 15, 2024

                                              Respectfully submitted,

                                              */s/ Knut S. Johnson*
                                              Knut S. Johnson, Attorney for William Sylvester

---

*(Footnote cont'd from previous page.)*

broadly defend against motive in a VICAR case.