# SEALED

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | SEALED ORDER |
| v. | |
| Ronald Yandell, | |
| Defendant. | |

The Magistrate Judge previously granted defendant Ronald Yandell's request to authorize the issuance of subpoenas *duces tecum* to the California Department of Corrections and Rehabilitation (CDCR), a third party. The Magistrate Judge issued a short public order, ECF No. 1938, and a lengthier sealed order with a discussion of Yandell's application and the court's reasoning, ECF No. 1989. The Magistrate Judge also authorized the filing of several related documents under seal, including legal memoranda and requests to file under seal. *See* Public Order (ECF No. 1938); Sealed Documents, ECF No. 1940 to 1940-15. CDCR now moves *in camera* to quash the subpoenas. Yandell opposes the motion, and the court held a hearing *in camera* on March 7, 2024.

CDCR argued first at the *in camera* hearing that it should not be ordered to comply with the subpoenas because the order granting Yandell's request to issue those subpoenas was filed under seal. CDCR cites no authority to support its argument, and the court is aware of none.

1 Yandell's application and the Magistrate Judge's order complied with Federal Rule of Criminal
2 Procedure 17 and this court's local rules.  *See* Fed. R. Crim. P. 17(c)(1); E.D. Cal. L.R. 141; *see*
3 *also United States v. Tomison*, 969 F. Supp. 587 (E.D. Cal. 1997).  CDCR also has had ample
4 opportunity to be heard on its present motion to quash, as provided by Rule 17.  *See* Fed. R. Crim.
5 P. 17(c)(2).

CDCR also contends the subpoena does not comply with the standard in *United States v.*
*Nixon* and other controlling authority.  *See United States v. Nixon*, 418 U.S. 683, 699 (1974); *see*
*also, e.g.*, *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018); *United States v. Krane*,
625 F.3d 568, 574 (9th Cir. 2010).  The court has reviewed the subpoenas and finds they meet
that standard, which this court previously has discussed and need not reiterate now.  *See, e.g.*,
Tentative Order (Oct. 20, 2022), ECF No. 1313.

Finally, the court has considered CDCR's assertion of the official information privilege
and the need to protect against the wrongful or dangerous disclosure of sensitive information.  *See*
*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1991) (describing legal standard
for privilege).  The court is satisfied the benefits of disclosure outweigh the potential
disadvantages, provided the information is produced subject to the previously approved attorneys-
eyes only protective order, as the Magistrate Judge ordered.  The court also will continue to
carefully guard against the improper disclosure of sensitive information in open court, as
discussed at the *in camera* hearing.

For these reasons, the court orders as follows:

(1) The *in camera* motion to quash by third party CDCR is **denied**.

(2) Counsel for CDCR is **directed to arrange for filing** of a copy of its *in camera* notice, motion, and all supporting documents under seal on the docket of this action.

(3) This order shall be **filed under seal** and shall be accessible only to counsel for defendant Yandell and third party CDCR.

  (4)  The Clerk's Office is directed to **serve a copy of this order** on counsel for defendant Yandell and on Lucas Hennes, counsel for third party CDCR, by email at Lucas.Hennes@doj.ca.gov.

IT IS SO ORDERED.

DATED: March 8, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE