Rene L. Valladares
Federal Public Defender
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org

Sean A. McClelland
Assistant Federal Public Defender
Nevada State Bar No. 16581
Email: sean_mcclelland@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD YANDELL,<br><br>　　　　　Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**NOTICE OF INTENT TO EXAMINE WITNESS BURHOP REGARDING ATTORNEY–CLIENT COMMUNICATIONS** |

# DISCUSSION

Because the questions of attorney–client privilege and privilege waiver are too complex to explain during a mid-examination objection in front of the jury, counsel for Mr. Yandell submits this notice of intent to (potentially) examine witness Travis Burhop on attorney–client communications.

On today's date, March 14, 2024, government witness Travis Burhop is anticipated to complete his testimony in the above-entitled matter. During Mr. Kalar's cross-examination of Mr. Burhop yesterday, the witness was pressed on the timing of when two key alleged facts were disclosed to the government: (1) Mr. Yandell's alleged involvement with Mr. Weaver in the plan to murder Hugo Pinell; and (2) the timing of any such involvement.

Counsel for Mr. Yandell elicited that, despite Mr. Burhop giving a previous debriefing session at Sacramento County jail, and despite a sixty-eight-page handwritten debrief autobiography—the first time that these two central facts were revealed to the government was during Mr. Burhop's second debriefing session. Moreover, these facts were only revealed to the government during that second debriefing session when Mr. Tim Pori (counsel for Mr. Burhop) and AUSA Jason Hitt (the lead prosecutor here) asked two leading questions encapsulating the desired facts.

In response to these questions and this clear timeline, Mr. Burhop tried to bolster his story. Mr. Burhop protested that he had previously revealed these facts to his attorney, Tim Pori. Those answers were not in response to any pending question, which were carefully limited to disclosures to the federal government and state investigators.

By seeking refuge in the claim that he had previously revealed these hotly-contested facts to his defense attorney, Mr. Burhop expressly waived the attorney–client privilege on this topic. *See Gomez v. Vernon*, 255 F.3d 1118, 1131–32 (9th Cir. 2001). Of course, like every federal court the Ninth Circuit has recognized the long-standing privilege of attorney–client confidentiality. *Id.* The privilege is the "oldest of the privileges

2

for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

This privilege can, however, be waived. *See Gomez*, 255 F.3d at 1131–32. As the Ninth Circuit has explained, "The privilege . . . is not absolute. The privilege may be waived by the client either implicitly, by placing privileged matters in controversy, *or explicitly*, by turning over privileged documents. Inadvertent disclosure can also result in a waiver of the privilege." *Id.* (emphasis added).

Mr. Burhop bolstered his own testimony—apparently attempting to rebut the defense-elicited evidence that key facts were put into his mouth by his attorney and AUSA Hitt during a debrief session—when he testified that he had previously disclosed these key facts to his attorney. That testimony was not responsive to any pending cross-examination question. In so doing, Mr. Burhop explicitly waived the attorney–client privilege. *See id.*

During yesterday's cross-examination, undersigned counsel made the strategic decision not to further explore the communications between Mr. Burhop and his attorney, Mr. Pori. If the issue is not brought up again today by the government during re-direct, Mr. Yandell's counsel will not raise the issue of communications with Mr. Pori during re-cross.

The defense position must change, however, if the government attempts to bolster Mr. Burhop's credibility during re-direct by discussing eliciting testimony about previous communications between Mr. Pori and Mr. Burhop. If the government revisits alleged Burhop–Pori communications outside of the debriefing session during re-direct, the defense will be forced to thoroughly explore this issue on re-cross. No attorney–client privilege survives on this topic that would prevent such questioning, because of Mr. Burhop's explicit waiver during his testimony yesterday.

Put simply, Mr. Burhop (and the government) cannot use the attorney–client privilege as both as sword and a shield.

In addition to questioning Mr. Burhop on this topic during re-cross, should the issue be revisted by the government during re-direct, Mr. Yandell's counsel will be forced to:

1. Serve Mr. Pori with a subpoena duces tecum for responsive materials in his case file,
2. Seek a trial subpoena for Mr. Pori's testimony on the topic;
3. Designate Mr. Burhop as subject to recall.

If the government forces this issue on re-direct, these steps will be necessary to guarantee Mr. Burhop's Confrontation Clause rights to effectively cross-examination on the government's most-important witness, on the two most-important facts to Mr. Yandell's defense.

Dated: March 14, 2024.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

/s/ Brian D. Pugh
BRIAN D. PUGH
Assistant Federal Public Defender

/s/ Sean A. McClelland
SEAN McCLELLAND
Assistant Federal Public Defender


Law Office of Steven G. Kalar

/s/ Steven G. Kalar
STEVEN G. KALAR

4