Rene L. Valladares
Federal Public Defender
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org
Sean A. McClelland
Assistant Federal Public Defender
Nevada State Bar No. 16581
Email: sean_mcclelland@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RONALD YANDELL, and <br><br> WILLIAM SYLVESTER, <br><br> Defendants. | Case No. 2:19-CR-00107-KJM <br><br> **RESPONSE TO GOVERNMENT MOTION IN LIMINE UNDER RULE 902 (ECF No. 2024)** <br><br> Date: March 25, 2024 <br> Time: 1:00 p.m. <br><br> Chief Judge Kimberly J. Mueller, United States District Court |

## I. INTRODUCTION

Over three weeks into trial, the government wants to self-authenticate various items via out-of-court certification under Rule 902(14). ECF No. 2024. But that Rule—like Rule 902(11)—only permits such self-authentication via notice "[b]efore the trial." FED. R. EVID. 902(11); *see id.* 902(14) (incorporating same requirement); *see also United States v. Weiland*, 420 F.3d 1062, 1072 n.7 (9th Cir. 2005) (emphasizing that there is no for-cause "exception" to that requirement). And letting the government avoid that "plain language" requirement here would prejudice the defense by letting in potentially critical evidence without in-court testing. *Weiland*, 420 F.3d at 1072 n.7. The government's motion should thus be denied.

## II. ARGUMENT

The government cannot authenticate via Rule 902(14) mid-trial. And creating a new exception to let the government do so here would prejudice the defense. The government's motion should therefore be denied.

Rule 902(14) self-authentication can only be done pre-trial. Per the Rule, the proponent of such evidence "must give" notice and its proposed certification "[b]efore the trial." FED. R. EVID. 902(11); *see id.* 902(14) (incorporating the same notice requirement as Rule 902(11); "The proponent also must meet the notice requirements of Rule 902(11)."); *see also Weiland*, 420 F.3d at 1072–73 & n.7 (error to permit authentication under Rule 902(11) where government failed to provide pre-trial notice and attempted to do self-authentication during trial). Even good cause cannot excuse non-compliance with that requirement; the Rule "does not contain an exception to the notice requirement for cause shown—good or otherwise." *Weiland*, 420 F.3d at 1072 n.7. So any attempted Rule 902(14) self-authentication "must" happen, if at all, before trial begins. FED. R. EVID. 902(11), 902(14); *see Weiland*, 420 F.3d at 1072–73 & n.7.

The government provided no pre-trial notice of its intent to authenticate these wiretaps and messages via Rule 902(14). Instead, the government provided notice and its

3

proposed certification on the subject on Friday, March 15—roughly three weeks into its case in chief. *See* ECF No. 2024 at 3 (government acknowledging it provided notice on that date). That is not "[b]efore the trial." FED. R. EVID. 902(11), 902(14); *see Weiland*, 420 F.3d at 1072–73 & n.7. And indeed, the government offers no authority that would authorize the Court to overlook that "[b]efore the trial" notice requirement now. FED. R. EVID. 902(11), 902(14).[1] For good reason: there is none. *Weiland*, 420 F.3d at 1072 n.7 ("Rule 902(11) does not contain an exception to the notice requirement for cause shown—good or otherwise."). So the government cannot self-authenticate these items under Rule 902(14) now. *Id.*

Moreover, allowing the government to improperly self-authenticate the items via out-of-court certification here would prejudice the defense. The government apparently wants these wiretaps and messages to fix significant deficiencies in its case. *See* ECF No. 2024 at 3 (identifying that the government has "made the decision to introduce these additional calls and messages" "in response to questions that the defendants asked other witnesses in cross-examination"). Whether, and if so how, Mr. Pell's alleged authentication of these newly offered items is defective is therefore potentially critical evidence. Permitting the government to skirt the Rule's pre-trial notice requirement thus risks improper admission of these items. These items should be authenticated, it at all, via ordinary in-court testimony.

---

[1] The government's two cases on this issue—neither binding—both involved pre-trial notices. *See* ECF No. 2024 at 4–5 (citing *United States v. Daniels*, 723 F.3d 562, 580–81 (5th Cir. 2013) (five days before trial); *United States v. Bundy*, No. 2:16-CR-46-GMN-PAL, 2017 WL 523009, at *2 (D. Nev. Feb. 8, 2017) (two weeks before trial)). And that matters: both cases also confirm that self-authentication under these rules must be done "before trial." *Daniels*, 723 F.3d at 580 ("before trial"); *Bundy*, 2017 WL 523009, at *2 ("before trial"); *see also Weiland*, 420 F.3d at 1072–73 & n.7 (similar). They therefore cannot justify the government's mid-trial efforts here.

### III. CONCLUSION

The government failed to provide requisite notice "[b]efore the trial." FED. R. EVID. 902(11), 902(14). And letting it create a new "exception" to avoid that "plain language" requirement would prejudice the defense. *Weiland*, 420 F.3d at 1072 n.7. The Court should thus deny the government's motion to self-authenticate these materials via mid-trial out-of-court certification.

Dated this March 22, 2024.

    Respectfully submitted,

    Rene L. Valladares
    Federal Public Defender

    */s/ Brian D. Pugh*
    BRIAN D. PUGH
    Assistant Federal Public Defender

    */s/ Sean A. McClelland*
    SEAN A. McCLELLAND
    Assistant Federal Public Defender

    Law Office of Steven G. Kalar

    */s/ Steven G. Kalar*
    STEVEN G. KALAR