PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00107-KJM |
|---|---|
| Plaintiff, | UNITED STATES' REPLY IN SUPPORT OF MOTION FOR FINDING OF SELF-AUTHENTICATION OF EXHIBITS PURSUANT TO RULE 902(14) |
| v. | |
| RONALD YANDELL, DANNY TROXELL, and WILLIAM SYLVESTER, | DATE: March 25, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Kimberly J. Mueller |
| Defendants. | |

## I.  INTRODUCTION

The United States submits this reply to the defendants' opposition to its motion for a finding of self-authentication of exhibits pursuant to Rules 902(14) and 902(11). Opp'n, ECF 2043. In their opposition, the defendants do not claim that they have not had enough time to review or challenge Terrance Pell's 902(14) certificate. Nor do they identify any flaws in the 902(14) certificate itself. Rather, they seek to preclude the United States from introducing incriminating evidence by resorting to an unduly rigid reading of 902(11) that requires pretrial notice even when, as here, the United States seeks to use Rule 902(14) to respond to mid-trial issues that could not have been anticipated before trial. *See generally* Opp'n, ECF 2043.

But this argument fails, because the pretrial notice requirement of Rule 902(11) is intended only to give the defendants a sufficient opportunity to challenge the 902(11) certificate, and courts have held

that even mid-trial notice is sufficient under Rule 902(11).  Here, the United States provided its 902(14) notice eleven days before the United States intends to introduce wiretapped calls and messages, giving the defendants more than enough time to challenge Pell's 902(14) certificate—particularly because the defendants have already had the opportunity to cross-examine Pell about the authentication processes he used.  The Court should therefore find that the United States provided sufficient notice under Rule 902(11) and 902(14) and find that Exhibits 143.1B, 417B, 418, and 421B are self-authenticating.

## II. DISCUSSION

The notice requirement of Rule 902(11)—which Rule 902(14) incorporates—requires the proponent of a 902(11) certificate to provide the adverse party with "reasonable notice of the intent to offer the record" so that the opposing party "has a fair opportunity to challenge" the certificate.  Fed. R. Evid. 902(11).  The purpose of this notice requirement is to "give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration."  Fed. R. Evid. 902 advisory committee's notes to 2000 amendments.

Here, the United States' notice—provided eleven days before the United States intends to use the calls at trial—is more than sufficient to give the defendants "a fair opportunity to challenge" the certificate.  Fed. R. Evid. 902(11).  As the United States discussed in its motion, courts routinely find that even shorter periods of notice are sufficient.  *See* Mot. at 5–6, ECF 2024.  And notably, in their opposition, the defendants do not claim that they have insufficient time to have a fair opportunity to challenge Pell's certificate.  Nor would any such argument make sense, given that they have already had a full opportunity to cross-examine Pell during this trial about the exact process he used in this case to authenticate the wiretapped calls and messages.  The United States has therefore complied with Rule 902(11) and the wiretapped calls and messages in Exhibits 143.1B, 417B, 418, and 421B[1] are self-authenticating.

Instead of addressing the substance of the certificate, the defendants seek to preclude the United

---

[1] As mentioned in its motion, the United States also plans to introduce an additional clip of a wiretapped call (Exhibit 76) from a disc that Pell previously authenticated, Exhibit 47B.  *See* Mot. at 3 n.2, ECF 2024.  Because Pell previously testified about the process he used to authenticate that wiretap disc, there is no need to further authenticate Exhibit 76 and this exhibit is not the subject of the current motion.

States from introducing damning evidence of their guilt by arguing that the United States should have provided pretrial notice of this evidence, even though it decided to introduce in response to mid-trial issues.  Thus, the defendants argue, the United States cannot rely on Rule 902(14) and must instead recall Terry Pell to travel from Nebraska and—once again—explain the exact same steps he took to authenticate these wiretapped calls and messages.

This argument is illogical and inconsistent with the dual purposes of authentication of electronic evidence under Rule 902:  (1) to avoid the "unnecessary" "expense and inconvenience of producing a witness to authenticate an item of electronic evidence"; and (2) to give the opponent of the 902(11) notice enough time to challenge the certificate.  Fed. R. Evid. 902 advisory committee's notes to 2017 amendments; Fed. R. Evid. 902 advisory committee's notes to 2000 amendments.

And Rule 902(11) is not so rigid as the defendants claim.  While Rule 902(11) states that notice must be given "[b]efore the trial or hearing," courts allow the proponent of a 902(11) record to introduce evidence so long as the proponent gives sufficient notice, even when it provides notice during trial. *United States v. Daniels*, 723 F.3d 562, 581 (5th Cir.), *on reh'g in part,* 729 F.3d 496 (5th Cir. 2013).  In *Daniels*, for instance, the Fifth Circuit affirmed the district court's decision to admit business records under Rule 902(11) where the government produced a 902(11) certificate "at the beginning of the second day of trial."[2]  *Id.* at 579–81.  The court noted that the defendants still had three days' notice to challenge the 902(11) certificates, which it ruled was "a duration not materially unlike the five-day notice that [the court] considered sufficient" in other cases.  *Id.* (citing *United States v. Olguin*, 643 F.3d 384, 390 (5th Cir. 2011)).  Similarly, a district court in Georgia noted that, because "the notice required is only enough to give the other party a fair opportunity to challenge the certification," the "notice provisions could be met during trial."  *Chadwick v. Bank of Am., N.A.*, No. 1:12-CV-3532-TWT, 2014 WL 4449833, at *4 and n.52 (N.D. Ga. Sept. 9, 2014), *aff'd,* 616 F. App'x 944 (11th Cir. 2015) (quoting Federal Courtroom Evidence § 902.11 ("Thus, it appears that, in the absence of a directive from the court, notice may be given during trial before the records would be offered.")).

---

[2] The *Daniels* Court noted that the version of Rule 902(11) in effect at the time was before Rule 902(11) was amended to require "reasonable written notice" "[b]efore the trial or hearing," but it noted that this amendment was "stylistic only."  *Daniels*, 723 F.3d at 579 (citing Fed. R. Evid. 902 advisory committee's notes to 2011 amendments).

These rulings make sense, because Rule 902(11) does not require perfect compliance, but rather only "substantial compliance." *See United States v. Komasa*, No. 2:10-CR-72, 2012 WL 5392099, at *4 (D. Vt. Nov. 5, 2012), *aff'd,* 767 F.3d 151 (2d Cir. 2014). In *Komasa*, for instance, the Second Circuit affirmed the district court's decision to admit business records under Rule 902(11) where the government provided only oral notice of its intent to rely on Rule 902(11) and not written notice, as the rule expressly requires. *United States v. Komasa*, 767 F.3d 151, 155–56 (2d Cir. 2014); *see also* Fed. R. Evid. 902(11) (requiring the proponent of a 902(11) certificate to give "written notice"). In its decision holding that the government's substantial compliance with Rule 902(11) was sufficient, the Second Circuit found it "especially" relevant that the defendants did, in fact, have a chance to challenge the 902(11) certificates. *Id.* If only "substantial compliance" is required for the "written" notice requirement, it follows that only "substantial compliance" is required for the pretrial notice requirement as well, especially in a case like this one, where the defendants still received ample notice before evidence was introduced and have already had an opportunity to challenge the authentication procedures used by the 902(14) declarant.

Here, the United States' notice—provided eleven days before it intends to introduce the wiretapped calls and messages—is sufficient for "substantial compliance" with Rule 902(11), even though the United States did not provide this notice before trial. Indeed, the United States could not have known prior to trial that it would need to introduce these new wiretapped calls and messages—and thus need to rely on Rule 902(14)—because these new calls and messages respond to arguments, questions, and exhibits that the defendants first raised or introduced *during* trial.[3] Pretrial notice was not

---

[3] In particular, Exhibit 143.1 responds directly to Yandell's claims about the Maynard murder in 2016 being an act of "self-defense." During the intercepted call in Exhibit 143.1, Yandell makes plain that the murder of Maynard at High Desert occurred because (1) Maynard ran up a drug debt to black inmates and (2) spoke disparagingly about Sylvester, and he explains that he and Pat Brady discussed the attack on Maynard before it happened. By putting the circumstances of Maynard's murder at issue, Yandell has increased the probative value of this exhibit in a way that could not have been anticipated before trial. Similarly, Exhibit 417B responds to Yandell's trial theory that Gary Littrell (or CDCR) was responsible for orchestrating the murder of Hugo Pinnell. In Exhibit 417, Sylvester confirms that Jayson "Beaver" Weaver is part of a "new generation" of Aryan Brotherhood members in a call made after Pinnell's murder. Moreover, Exhibits 418 and 421 confirm that Yandell and Sylvester were arranging for money to be placed on the inmate accounts for Pinnell's murderers (Weaver and Pitchford) because, as Yandell explains in Exhibit 421, Weaver is one of the "people that do shit for us," and he is still in the hole (administrative segregation). Again, Yandell's trial strategy through argument, items of evidence introduced, and cross-examination questions has substantially increased the probative value of these

1 possible.

2      In addition, requiring strict notice "before trial" for issues that arise *during* trial is not consistent
3 with the purpose of notice under Rule 902(11): to "give the opponent of the evidence a full opportunity
4 to test the adequacy of the foundation set forth in the declaration." Fed. R. Evid. 902 advisory
5 committee's notes to 2000 amendments. Here, the defendants have undoubtedly had a full opportunity
6 to review and challenge Pell's certificate, and, in fact, they have already had a chance to cross-examine
7 Pell in trial about the methods he used to authenticate the wiretap. In other words, as in *Komasa*, it is
8 "especially" relevant that the defendants have had a chance to challenge Pell's method of authenticating
9 the wiretapped calls and messages. 767 F.3d at 155. The United States' notice therefore met the
10 purpose of Rule 902's notice requirement, even though the United States did not—and could not—
11 provide this notice until the middle of trial itself.

12      Finally, *United States v. Weiland* is no help to the defendants, because *Weiland* stands for the
13 unremarkable proposition that Rule 902(11) requires *some* notice—not that it requires pretrial notice.
14 420 F.3d 1062, 1072 (9th Cir. 2005). In *Weiland*, the government "never" provided notice of its intent
15 to rely on Rule 902(11), and it did not even make the Rule 902(11) declaration available for the
16 defendants to inspect until "after" it sought to admit evidence. 420 F.3d at 1072. The Ninth Circuit held
17 that this complete "lack of notice" violated both the "letter and the spirit of Rule 902(11)" and provided
18 the defendant with "substantially no opportunity to verify the authenticity of either the records or any
19 foundational testimony or affidavits." *Id.* at 1072. Nowhere in *Wieland* did the Ninth Circuit hold that
20 Rule 902(11) requires *pretrial* notice, and the defendants have not cited a single case in which a court
21 found a Rule 902(11) certificate untimely merely because it was provided during trial.

22      The situation in this case, of course, is nothing like *Weiland* because the United States provided
23 the defendants with notice eleven days before it intends to introduce the wiretapped calls and messages
24 that Pell authenticated through his Rule 902 certificate. The Court should reject the defendants'
25 attempts to extend *Weiland* beyond its straightforward holding that Rule 902(11) requires notice so that
26 the defendants can have the "opportunity to verify the authenticity of either the records or any

27 ─────────────
28 exhibits.

foundational testimony or affidavits." *Id.* at 1072.

### III. CONCLUSION

The United States asks this Court to grant its motion and find that Exhibits 143.1B, 417B, 418, and 421B are self-authenticating based on Terrance Pell's 902(14) certificate.

Dated: March 24, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROSS PEARSON
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys