PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONALD YANDELL, ET AL.,

Defendants.

CASE NO. 2:19-CR-00107-KJM

UNITED STATES' MOTION FOR EXPRESS FINDING OF THE EXISTENCE OF A CONSPIRACY FOR PURPOSES OF RULE 801(d)(2)(E) AND [PROPOSED] ORDER

DATE: March 28, 2024
TIME: 9:00 a.m.
COURT: Hon. Kimberly J. Mueller

Under Rule 801(d)(2)(E), an out-of-court statement is admissible as non-hearsay where the United States demonstrates by a preponderance of the evidence that: (1) a conspiracy existed when the statement was made; (2) both the declarant and the defendant against whom the statement is offered were members of that conspiracy; and (3) the statement was made during the course of, and in furtherance of, the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

The United States moves for this Court to make two express[1] findings relating to the *Bourjaily*

[1] Under Ninth Circuit precedent, express findings of the existence of a conspiracy for purposes of Rule 801(d)(2)(E) are not required, but the United States still asks this Court to make an express finding out of an abundance of caution. *See United States v. Lutz*, 621 F.2d 940, 947 (9th Cir. 1980) ("[W]e have not required the trial court to make an explicit finding that a coconspirator's statements are admissible.") (quoting *United States v. Giese*, 597 F.2d 1170, 1198 (9th Cir. 1979) ("Submission of the case to the jury, with instructions that it can consider co-conspirators' statements, is an indication that the court has found independent evidence establishing a prima facie case. We will not find error unless the evidence is insufficient.").

prongs for admission of co-conspirator statements. First, the United States asks this Court to find that the California Aryan Brotherhood was a conspiracy for purposes of Rule 801(d)(2)(E), and that this Aryan Brotherhood conspiracy existed from at least 2003[2] to 2021. Specifically, in this case, the Court has heard evidence from several different sources that establish the existence of this conspiracy, including multiple members of the Aryan Brotherhood conspiracy itself, dozens of wiretapped calls between members of the conspiracy, and witnesses in law enforcement and corrections who observed the joint action of the members of the conspiracy through their work.

Such evidence easily satisfies the low threshold for a finding under *Bourjaily* pursuant to Rule 104(a) of the Federal Rules of Evidence.[3] Here, "the contents of the co-conspirator statements" contained within the overtly incriminating wiretapped calls introducing during trial themselves are sufficient should be sufficient to make that finding.[4] *United States v. Musaibli*, 42 F.4th 603, 615 (6th Cir. 2022). But, the Court is not limited to just the overtly-incriminating intercepted calls. In addition to the extensive co-conspirator wiretapped intercepts discussing murders, plots to murder, and drug trafficking during and in furtherance of the conspiracy, the government has also presented overwhelming "independent, corroborating evidence" in the form of sworn testimony from Jeremy Beasley, Donald Mazza, Travis Burhop, Samuel Keeton, Kristin Demar, and Nickolas Perez. *Id.* This evidence demonstrates that the California Aryan Brotherhood was a conspiracy for purposes of Rule 801(d)(2)(E), and that this Aryan Brotherhood conspiracy existed from at least 2003 to 2021.

The record before the Court also includes substantial independent, corroborating evidence in the form of sworn guilty pleas accepted by the Court from charged co-conspirators. *See generally* Mot. for

---

[2] 2003 is the date on which one of the United States' cooperating witnesses, Don Mazza, testified that he arrived at Pelican Bay. At that time, Mazza testified that Danny Troxell was already on the commission of the Aryan Brotherhood. While the United States believes that the Court would be legally justified in finding the existence of a conspiracy predating this time, the United States is only asking for this narrower finding.

[3] The preponderance finding under Rule 104(a) is a low threshold – the Court need only find "more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Bourjaily*, 483 U.S. at 175.

[4] It is also worth noting that in making this preponderance determination, the incriminating statements made by Yandell, Sylvester, and Troxell in every wiretapped call introduced into evidence at trial are not hearsay; they are each admissible as substantive admissions of a party opponent. *See United States v. Reed*, 726 F.2d 570, 580 (9th Cir. 1984) ("'[D]efendant's own statements are admissions wholly apart from the coconspirator exception and as such are admissible as nonhearsay.'").

Pretrial Finding of Conspiracy, ECF 1699. Each sworn guilty plea constitutes a robust evidentiary set of factual admissions to find the existence of the Aryan Brotherhood writ large was a conspiracy for purposes of Rule 801(d)(2)(E) and this conspiracy in this case. In addition, the Court can consider the lengthy, sworn criminal complaint from DEA Special Agent Brian Nehring detailing the existence of the Aryan Brotherhood conspiracy. ECF 1699.

These independent, overlapping sources of evidence provide overwhelming support for the minimal threshold finding by a preponderance that the Aryan Brotherhood and its members and associates operated with shared interests and common objectives: (1) controlling illegal activities in the California prison system, (2) enriching its members and associates, (3) enhancing the power of the Aryan Brotherhood through violence, and (4) using violence to keep others in fear of the Aryan Brotherhood. *See* Nehring Aff. at 20, ECF No. 1. This "unity of interests" and the common purposes prove that the Aryan Brotherhood "writ large" operated as a conspiracy for purposes of Rule 801(d)(2)(E). *See Musaibli*, 42 F.4th at 618; *United States v. Marino*, 277 F.3d 11, 25–26 (1st Cir. 2002). The United States therefore asks the Court to make this finding.

Second, the United States asks this Court to find that, at a minimum, the following individuals were coconspirators of the Aryan Brotherhood conspiracy for purposes of Rule 801(d)(2)(E):

1. Ronald Yandell
2. Danny Troxell
3. William Sylvester
4. Travis Burhop
5. Brant Daniel
6. Donald Mazza
7. Pat Brady
8. Jason Corbett
9. Matthew Hall
10. Samuel Keeton
11. Michael Torres
12. Jeanna Quesenberry

13. Kevin MacNamara
14. Kristen Demar
15. Justin Petty
16. Kathleen Nolan
17. Nicholas Perez
18. Jeremy Beasley
19. Jayson "Beaver" Weaver
20. Elliot "Rascal" Grizzle
21. Waylon Pitchford
22. Kenneth "Kenwood" Johnson
23. John Stinson
24. Todd Ashker
25. Gary Littrell
26. Michael Trippe
27. James Mickey
28. Michael "Mikey" Vintanza (wiretap calls; testimony of Agent McClure; testimony of Mazza)
29. Wayne "Bullet" Marshall (testimony of Burhop, Mazza, Keeton)
30. Cory "Cordless" Shaw (testimony of Burhop, Mazza)
31. Frank Clement (testimony of Burhop, Mazza)
32. Michael "Ghost" Bonfiglio (testimony of Burhop)
33. Jeff Smith (testimony of Burhop, Keeton)
34. Dave Chance (wiretap calls; testimony of Mazza, Beasley)
35. Donald Pequeen (wiretap calls; testimony of Mazza)
36. Danny Christensen (testimony of Mazza)
37. Dale Bretches (testimony of Mazza)
38. Rick Rainey (testimony of Mazza, Beasley)
39. Steve Oliveras (testimony of Mazza, Beasley)

40. Danny Bartosh (testimony of Mazza)
41. Robert Griffin (testimony of Mazza)
42. Marvin Stanton (testimony of Mazza, Beasley)
43. Phil Fortman (testimony of Mazza)
44. Ricky Terflinger (testimony of Mazza, Beasley)
45. Devlin Stringfellow (testimony of Mazza, Burhop)
46. Richard Miley (testimony of Mazza, Beasley)
47. Ronald Slocum (testimony of Mazza)
48. William Shoop (testimony of Mazza)

Each of these individuals was a member of the Aryan Brotherhood conspiracy for purposes of Rule 801(d)(2)(E) who communicated its messages and acted in furtherance of its shared goals. As such, the United States asks this Court to find that statements made by any of these co-conspirators in furtherance of the Aryan Brotherhood conspiracy are admissible against their fellow co-conspirators Yandell, Sylvester, and Troxell. *See* Fed. R. 801(d)(2)(E).

Dated: March 27, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROSS PEARSON
ROSS PEARSON
Assistant United States Attorney

**[PROPOSED] ORDER**

For the reasons set forth in the government's motion and the points and authorities set forth in ECF 1699, the Court finds by a preponderance of the evidence that the California Aryan Brotherhood was a conspiracy for purposes of Rule 801(d)(2)(E), that the Aryan Brotherhood conspiracy in this case existed from at least 2003 to 2021, and that statements made by the co-conspirators identified above in during and in furtherance of the Aryan Brotherhood conspiracy are admissible against their co-conspirators Ronald Yandell, William Sylvester, and Danny Troxell. Fed. R. Evid. 801(d)(2)(E); *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

**IT IS SO FOUND AND ORDERED.**

DATE:

THE HONORABLE KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE