PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-0107 KJM |
| Plaintiff, | GOVERNMENT'S PROPOSED JURY INSTRUCTIONS |
| v. | |
| RONALD YANDELL, DANNY TROXELL, and WILLIAM SYLVESTER, | |
| Defendants. | |

The United States of America, by and through its attorneys, Assistant United States Attorneys Jason Hitt, Ross Pearson, and David Spencer, respectfully submit the following proposed jury instructions.  The United States requests permission to supplement these instructions depending on the evidence presented during the defense case-in-chief and any government rebuttal case.  Unless otherwise noted, the United States has used the most recent version of the Jury Instructions (2022) found on the Ninth Circuit's website at:  *https://www.ce9.uscourts.gov/jury-instructions/model-criminalManual of Model Criminal Jury Instructions | Model Jury Instructions (uscourts.gov)*

Dated:  March 29, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *Jason Hitt*
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant U.S. Attorneys

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Jury Deliberations

INSTRUCTION NO. 1

**Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 6.1 (2022) (*approved 5/2020*)

Government's Proposed Jury Instruction No. 1

INSTRUCTION NO. 2

**Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence.  Each defendant has pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, each defendant does not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 6.2 (2022) (*approved 12/2017*) (modified for multiple defendants)

Government's Proposed Jury Instruction No. 2

INSTRUCTION NO. 3

**Defendant's Decision Not to Testify [If Applicable]**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendants did not testify.

**Defendant's Decision Not to Testify [If Applicable]**

Defendant [insert name of testifying defendant or defendants] has testified.  You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 6.3 (2022) (*approved 12/2017*) (modified for multiple defendants)

9TH CIR. CRIM. JURY INST. 6.4 (2022) (*approved 12/2017*) (modified for potential of one or more defendants testifying)

Government's Proposed Jury Instruction No. 3

INSTRUCTION NO. 4

**Reasonable Doubt Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 6.5 (2022) (*approved 9/2021*)

Government's Proposed Jury Instruction No. 4

INSTRUCTION NO. 5

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

9TH CIR. CRIM. JURY INST. 6.6 (2022) (*approved 12/2017*)

Government's Proposed Jury Instruction No. 5

INSTRUCTION NO. 6

**What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 6.7 (2022) (*approved 3/2018*)

Government's Proposed Jury Instruction No. 6

INSTRUCTION NO. 7

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 6.8 (2022) (*approved 12/2017*)

Government's Proposed Jury Instruction No. 7

INSTRUCTION NO. 8

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 6.9 (2022) (*approved 12/2017*)

Government's Proposed Jury Instruction No. 8

INSTRUCTION NO. 9

**Activities Not Charged**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

9TH CIR. CRIM. JURY INST. 6.10 (2022) (*approved 12/2017*) (modified for multiple defendants)

Government's Proposed Jury Instruction No. 9

INSTRUCTION NO. 10

**Separate Consideration of Multiple Counts—Multiple Defendants**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant.

9TH CIR. CRIM. JURY INST. 6.13 (2022) (modified for structure of charges in this case)

Government's Proposed Jury Instruction No. 10

INSTRUCTION NO. 11

**On or About—Defined**

The indictment charges that the offenses were committed "on or about" or "in or around" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

9TH CIR. CRIM. JURY INST. 6.18 (2022) (modified to reflect allegations in this indictment)

Government's Proposed Jury Instruction No. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Consideration of Particular Evidence**

INSTRUCTION NO. 12

**Statements by Defendants or Co-defendants**

You have heard testimony that the defendants made statements.  It is for you to decide (1) whether each defendant made the statements, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statements, including the circumstances under which each defendant may have made them.

9TH CIR. CRIM. JURY INST. 3.1 (2022) (modified to add multiple defendants)

Government's Proposed Jury Instruction No. 12

INSTRUCTION NO.  13

**Other Crimes, Wrongs or Acts of the Defendants**

You have heard evidence that each defendant committed other crimes or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of each the defendants' modus operandi, common scheme and plan, knowledge of the criminal enterprise, and to corroborate the testimony of witnesses and for no other purpose.  You may not consider this evidence as evidence of guilt of the crimes for which each defendant is now on trial.

9TH CIR. CRIM. JURY INST. 3.3 (2022) (*approved 3/2018*) (modified for facts of this trial)

Government's Proposed Jury Instruction No. 13

INSTRUCTION NO. 14

**Impeachment, Prior Convictions of the Defendants**

You have heard evidence that defendants Yandell and Sylvester have previously been convicted of a crime.  You may consider that evidence only as it may affect each defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crimes for which the defendants are now on trial.

9TH CIR. CRIM. JURY INST. 3.6 (2022) (*approved 3/2018*) (modified)

Government's Proposed Jury Instruction No. 14

INSTRUCTION NO. 15

**Testimony of Witnesses Involving Special Circumstances**

**— Immunity, Benefits, Accomplice, Plea**

You have heard testimony from Donald Mazza, Travis Burhop, Samuel Keeton, Nickolas Perez, and Kristin Demar, witnesses who pleaded guilty to crimes arising out of the same events for which each of the defendants is on trial.  Their guilty pleas are not evidence against any of the defendants, and you may consider those guilty pleas in determining each witness's believability.

In addition, their testimony was given in exchange for favored treatment from the government in connection with this case.

Finally, you heard the testimony of Travis Burhop, a witness who received immunity.  That testimony was given in exchange for a promise by the government that his testimony will not be used in any case against him.

For these reasons, in evaluating the testimony of Donald Mazza, Travis Burhop, Samuel Keeton, Nickolas Perez, and Kristin Demar, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of these witness with greater caution than that of other witnesses.

9TH CIR. CRIM. JURY INST. 3.9 (2022) (modified)

Government's Proposed Jury Instruction No. 15

INSTRUCTION NO. 16

**Government's Use of Undercover Agents and Informants**

You have heard testimony from DEA Special Agent Nehring who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

9TH CIR. CRIM. JURY INST. 3.10 (2022) (*approved 3/2018*) (modified for this case)

Government's Proposed Jury Instruction No. 16

INSTRUCTION NO. 17

**Eyewitness Identification**

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider the following:

(1), the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2), whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3), any inconsistent identifications made by the eyewitness;

(4), the witness's familiarity with the subject identified;

(5), the strength of earlier and later identifications;

(6), lapses of time between the event and the identification[s]; and

(7), the totality of circumstances surrounding the eyewitness's identification.

9TH CIR. CRIM. JURY INST. 3.11 (2022) (*approved 6/2019*)

Government's Proposed Jury Instruction No. 17

INSTRUCTION NO. 18

**Opinion Evidence, Expert Witness**

You have heard testimony from Dr. Stephanie Fiore, Dr. Katherine Callahan, Dr. Brian Nagao, Jonathan Dumke, Tamla Larsen, KeiSharra Eldridge, Keith Chan, Todd Davis, Suk Fullbright, who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 3.14 (2022) (*approved 3/2023*)

Government's Proposed Jury Instruction No. 18

INSTRUCTION NO. 19

**Facts and Lay Opinion Testimony**

You have heard testimony from retired CDCR Special Agent Doug McClure who testified to both facts and opinions and the reasons for those opinions.  I will describe the two types of testimony.  The first is fact testimony.  Fact testimony is based on what the witness personally saw, heard, or did.  The second is what is called "lay opinion testimony."

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

As to the lay opinion testimony, this testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said.  You should judge this testimony like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves.  When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testifying about a lay opinion based on the witness's perceptions.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

9TH CIR. CRIM. JURY INST. 3.15 (2022) (*approved 3/2023*) (modified version of Option 3 in the instruction to address the situation of a witness (here, retired Special Agent McClure) who gives fact testimony and lay opinion testimony but not expert witness testimony)

Government's Proposed Jury Instruction No. 19

INSTRUCTION NO. 20

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 3.16 (2022) (*approved 3/2018*)

Government's Proposed Jury Instruction No. 20

INSTRUCTION NO. 21

**Knowingly**

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that a defendant knew that his acts or omissions were unlawful.  You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 4.8 (2022) (*approved 9/2022*) (modified)

Government's Proposed Jury Instruction No. 21

**Conspiracy and Racketeering Offenses**

1

INSTRUCTION NO. 22

2

**Conspiracy: Defined**

3   I will now explain to you the general law regarding conspiracies.  Every Count has instructions.

4   In addition to those, the next two instructions on conspiracies generally apply to the following charges:

5   (1) the RICO conspiracy charged in Count One;

6   (2) the conspiracies to commit murder in aid of racketeering charged in Count Two, Three, Four,

7   Five, and Six; and

8   (3) the conspiracies to distribute and possess with intent to distribute methamphetamine and

9   heroin murder charged in Counts Seven and Twelve.

10   A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit

11   one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not

12   matter whether the crime agreed upon was committed.

13   For a conspiracy to have existed, it is not necessary that the conspirators made a formal

14   agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they

15   simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

16   You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an

17   object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed

18   to commit.

19

20

21

22

23

24

25

26

27

28

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

9TH CIR. CRIM. JURY INST. 11.1 (2022) (*approved 6/2019*) (modified for charges in this case)

Government's Proposed Jury Instruction No. 22

INSTRUCTION NO. 23

**RICO Conspiracy – Count One**

Count One charges a violation of Section 1962(d) of Title 18 of the United States Code that the defendants Ronald Yandell, Danny Troxell, and William Sylvester – along with others known and unknown – knowingly and intentionally conspired with at least one other person to conduct or to participate in the conduct of the affairs of a racketeering enterprise – specifically, the indictment alleges that the enterprise is the Aryan Brotherhood, including its leaders, members, and associates.

"RICO" refers to the Racketeer Influenced and Corrupt Organizations Act found at Sections 1961 and 1962 of Title 18 of the United States Code.

In order for a defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, between in or around October 2011, and continuing to in or around June 2019, there was an agreement between two or more persons to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise (here, the Aryan Brotherhood) through a pattern of racketeering activity;

Second, the enterprise, the Aryan Brotherhood, was engaged in, or its activities affected or would affect, interstate or foreign commerce;

Third, the defendant became a member of the conspiracy knowing of its object and agreed that to help further or facilitate the objectives of the conspiracy; and

Fourth, the defendant knew or contemplated that one or more members of the conspiracy, would commit at least two acts of racketeering in furtherance of the conspiracy.

The defendant must have been aware of the essential nature and scope of the enterprise and intended to participate in it.

The government is not required to prove that a given defendant personally committed any act of racketeering activity or agreed to do so.

The government is not required to prove that the parties to or members of the conspiracy were successful in achieving any or all of the objects of the conspiracy.

1    You may consider the evidence presented of racketeering acts committed or agreed to be

2 committed by any co-conspirator in furtherance of the enterprise's affairs to determine whether the

3 defendant knew that at least one member of the conspiracy would commit two or more racketeering acts.

22 18 U.S.C. § 1962(d); *Salinas v. United States*, 522 U.S. 52, 64–66 (1997);
*United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004);
23 *United States v. Fiander*, 547 F.3d 1036, 1041 (9th Cir. 2008);
*United States v. Applins*, 637 F.3d 59, 75 (2d Cir. 2011);
24 *United States v. Yannotti*, 541 F.3d 112, 129 (2d Cir. 2008) ("to secure [defendant's conviction for
RICO conspiracy], the government was not required to prove the actual commission of a single
25 predicate act by [defendant] or any other conspirator.").

26 Government's Proposed Instruction No. 23

INSTRUCTION NO. 24

**RICO Conspiracy — Enterprise and Interstate or Foreign Commerce — Defined**

With respect to the first element of the RICO conspiracy in Count One, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce.  An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal.  The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

Therefore, the government must prove beyond a reasonable doubt that this was a group of people (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people was an ongoing formal or informal organization, and (3) the group was engaged in or had an effect upon interstate or foreign commerce.  The government need not prove that the enterprise had any particular organizational structure.

Interstate commerce includes the movement of goods, services, money, and individuals between states.  These goods can be legal or illegal.  Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual.  It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

9TH CIR. CRIM. JURY INST. 18.9 (2022) (modified for readability)

Government's Proposed Jury Instruction No. 24

INSTRUCTION NO. 25

**RICO Conspiracy — Racketeering Activity — Defined**

With respect to the second element of the RICO conspiracy in Count One, the government must prove that the enterprise was engaged in racketeering activity.  "Racketeering activity" means the commission of certain crimes defined by federal law.  These include murder, conspiracy to murder, and drug trafficking in violation of state or federal law.

The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes named above.

9TH CIR. CRIM. JURY INST. 18.10 (2022) (modified)

Government's Proposed Jury Instruction No. 25

INSTRUCTION NO. 26

**RICO Conspiracy — Pattern of Racketeering Activity — Defined**

To establish a pattern of racketeering activity, the government must prove each of the following beyond a reasonable doubt:

First, at least two acts of racketeering were committed within a period of ten years of each other;

Second, the acts of racketeering were related to each other, meaning that there was a relationship between or among the acts of racketeering; and

Third, the acts of racketeering amounted to or posed a threat of continued criminal activity.

With respect to the second element, acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.

Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

Two racketeering acts are not necessarily enough to establish a pattern of racketeering activity.

9TH CIR. CRIM. JURY INST. 18.14 (2022) (*approved 9/2022*)

Government's Proposed Jury Instruction No. 26

INSTRUCTION NO. 27

**RICO Conspiracy — Racketeering Act — Defined**

The RICO statute defines a racketeering act to be any of a list of certain crimes, some of which are federal crimes and some of which are state crimes.  I will now list the racketeering acts charged in this case and describe them.

The pattern of racketeering alleged in this case consists of: (i) murder, (ii) conspiracy to commit murder; (iii) conspiracy to distribute and possess with intent to distribute controlled substance; and (iv) distribution of controlled substances.

I will now instruct you on the definition of each of these racketeering activities that the leaders, members, and associates of the Aryan Brotherhood are alleged to have contemplated as part of their conspiracy.  The crime charged in Count One is RICO conspiracy; the crime charged is the agreement to conduct the affairs of the Aryan Brotherhood through a pattern of racketeering.  No racketeering act need to have been committed or even attempted by anyone.  Rather, it is sufficient that you find the defendant knew or contemplated that one or more members of the conspiracy, not necessarily the defendant, would commit at least two acts of racketeering in furtherance of the conspiracy.

In order to convict the defendant of the RICO conspiracy offense, your verdict must be unanimous as to which type or types of predicate racketeering activity the defendant agreed would be committed; for example, at least two acts of murder, attempted murder, or drug trafficking, or one of each, or any combination thereof.

I will now instruct you on the specific racketeering acts alleged in this case.

*Applins,* 637 F.3d at 80, 82 ("We conclude that the district court's instruction was sufficient in requiring unanimity as to the types of predicate racketeering acts that the defendants agreed to commit without requiring a finding of specific predicate acts.").

*United States v. Rios*, 830 F.3d 403, 434 (6th Cir. 2016) ("Many decisions have held that the jury must be unanimous "'as to the types of predicate racketeering acts' that someone would commit.").

Government's Proposed Jury Instruction No. 27

INSTRUCTION NO. 28

**RICO Conspiracy — Racketeering Activity — Murder**

Murder means unlawfully killing a person with malice aforethought.  There are two kinds of malice aforethought: express malice aforethought and implied malice aforethought.  Proof of either is sufficient to establish the state of mind required for murder.

A person acts with express malice aforethought if he unlawfully intended to kill.

A person acts with implied malice aforethought if: (i) the killing results from an intentional act; (ii) the natural and probable consequences of the act are dangerous to human life; and (iii) the act was deliberately performed with knowledge of the danger and with conscious disregard to human life.

Malice aforethought does not require hatred or ill will toward the victim.  It is a mental state that must be formed before committing the act that causes the victim's death.  It does not require deliberation or the passage of any particular period of time.

JUDICIAL COUNCIL OF CALIFORNIA CRIMINAL JURY INSTRUCTION No. 520
(Cal. Pen. Code § 187) (*revised 3/2021*)
Available at: *https://www.courts.ca.gov/partners/documents/calcrim_2023_edition.pdf*

Government's Proposed Jury Instruction No. 28

INSTRUCTION NO. 29

**RICO Conspiracy — Racketeering Activity — Conspiracy to Commit Murder**

To prove a conspiracy to commit murder, the government must prove beyond a reasonable doubt that: (1) the defendant intended to agree and did agree with one or more persons to intentionally and unlawfully kill; (2) at the time of the agreement, the defendant and one or more persons in the conspiracy intended that one or more of them would intentionally and unlawfully kill; (3) one of the defendants committed at least one overt act alleged to accomplish the killing; (4) at least one of these overt acts was committed in California.

To decide whether the defendant committed this overt act, consider all of the evidence presented about the overt act.

Conspiracy to commit murder requires an intent to kill.

The government must prove that the members of the alleged conspiracy had an agreement and intent to commit murder. The government does not have to prove that any of the members of the alleged conspiracy actually met or came to a detailed or formal agreement to commit that crime. An agreement may be inferred from conduct if you conclude that members of the alleged conspiracy acted with a common purpose to commit the crime.

An "overt act" is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed upon crime. The overt act must happen after the defendant has agreed to commit the crime. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

A member of a conspiracy does not have to personally know the identity or roles of all the other members.

JUDICIAL COUNCIL OF CALIFORNIA CRIMINAL JURY INSTRUCTION No. 563
(Cal. Pen. Code § 182) (*revised 9/2020*) (modified for this case)
Available at: *https://www.courts.ca.gov/partners/documents/calcrim_2023_edition.pdf*

Government's Proposed Jury Instruction No. 29

INSTRUCTION NO. 30

**RICO Conspiracy — Racketeering Activity — Conspiracy to Distribute a Controlled Substance**

To prove a conspiracy to distribute or possess with intent to distribute a controlled substance, the government must prove beyond a reasonable doubt that:

First, beginning on or about January 2016, and ending on or about December 2016, there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine or heroin; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine or heroin to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine or heroin to another person, with or without any financial interest in the transaction.

I instruct you that, as a matter of law, conspiracy to distribute and possess with intent to distribute a controlled substance has an effect on interstate commerce. Therefore, if you find that the defendants agreed that a member of the conspiracy would commit conspiracy to distribute and possess with intent to distribute a controlled substance in furtherance of the conspiracy, then the second element of RICO conspiracy in Count One (that the enterprise would engage in, or its activities would affect, interstate or foreign commerce) is satisfied.

9TH CIR. CRIM. JURY INST. 12.5 (2022) (modified for allegation in this indictment)
9TH CIR. CRIM. JURY INST. 12.1 (2022) (definition of "possess with intent to distribute")
*See Gonzales v. Raich*, 545 U.S. 1, 22 (2005) (interstate commerce portion of the instruction)

Government's Proposed Jury Instruction No. 30

INSTRUCTION NO. 31

**Racketeering Act — Charged as Separate Counts in Indictment**

The crime of conspiracy to distribute and possess with intent to distribute controlled substances charged in Counts Seven and Twelve, as well as distribution of controlled substances charged in Counts Eight, Nine, Ten, Eleven, Thirteen, and Fourteen of the indictment are racketeering acts.  If you find the defendant guilty of at least two of the crimes charged in Counts Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fourteen, you must then decide whether those counts formed a pattern of racketeering activity.

All of you must agree on the same two crimes which form a pattern of racketeering activity.

9TH CIR. CRIM. JURY INST. 18.12 (2022) (*approved 3/2021*)

Government's Proposed Jury Instruction No. 31

INSTRUCTION NO. 32

**Conspiracy to Commit Murder in Aid of Racketeering –**

**Counts Two, Three, Four, Five, and Six**

Counts Two, Three, Four, Five and Six certain of these defendants with conspiracy to commit murder in aid of racketeering in violation of Section 1959 of Title 18 of the United States Code.  The specific conspiracies alleged are listed after the elements for this charge.

In order to prove a charge of conspiracy to commit murder in aid of racketeering, the government must prove the following beyond a reasonable doubt:

First, an enterprise affecting interstate commerce existed on the dates of the conspiracies to commit murder listed below.  The requirements to prove an enterprise were previously provided in my instructions for Count One.

Second, the enterprise engaged in racketeering activity.  The definition of racketeering activity was previously provided in my instructions for Count One.

Third, the defendant committed the crime of conspiring to murder the person identified in the Counts listed below.  The elements the government must prove beyond a reasonable doubt to establish conspiracy and murder were previously provided in my instructions for Count One.

Fourth, the defendant's purpose in conspiring to commit murder was to gain entrance to, or to maintain or increase his position in the Aryan Brotherhood enterprise.  It is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime. You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise, was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise. An incidental motivation, however, is not enough. In determining the defendant's purpose in committing the alleged crime, you must determine that he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

The specific conspiracies to commit murder alleged in this case are listed below.  In deciding each Count, you must make a separate determination as to each Count.

As to Count Two, the indictment alleges that defendant Ronald Yandell conspired with others to murder Kenneth Johnson between on or about August 11, 2016, and October 1, 2016.

As to Count Three, the indictment alleges that defendants Ronald Yandell and Danny Troxell conspired with each other, Travis Burhop, and others to murder James Mickey between on or about August 20, 2016, and October 21, 2016.

As to Count Four, the indictment alleges that defendant Ronald Yandell conspired with Jason Corbett and others to murder Paul Diaz between on or about August 21, 2016, and August 22, 2016.

As to Count Five, the indictment alleges that defendant Ronald Yandell conspired with Donald Mazza, Matthew Hall, and others to murder Michael Trippe between on or about August 19, 2016, and October 1, 2016.

As to Count Six, the indictment alleges that defendant Ronald Yandell conspired with others to murder Doug Maynard between on or about June 1, 2016, and October 15, 2016.

9TH CIR. CRIM. JURY INST. 11.1 (2022) (conspiracy);
9TH CIR. CRIM. JURY INST. 18.8 (2022) (violent crime in aid of racketeering);
*United States v. Banks*, 514 F.3d 959, 964 (9th Cir. 2008)

Government's Proposed Jury Instruction No. 32

INSTRUCTION NO. 33

**Murder in aid of Racketeering –  Counts Fifteen and Sixteen**

Counts Fifteen and Sixteen charges certain defendants with murder in aid of racketeering in violation of Section 1959 of Title 18 of the United States Code. In order to prove a charge of murder in aid of racketeering, the government must prove beyond a reasonable doubt the following.

First, an enterprise affecting interstate commerce existed on the dates of the conspiracies to commit murder listed below.  The requirements to prove an enterprise were previously provided in my instructions for Count One.

Second, the enterprise engaged in racketeering activity.  The definition of racketeering activity was previously provided in my instructions for Count One.

Third, the defendant committed the crime of murder. The elements the government must prove beyond a reasonable doubt to establish murder were previously explained to you in my instructions for Count One.

Fourth, the defendant's purpose in committing murder was to gain entrance to, or to maintain or increase his position in the Aryan Brotherhood enterprise.

It is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged murder. You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise, was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise. An incidental motivation, however, is not enough. In determining the defendant's purpose in committing the murder, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

As to Count Fifteen, the indictment alleges that defendant William Sylvester murdered Ronald Richardson in aid of racketeering on or about October 7, 2011.

As to Count Sixteen, the indictment alleges that defendant Ronald Yandell murdered Hugo Pinell in aid of racketeering on or about August 12, 2015.

18 U.S.C. §§ 1959(a)(1), (2);
9TH CIR. CRIM. JURY INST. 18.8 (2022) (violent crime in aid of racketeering);
9TH CIR. CRIM. JURY INST. 18.11 (2022)
*United States v. Banks*, 514 F.3d 959, 964 (9th Cir. 2008)

Government's Proposed Jury Instruction No. 33

INSTRUCTION NO. 34

**Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find defendant Ronald Yandell guilty of murder in aid of racketeering as charged in Count Sixteen of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, Jayson Weaver or Waylon Pitchford committed the crime of murder in aid of racketeering as alleged in Count Sixteen;

Second, Weaver or Pitchford was a member of the RICO conspiracy charged in Count One of the indictment;

Third, Weaver or Pitchford committed the crime of murder in aid of racketeering in furtherance of the conspiracy;

Fourth, defendant Ronald Yandell was a member of the same conspiracy at the time the offense charged in Count Sixteen was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

9TH CIR. CRIM. JURY INST. 11.6 (2022) (*approved 3/2021*) (modified for this case)

Government's Proposed Jury Instruction No. 34

INSTRUCTION NO. 35

**Aiding and Abetting**

Defendant Ronald Yandell may be found guilty of the murder of Hugo Pinell in aid of racketeering as charged in Count Sixteen, even if he personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove defendant Ronald Yandell guilty of murder in aid of racketeering in Count Sixteen by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed murder of Hugo Pinnell in aid of racketeering charged in Count Sixteen;

Second, defendant Ronald Yandell aided, counseled, commanded, induced, or procured that person with respect to at least one element of murder of Hugo Pinell in aid of racketeering in Count Sixteen;

Third, defendant Ronald Yandell acted with the intent to facilitate the murder of Hugo Pinell in aid of racketeering charged in Count Sixteen; and

Fourth, defendant Ronald Yandell acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the murder of Hugo Pinell in aid of racketeering charged in Count Sixteen.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

9TH CIR. CRIM. JURY INST. 4.1 (2022) (*approved 9/2019*) (modified for this case)

Government's Proposed Jury Instruction No. 35

# Controlled Substances Offenses

INSTRUCTION NO. 36

**Controlled Substance—Conspiracy to Distribute or Possess with Intent to Distribute**

Defendants Ronald Yandell and William Sylvester are charged in Count Seven of the indictment with conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual) and at least 1,000 grams of a mixture and substance containing heroin in violation of Sections 841(a) and 846 of Title 21 of the United States Code.  For either defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 1, 2016, and ending on or about December 22, 2016, there was an agreement between two or more persons to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual) and at least 1,000 grams of a mixture and substance containing heroin; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine or heroin to another person, with or without any financial interest in that transaction.

 To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine or heroin to another person, with or without any financial interest in the transaction.

9TH CIR. CRIM. JURY INST. 12.5 (2022) (modified for allegation in this indictment)
9TH CIR. CRIM. JURY INST. 12.1 (2022) (definition of "possess with intent to distribute")

Government's Proposed Jury Instruction No. 36

INSTRUCTION NO. 37

**Controlled Substance—Distribution**

Defendant Ronald Yandell is charged in Counts Eight, Nine, Ten, Eleven, Thirteen, and Fourteen with distribution of methamphetamine or heroin and defendant William Sylvester is charged in Count Ten of the indictment with distribution of methamphetamine in violation of Section 841(a)(1) of Title 21 of the United States Code.  For either defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates set forth below, the defendant knowingly distributed methamphetamine or heroin; and

Second, the defendant knew that it was methamphetamine or heroin or some other federally controlled substance.

"Distributing" means delivering or transferring possession of methamphetamine or heroin to another person, with or without any financial interest in that transaction.

The government is not required to prove the amount or quantity of methamphetamine or heroin. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine or heroin.

As to Count Eight, the indictment alleges that, on or about July 11, 2016, defendant Yandell distributed at least 100 grams of a mixture and substance containing a detectable amount of heroin.

As to Count Nine, the indictment alleges that, on or about July 24, 2016, defendant Yandell distributed at least 100 grams of a mixture and substance containing a detectable amount of heroin.

As to Count Ten, the indictment alleges that, on or about August 11, 2016, defendants Yandell and Sylvester distributed a mixture and substance containing a detectable amount of methamphetamine.

As to Count Eleven, the indictment alleges that, on or about August 12, 2016, defendant Yandell distributed at least 100 grams of a mixture and substance containing a detectable amount of heroin.

As to Count Thirteen, the indictment alleges that, on or about October 18, 2016, at approximately 1:40 p.m., defendant Yandell distributed a mixture and substance containing a detectable amount of heroin.

1       As to Count Fourteen, the indictment alleges that, on or about October 18, 2016, at

2  approximately 3:03 p.m., defendant Yandell distributed a mixture and substance containing a detectable

3  amount of heroin.

22  9TH CIR. CRIM. JURY INST. 12.4 (2022) (*approved 6/2022*) (modified for this case)

23  Government's Proposed Jury Instruction No. 37

INSTRUCTION NO. 38

**Conspiracy—Liability for Substantive Offense Committed by Co-Conspirator**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find defendant Ronald Yandell guilty of distribution of methamphetamine or heroin as charged in Counts Eight, Nine, Ten, Eleven, Thirteen, and Fourteen and defendant William Sylvester in Count Ten of the indictment with distribution of methamphetamine if the government has proved each of the following elements beyond a reasonable doubt:

First, Jeanna Quesenberry, Samuel Keeton, or Nickolas Perez committed the crime of distribution of methamphetamine or heroin as charged in Counts Eight, Nine, Ten, Eleven, Thirteen, and Fourteen and distribution of methamphetamine in Count Ten;

Second, Quesenberry, Keeton, or Perez were a member of the drug trafficking conspiracy charged in Count Seven of the indictment;

Third, Quesenberry, Keeton, or Perez committed the crimes of distribution of methamphetamine or heroin in furtherance of the conspiracy;

Fourth, defendants Ronald Yandell and William Sylvester were a member of the same conspiracy at the time the offense charged in Count Seven was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

9TH CIR. CRIM. JURY INST. 11.6 (2022) (*approved 3/2021*) (modified for this case)

Government's Proposed Jury Instruction No. 38

INSTRUCTION NO. 39

**Controlled Substance—Conspiracy to Distribute or Possess with Intent to Distribute**

Defendant Ronald Yandell is charged in Count Twelve of the indictment with conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual) and at least 100 grams of a mixture and substance containing heroin in violation of Sections 841(a) and 846 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 11, 2016, and ending on or about September 6, 2016, there was an agreement between two or more persons to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual) and at least 100 grams of a mixture and substance containing heroin; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine or heroin to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine or heroin to another person, with or without any financial interest in the transaction.

9TH CIR. CRIM. JURY INST. 12.5 (2022) (modified for allegation in this indictment)
9TH CIR. CRIM. JURY INST. 12.1 (2022) (definition of "possess with intent to distribute")

Government's Proposed Jury Instruction No. 39

**Jury Deliberations**

INSTRUCTION NO. 40

**Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not

///

///

///

///

///

///

hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

9TH CIR. CRIM. JURY INST. 6.19 (2022) (*approved 5/2020*)

Government's Proposed Jury Instruction No. 40

INSTRUCTION NO. 41

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

> The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire

///

///

///

///

///

///

trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 6.20 (2022) (*approved 12/2020*)

Government's Proposed Jury Instruction No. 41

INSTRUCTION NO. 42

**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 6.21 (2022)

Government's Proposed Jury Instruction No. 42

1

INSTRUCTION NO. 43

2

**Jury Consideration of Punishment**

3     The punishment provided by law for this crime is for the court to decide.  You may not consider

4 punishment in deciding whether the government has proved its case against the defendant beyond a

5 reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22 9TH CIR. CRIM. JURY INST. 6.22 (2022) (*approved 9/2019*)

23 Government's Proposed Jury Instruction No. 43

24

25

26

27

28

INSTRUCTION NO. 44

**Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 6.23 (2022) (modified for the Eastern District of California CSOs)

Government's Proposed Jury Instruction No. 44

INSTRUCTION NO. 45

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9TH CIR. CRIM. JURY INST. 6.24 (2022) (modified for Eastern District of California CSOs)

Government's Proposed Jury Instruction No. 45