# SEALED

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | UNDER SEAL |
| Ronald Yandell, | |
| Defendants. | |

On the evening of March 6, 2024, while the trial in this case was underway, the government informed counsel for defendant Ronald Yandell that it intended to call Officer Kevin Lee of the California Department of Corrections and Rehabilitation (CDCR) during the government's case in chief. The government informed the defense Officer Lee had previously been disciplined for failing to report information related to a series of group text messages with other CDCR officers. According to defense counsel, one of the other officers in the text message exchange was a whistleblower who reported misconduct by CDCR officers. The defense requested more time to investigate and permission to recall and cross-examine Lee if necessary. The court granted that request.

Lee first testified on March 14, 2024. *See* Mins., ECF No. 2007. The defense served a subpoena *duces tecum* on CDCR requesting copies of Lee's personnel file, along with those of

other officers with apparent connections to this case. CDCR moved to quash the subpoena and asked the court to review the documents *in camera*. If the court denied its motion, CDCR sought disclosure under the terms of the protective order currently in force. The court held a hearing *in camera* with counsel for defendant Yandell and for CDCR on the motion to quash.

Federal Rule of Criminal Procedure 17(c) permits subpoenas to third parties to "produce any books, papers, documents, data, or other objects." Fed. R. Crim. P. 17(c)(1). The recipient may move to "quash or modify" that subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Rule 17(c) "was not intended to provide a means of discovery" for criminal cases. *United States v. Nixon*, 418 U.S. 683, 698 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). The Ninth Circuit and Supreme Court have listed four requirements a requesting party must satisfy to obtain a subpoena under Rule 17(c):

(1) The requested materials are "evidentiary," that is, relevant and admissible. *See Nixon*, 418 U.S. at 699; *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018).

(2) The materials cannot otherwise be procured "reasonably in advance of trial by exercise of due diligence." *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *Nixon*, 418 U.S. at 699).

(3) The requesting party "cannot properly prepare for trial without such production and inspection in advance of trial," and "the failure to obtain such inspection may tend unreasonably to delay the trial." *Id.* (quoting *Nixon*, 418 U.S. at 699).

(4) The application is specific, *Sleugh*, 896 F.3d at 1012, in "good faith," and not a "fishing expedition," *Krane*, 625 F.3d at 574 (quoting *Nixon*, 418 U.S. at 699–700). The requesting party must show, in other words, that it is not on a "blind" pursuit of "unknown evidence." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

Federal courts also have held that some documents, including some personnel files, are "official information" and are protected by a common-law privilege against disclosure. *Sanchez*

2

*v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Id.*

The court has reviewed CDCR's *in camera* submission and finds only a portion of the requested documents are "evidentiary" in the necessary sense:

- Pages 41 to 42 of the document titled "K Lee – Employment History.pdf," which appear to contain Lee's responses to a "CTC Sergeant Supplemental Questionnaire," and which appear to discuss Lee's work on this case.
- Pages 13 to 48 of the document titled "K Lee – Employee Performance.pdf," which contain information related to discipline against Lee related to the group text messages referenced above.

The court finds Yandell could not procure these materials without a subpoena and that unreasonable trial delays would result if CDCR does not produce the requested documents promptly. The court also is satisfied the requests for this information are specific and part of a good-faith search for known evidence.

The benefits of the limited disclosure above also outweigh the potential disadvantages under the common-law official information privilege. CDCR relies primarily on Lee's privacy interests and state confidentiality laws to argue the information should not be disclosed. These privacy and confidentiality concerns are well-founded. The court will order the disclosure of these materials only under the prevailing protective order. To be clear, in response to CDCR's concern that Yandell's "true motive" is to shame or embarrass the officer on the witness stand, the court's decision in this order is only to deny the motion to quash—not to permit the public disclosure of this information or detailed questions about everything in the pages cited above. The court will carefully monitor Yandell's use of this information under the Federal Rules, including Federal Rule of Evidence 403, which permits the court to exclude even relevant evidence at trial if its probative value "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In conclusion, the court orders as follows:

- CDCR's motion to quash is **granted in part and denied in part** inasmuch as the court orders CDCR to promptly produce pages 41 to 42 of the document tilted "K Lee – Employment History.pdf" and pages 13 to 48 of the document titled "K Lee – Employee Performance.pdf" under the terms of the protective order currently in force in this case with respect to this category of document.
- If defense counsel elects to rely on any information contained in these files during the cross-examination of Officer Lee, counsel must serve copies of these files on counsel for the United States **at least 48 hours in advance** of that cross-examination.
- The Clerk of Court is instructed to file this order under seal and serve copies on counsel for Yandell and CDCR.

IT IS SO ORDERED.

DATED: April 1, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

4