Rene L. Valladares
Federal Public Defender
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org
Sean A. McClelland
Assistant Federal Public Defender
Nevada State Bar No. 16581
Email: sean_mcclelland@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**DEFENSE RESPONSE TO GOVERNMENT MOTION FOR EXPRESS FINDING OF THE EXISTENCE OF A CONSPIRACY**<br><br>Date & Time: (To be determined by the Court)<br><br>Chief Judge Kimberly J. Mueller, United States District Court |

## I. INTRODUCTION

The Court should deny the government's motion for an express conspiracy finding. ECF No. 2072. The Court previously denied a materially identical government motion pre-trial. ECF No. 1798. And the government's mid-trial effort here suffers from the same problems as that earlier motion—it at once fails to "tie any particular statement to th[e] [alleged] conspiracy" and lacks "clear limits" on the alleged conspiracy's breadth and purpose. ECF No. 1798 at 4. Like the government's earlier motion, then, this one should also be denied.

## II. BACKGROUND

The government previously moved for an express conspiracy finding pre-trial. ECF No. 1699; *see also* ECF No. 1724 (defense response). In that motion, the government argued (as it does now) that the A.B. "writ large" was a conspiracy under Rule 801. ECF No. 1699 at 6; *see* ECF No. 2072 at 3 (same language and argument). That was so, the government claimed, because everyone in the A.B. allegedly had "common purposes." ECF No. 1699 at 2. And those purposes, the government said, included "control[ling] illegal activities in the California prison system"; "enrich[ing]" alleged A.B. members; "preserv[ing], protect[ing], and enhanc[ing] the power, territory, reputation, and profits of the Aryan Brotherhood through threats, intimidation, and violence"; and "us[ing] threats and violence to keep victims in fear." *Id.* at 2 (quotations omitted). So, the government argued, all A.B. members (and various people connected to them) were co-conspirators for the purposes of Rule 801(d)(2)(E). *Id.* at 5–15.

The Court denied that motion for two reasons. ECF No. 1798. First, the Court held, the government had failed to identify any "specific statements" it thought were part of the conspiracy. *Id.* at 3–4. And, second, the Court held, the government's proposed conspiracy "lack[ed] clear limits"—it impermissibly swept in the A.B. "writ large" and included impermissibly "generic" purposes. *Id.* at 4–5.

The government has now renewed its request for an express conspiracy finding. ECF No. 2072.

The defense submits this response. The defense also incorporates by reference its previous briefing on the subject, *see* ECF No. 1724; *see also* ECF No. 1798 (court order denying government motion), and maintains its standing objection to the introduction of this evidence.[1]

### III.   ARGUMENT

The government's instant request for an express conspiracy finding continues to suffer from the same "two faults" as its earlier request. ECF No. 1798 at 4. The government continues to ask for a conspiracy finding without identifying any "specific statements" it thinks are part of the conspiracy. *Id.* at 3–4. And its proposal continues to "lack[] clear limits"; it is still seeking to sweep in the A.B. "writ large" and still purports to rest its conspiracy on the same "generic" alleged purposes. *Id.* at 4–5. So, like the government's previous motion for an across-the-board conspiracy finding, this new one should likewise be denied. *See id.*

The first problem is that the government has still not "tie[d] any particular statement to th[e] [alleged] conspiracy." ECF No. 1798 at 4. It instead seeks to lump together everything its 48-alleged co-conspirators said over a 18-year period into its proposed conspiracy. *Id.*; *see* ECF No. 2072 at 2, 3–5 (wanting a conspiracy finding for all communications by 48 alleged co-conspirators from "at least" "2003 to 2021"). But that ignores the "necessary context" of "the speakers, the listeners, their purposes, [and] what was said." ECF No. 1798 at 4. And the government provides no such "context"

---

[1] During Agent McClure's testimony on February 29, 2024, the defense lodged a standing hearsay objection to the introduction of wiretap exhibits—the primary source of the alleged co-conspirator statements. That standing objection followed related contemporaneous objections during Agent McClure's testimony on February 28, 2024.

now—indeed, it has failed to "identify[]" any "specific statements" of any sort that it thinks are implicated by its alleged conspiracy. *Id.* at 3; *see generally* ECF No. 2072 (not identifying any statements). The government thus cannot "rely on the hearsay exception in Rule 801(d)(2)(E)." ECF No. 1798 at 3–4 (collecting cases)

The second problem is that the government's proposed conspiracy continues to "lack[] clear limits." ECF No. 1798 at 4 (citing *United States v. Musaibli*, 42 F.4th 603, 615 (6th Cir. 2022)). As before, the government's proposed conspiracy is overbroad and lacks the requisite specificity of alleged purposes. *See id.*

The government's proposed conspiracy remains the impermissibly-broad A.B. "writ large." ECF No. 2072 at 3. As before, the government's 48-person list seems to be essentially "the Aryan Brotherhood throughout California and everyone connected to it." ECF No. 1798 at 4; *see generally* ECF No. 2072 at 3–5.[2] Such breadth makes a conspiracy finding inappropriate; the government cannot establish a conspiracy by pointing to "just a gang." ECF No. 1798 at 4. The government instead "must prove" a "specific" conspiracy designed "to achieve a specific end." *Id.* (citing *United States v. Gigante*, 166 F.3d 75, 83 (2d Cir. 1999)). And the government has not proven that all its alleged 48 members were part of any "specific" conspiracy to achieve any "specific end." *Id.* Nor could it. Some (e.g., Mr. Bonfiglio) were involved in only a subset of alleged activity. Others (e.g., Mr. Fortman) were isolated in disparate prisons without apparent contact with the defendants here. And others still (e.g., Mr. Littrell) were dead during substantial parts of this case. There is, in brief, little connection other than an alleged relationship to alleged A.B. members.

---

[2] The A.B. allegedly has only around 30–40 members. And the government's 48-person list seems designed to capture "everyone" (or nearly everyone) the government believes is a member, as well as various people "connected" to the A.B. ECF No. 1798 at 4.

The alleged purposes of the government's proposed conspiracy likewise continue to be impermissibly vague. As before, the government offers only four "generic" objectives for its alleged conspiracy ("controlling illegal activities," "enriching its members," "enhancing [] power . . . through violence," and "using violence to keep others in fear"). ECF No. 1798 at 5 (first quote); ECF No. 2072 at 3 (remaining ones). Those are the exact same purposes the Court previously rejected as "lack[ing] clear limits." ECF No. 1798 at 4; *see* ECF No. 1699 at 2 (government offering same alleged purposes). So there remains a substantial risk of admitting "statements that shared no other purpose than the one superimposed on them after the fact by prosecutors." ECF No. 1798 at 5 (quoting *Musaibli*, 42 F.4th at 618).

Since the government's instant motion repeats the same errors as its pre-trial one, then, it should likewise be denied. *See id.* (denying that motion).

## IV.   CONCLUSION

The government's new request for an express conspiracy finding suffers from the same "faults" as its previous one. ECF No. 1798 at 3. Its motion should thus be denied.

Dated April 2, 2024.

    Respectfully submitted,

    Rene L. Valladares
    Federal Public Defender

    */s/ Brian D. Pugh*
    BRIAN D. PUGH
    Assistant Federal Public Defender

    */s/ Sean A. McClelland*
    SEAN A. McCLELLAND
    Assistant Federal Public Defender

    Law Office of Steven G. Kalar

    */s/ Steven G. Kalar*
    STEVEN G. KALAR