PHILLIP A. TALBERT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00107-KJM |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT YANDELL'S MOTION "TO COMPLETE THE RECORD WITH POWERPOINT SLIDES AND HANDWRITTEN NOTES SHOWN IN CLOSING AND REBUTTAL ARGUMENTS"; GOVERNMENT MOTION FOR LEAVE TO FILE LATE |
| v. | |
| RONALD YANDELL, DANNY TROXELL, and BILLY SYLVESTER, | |
| Defendants. | [ECF 2299] |

The United States, by and through Assistant United States Attorneys Jason Hitt, Ross Pearson, and David Spencer, respectfully submits its opposition to the motion by defendant Ronald Yandell ("Yandell" or "defendant") "to complete the record with PowerPoint slides and handwritten notes showing in closing and rebuttal arguments." ECF 2299. Yandell's motion seeks materials from the government and co-defendant Danny Troxell's closing argument. ECF 2299, at 3.

The government also respectfully requests the Court's permission to file its opposition late. The government mistakenly calendared the opposition date after the verdicts were returned and apologizes to the Court and counsel for its mistake. The government has no objection to Yandell filing his reply under any schedule that works for his counsel and the Court.

UNITED STATES' OPP. TO YANDELL'S MOTION "TO COMPLETE THE RECORD WITH POWERPOINT SLIDES AND HANDWRITTEN NOTES SHOWN IN CLOSING AND REBUTTAL ARGUMENTS"

1

# I.     ANALYSIS

## A.     Arguments and presentations of lawyers are not evidence

There is no legal basis to order production of the government's presentation materials from the closing arguments or its rebuttal argument. Because argument of lawyers are not evidence, the government's presentations are not subject to any applicable discovery rules or production requirements. Ninth Cir. Crim. Jury Instruction No. 1.4 ("statements and arguments of the attorneys" are not evidence). Thus, the government's closing and rebuttal arguments are not evidence and its presentation materials are not in evidence. This point of law was reinforced in the Court's Jury Instruction No. 9, when the Court instructed the jury that what the lawyers have said in their "closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence," and "statements . . . and arguments by the lawyers are not evidence." ECF 2298, at 13. The same principle applies with respect to the government's PowerPoint presentation. The Court instructed the jury that "summaries shown to you as demonstratives to help explain the evidence in the case," "are not themselves evidence or proof of any facts." ECF 2298, at 13.

In this case, after the government's closing concluded and outside the presence of the jury, Yandell made a vague objection about one aspect of the government's closing argument: Yandell complained that the government's characterization of the overt acts proven in connection with conspiracies to commit murder in aid of racketeering were incorrect statements of law. The Court correctly explained to counsel that Yandell was free to argue what the government got wrong about overt acts and, in any event, the Court's instructions on the law would control. "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Here, there is nothing in the record to suggest that this jury did not follow the Court's instructions when it defined overt acts for the conspiracies to commit murder in aid of racketeering. *See* ECF 2298, at 43, Jury Instruction No. 36, lines 18–21 (defining "overt act").

Yandell now claims he also "vigorously" contests the government's interpretation of the intent requirements for conspiracy to commit murder in aid of racketeering. ECF 2299, at 3. While it is unclear what additional weight a "vigorous" objection adds to a regular objection, what it is clear is that Yandell did not object on this basis during closing argument and, in any event, his own view of his

UNITED STATES' OPP. TO YANDELL'S MOTION "TO COMPLETE THE RECORD WITH POWERPOINT SLIDES AND HANDWRITTEN NOTES SHOWN IN CLOSING AND REBUTTAL ARGUMENTS"

2

objections is not a basis to order the government or co-defendant Troxell to file their closing materials.

Because defense counsel did not object to the PowerPoint presentation, or to the government's statements during closing argument, or to the government's arguments in rebuttal, Yandell's arguments on appeal are subject to a plain error standard of review. Fed. R. Crim. P. 52(b); *see United States v. Young*, 470 U.S. 1, 13–16 (1985) (applying Federal Rule of Criminal Procedure 52(b) where defense counsel did not make a timely objection).[1] And, the Ninth Circuit gives "'great latitude' and 'broad discretion' to the presiding judge when reviewing the lower court's decision to limit and control closing summations." *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (quoting *Herring v. New York*, 422 U.S. 853, 862 (1975)). Thus, given the lack of defense objection to any portion of the governments closing or rebuttal arguments, there is no reason for the Court to now require production and filing of materials from either argument.

Even if the government had misstated the law on overt acts during closing argument or rebuttal, Yandell fails to demonstrate that the jury was misled by the statements. "If the jury was at all misled by the prosecution's statements, which is doubtful, the court's instructions very likely put the jury back on course." *United States v. Flores*, 802 F.3d 1028, 1039–40 (9th Cir. 2015); *Id.* ("We presume the jury followed these instructions when determining whether Flores was guilty as charged.") (citing *Weeks*, 528 U.S. at 234). Because the Court correctly instructed the jury in this case and the jury is presumed to follow the Court's instructions, there is no basis to require the government or co-defendant Troxell to file their PowerPoint or handwritten notes from closing arguments.

B. **Yandell's arguments and authority are inapposite**

Yandell's reliance on *United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013), is misplaced. The question in *Ruiz* focused on a prosecutor's slides that said jurors could find the defendant "not guilty 'only' if they found that Officers Peck and Ludikhuize 'lied to you' and that the Fuentes sisters were mistaken." *Ruiz*, 710 F.3d at 1082. On appeal, the defendant argued that the prosecutor's statements improperly shifted the burden of proof to the defense because they "presented the jury with a

---

[1] Plain error requires a showing that there is an "(1) error, (2) that is plain, and (3) that affects substantial rights," a court may correct an error not raised at trial, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (internal quotation marks omitted).

UNITED STATES' OPP. TO YANDELL'S MOTION "TO COMPLETE
THE RECORD WITH POWERPOINT SLIDES AND HANDWRITTEN
NOTES SHOWN IN CLOSING AND REBUTTAL ARGUMENTS"

3

false choice between his and the officers' accounts, since the officers could have testified honestly, but nonetheless mistakenly perceived the events on the night in question." *Id.* The Ninth Circuit thus decided the narrow issue of whether the prosecutor's comments about who to believe among witnesses in the case (including the defendant) improperly shifted the burden of proof. In deciding the issue, the Ninth Circuit explained that: (1) "the prosecution must have reasonable latitude to fashion closing arguments"; (2) "Inherent in this latitude is the freedom to argue reasonable inferences based on the evidence"; and (3) "In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying." *Id.* at 1083. Ultimately, the Court in *Ruiz* concluded that it did not need to decide whether the prosecutor's argument was improper because "even if the prosecutor committed error, the error was harmless" given the overwhelming evidence in the case. *Id.*

*Ruiz* is inapposite because it addressed an issue in a prosecutor's closing argument that was not in any way implicated by the government's closing argument or its rebuttal. Nothing in *Ruiz* stands for the principle that the government and co-defendant Troxell must file their closing PowerPoints or other closing materials on the docket. Instead, *Ruiz* addresses a narrow issue with a specific type of government closing argument about who to believe among conflicting stories that does not apply in this case and has nothing to do with co-defendant Troxell. For these reasons, Yandell's motion should be denied.

## II.    CONCLUSION

The Court should deny Yandell's motion for production and filing of closing argument materials.

Dated: May 14, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Jason Hitt*
JASON HITT
Assistant United States Attorney

UNITED STATES' OPP. TO YANDELL'S MOTION "TO COMPLETE THE RECORD WITH POWERPOINT SLIDES AND HANDWRITTEN NOTES SHOWN IN CLOSING AND REBUTTAL ARGUMENTS"

4