BETTY J. WILLIAMS, SBN 224793
LAW OFFICE OF WILLIAMS & ASSOCIATES, P.C.
3600 American River Drive, Suite 135
Sacramento, CA 95864
Telephone: (916) 488 8501
Facsimile: (916) 488-8196
Email: betty@williamstaxlaw.com

Attorney for Defendant
KEVIN MACNAMARA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MACNAMARA,<br><br>Defendant. | Case No.: 2:19-CR-00107-KJM<br><br>**Defendant Kevin Macnamara's Request And [Proposed] Order For Funds For Travel, Lodging, And Subsistence Pursuant To The Criminal Justice Act 18 U.S.C. §3006A** |

1. **Introduction and Summary of Argument**

   Defendant Kevin Macnamara is scheduled for a hearing concerning a Motion to Quash on September 24, 2024. Mr. Macnamara is a quadriplegic who lives in La Palma, Orange County, California. Undersigned counsel requested that Mr. Macnamara be allowed to appear remotely via Zoom or by telephone for this hearing but was advised by the Courtroom Clerk that Chief Judge Mueller requires that Mr. Macnamara be personally present for the hearing.

   For Mr. Macnamara to travel to Sacramento for the hearing, he will have to be driven in his wheelchair-accessible van by a caretaker and will be required to travel the day before the hearing which begins on September 24, 2024, at 10 a.m. This results in the need for two hotel rooms for one night: one for Mr. Macnamara and the other for the caretaker. Mr. Macnamara will also require $200 per day in fees for the caretaker's services. His caretaker will have to handle

//

tasks such as bathing and dressing Mr. Macnamara. Mr. Macnamara is a California Justice Act (CJA) panel defendant and does not have sufficient funds to pay for travel for the hearing and to pay the associated costs for lodging and meals for himself and a caretaker, along with the caretaker's fees.  Mr. Macnamara requests funds to allow him and the caretaker to travel to attend the hearing, or in the alternative, that his request to appear by telephone or Zoom be reconsidered and granted.

**2.   Due Process Requires The Provision Of The Requested Funds**

Mr. Macnamara's financial limitations were considered by the Court when a CJA panel attorney was appointed to him for representation in this case. Mr. Macnamara has advised me that he cannot afford to travel to Sacramento. If Mr. Macnamara is required to appear in person, given his physical limitations, he is unable to attend without the assistance of a caretaker, and will incur additional expenses related to his caretaker.

Regarding travel, lodging, and subsistence funding as a due process right for an indigent defendant, several cases have held that a defendant has the right to attend his court proceedings and cannot be forced to choose between surrendering himself into custody or to go without food and lodging while attending court. See, *United States v. Badalamenti*, 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986). In *United States v. Mendoza*, 734 F.Supp.2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A, provided the appropriate funding mechanism for a defendant's lodging and subsistence expenses while he is away from home for court proceedings and for the cost of return travel and subsistence.

In *United States v. Kennedy*, 64 F.3d 1465, 1470-71 (10th Cir. 1995), an indigent defendant claimed his due process rights were violated because the district court refused to provide funding for the defendant and an expert witness to travel in order to review discovery in person and prepare a defense. The Court agreed that due process required funding travel *necessary for adequate representation*. *Id* at 1470 (*emphasis in the original*). Defendant Kennedy's specific claim was denied because the Court found that he failed to prove that his request was "necessary" for an adequate defense. *Id*. In this case, the travel request is necessary because Mr. Macnamara's attendance is required at the hearing.

Based on those precedents, Mr. Macnamara requests funding for his travel and subsistence as follows:

    (1) From funds authorized under the Criminal Justice Act, 18 U.S.C. §3006A, for the defendant and a caretaker's roundtrip travel from Mr. Macnamara's home in La Palma, California to Sacramento, California, which must be via mileage reimbursement because Mr. Macnamara is not able to travel by air and will be driven in his van; $200 per day for two days of fees to be paid to his caretaker; and lodging and subsistence expenses from approximately September 23-24, 2024, for Mr. Macnamara and for a caretaker.

    (2) From any other source the Court finds appropriate for the travel and subsistence expenses noted above.

Mr. Macnamara plans to have a caretaker drive the approximately 405 miles between La Palma, California to Sacramento, California to arrive the day before the hearing.

Counsel believes this Court is inclined to order travel and subsistence funding as referenced in paragraph (1) above, and to further authorize undersigned counsel to advance those expenses with reimbursement to counsel from Criminal Justice Act (CJA) funds ordered by the Court.

Counsel will provide Mr. Macnamara with a copy of the current travel policy of the Federal Defender and advise Mr. Macnamara of his potential liability for excess expenses. Counsel will seek reimbursement from CJA funds promptly once the authorized travel is completed.

DATED: August 27, 2024

                                                Respectfully submitted,

                                                /s/ Betty J. Williams
                                                BETTY J. WILLIAMS
                                                Attorney for Defendant
                                                KEVIN MACNAMARA

**O R D E R**

Pursuant to 18 U.S.C. § 3006A, the Court orders the Federal Defender's Office to disburse Criminal Justice Act (CJA) funds to furnish Kevin Macnamara with the travel expenses, lodging, food, and incidental expenses while he travels between La Palma, California and Sacramento, California between September 23, and 24, 2024 to attend a hearing in the above-captioned case for himself and a caretaker who is necessary due to Mr. Macnamara's physical limitations as a quadriplegic.

It is further ordered that the travel and subsistence expenses shall include a payment of $200 per day for two days to the caretaker of Mr. Macnamara.

It is further ordered that to the extent practicable, the travel and subsistence expenses shall not exceed the parameters set out in the attached Travel Funding Memorandum, reasonable mileage expense, not to exceed that set forth by the General Services Administration, and the per diem allowance for travel under 5 U.S.C. § 5702(a), for each Mr. Macnamara and a caretaker.

It is further ordered that undersigned counsel may advance the travel and subsistence funds to be disbursed from CJA funds and that the Federal Defender is ordered to reimburse counsel. Counsel shall seek any reimbursement from CJA funds promptly once the authorized travel is completed. Counsel shall endeavor to limit the expenses to the parameters set out in the attached Travel Funding Memorandum, however, counsel is not personally liable for excess expenses and shall be reimbursed from CJA funds for all expenses reasonably authorized.

IT IS SO ORDERED.

DATED: _____       _____
                                                                             Hon. Kimberly J. Mueller
                                                                             Chief United States District Judge