JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
john@balazslaw.com

Attorney for Defendant,
BRANT DANIEL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>BRANT DANIEL,<br><br>          Defendant. | Case No. 2:19-CR-0107-KJM<br><br>DEFENDANT BRANT DANIEL'S REPLY TO GOVERNMENT'S OPPOSITION TO HIS MOTION TO VACATE UNDER 28 U.S.C. § 2255<br><br>Hon. Kimberly J. Mueller |

### I. Introduction

Despite a plea agreement in which the government represented that it would seek to have defendant Brant Daniel transferred to federal prison to serve his sentences, Mr. Daniel remains incarcerated in CSP-Sacramento state prison more than ten months after his sentencing with no sign that he will ever be transferred to federal prison.

The government asserts—*without any evidence*—that it has sought to have Mr. Daniel transferred to federal prison to serve his federal and state sentences. At a minimum, the Court should hold an evidentiary hearing and order the government to provide evidence that it has complied with the terms of its bargain. As it stands, the government's racketeering prosecution against alleged members

1

of the Aryan Brotherhood prison gang has entailed significant time and government expense for no real purpose since the primary defendants, including Mr. Daniel, had already been serving life or near life California state prison sentences.

## II.  Argument

**A.  The plea agreement's waiver of the right to collaterally attack the conviction and sentence is void because the government has not complied with its obligations under the plea agreement.**

"Because a plea agreement involves a criminal defendant, . . . 'the interests at stake and the judicial context in which they are weighed require that something more than contract law be applied.'" *United States v. Farias-Contreras,* 104 F.4th 22, 31 (9th Cir. 2024) (en banc) (Gould, J., Rawlinson, J., & Desai, J., concurring) (quoting *United States v. Barron,* 172 F.3d 1153, 1158 (9th Cir. 1999)).  "In assessing a plea agreement, we not only engage in contract interpretation, but also ensure the guarantees of a criminal defendant's constitutional rights." *Id.*  Indeed, "the Constitution demands that courts 'scrutinize the government's conduct to ensure that it comports with the highest standards of fairness.'" *Id.* at 31-32 (quoting *United States v. Vaval,* 404 F.3d 144, 152 (2d Cir. 2005)); *id.* at 31 ("the government must comply with the letter and spirit of the plea agreement").

The government argues that the plea agreement's waiver of collateral attack provision is enforceable because its terms cover the circumstances here.  ECF No. 2439, at 4-6.  Yet, "[t]he government, as the drafter of this plea agreement, 'is responsible for any lack of clarity such that any ambiguities are construed in favor of the defendant.'" *Davies v. Benov,* 856 F.3d 1243, 1247 (9th Cir. 2017) (quoting *United States v. Charles,* 581 F.3d 927, 931 (9th Cir. 2009)).  Courts look at "what the defendant reasonably understood to be the terms of the plea agreement when he pleaded guilty." *United States v. De la Fuente,* 8 F.3d 1333, 1337 & n.7 (9th Cir.

1993).  Here, the plea agreement terms do not explicitly cover the unusual circumstances here where Mr. Daniel in effect challenges the *execution* of his sentence (rather than any aspect of the sentence itself), that is, the government's failure to comply with its agreement to take appropriate action to ensure that he serves his federal sentence in federal prison.  The waiver thus should not be construed as barring Mr. Daniel's § 2255 action.

In any event, the gravamen of Mr. Daniel's § 2255 action is that the government failed to comply with the terms of its plea bargain, which has resulted in his continued incarceration in state prison more than ten months after he was sentenced.  The government does not dispute that a waiver is unenforceable if the government breaches the plea agreement.  *See, e.g., United States v. Hernandez-Castro,* 814 F.3d 1044, 1045 (9th Cir. 2016) ("A defendant is released from his or her appeal waiver if the government breaches the plea agreement.").

The plea agreement here states that the government will "seek imprisonment for the defendant in the Bureau of Prisons for the rest of his life and request that the BOP accept a jurisdictional shift from the State of California and the defendant's undischarged California prison sentence." ECF No. 1765, at 4.  The government asserts that it has fulfilled its end of the bargain "through an internal, confidential Department of Justice process." ECF No. 2439, at 6.  But it provides no details or evidence to support its assertion.[1]  No declaration under oath.  No

---

[1]   The government's brief states only that before sentencing it asked CDCR to relinquish jurisdiction to the BOP in the event the defendants were convicted.  ECF no. 2439, at 6-7 (citing ECF No. 1870 & No. 2147, at 23-24).  It cites no evidence as to what steps, if any, it has undertaken to seek that the BOP accept custody over Mr. Daniel.

3

government memoranda to the Bureau of Prisons.[2] Nothing at all. There is simply no basis from which to conclude that the government has complied with its agreement to seek in good faith to have Mr. Daniel transferred to federal prison (or the government's promise was illusory from the onset as transfer could not ever had been effectuated) The Court therefore should hold the waiver provision in the plea agreement is unenforceable and instead should reach the merits of Mr. Daniel's § 2255 motion.

**B.   On the merits, the government's failure to show that it has complied with its promise in the plea agreement to seek Mr. Daniel's transfer to federal prison warrants § 2255 relief.**

As discussed above, the government has not shown that it has complied with the plea agreement's condition that it seek Mr. Daniel's transfer to federal prison to serve his sentence in this case. In addition to making the collateral-attack waiver invalid, the Court should hold that the government's breach of the plea agreement permits him to withdraw from the plea agreement and have his case set for trial.

Although Mr. Daniel was advised at the change of plea hearing that there is no guarantee that he would be sent to federal prison to serve his sentence, context is important here. In court, the prosecutor represented that he had "taken steps from before this case was initiated to in my mind make the best and securest path to getting an exception that BOP has" to shifts of primary jurisdiction between two sovereigns. ECF No. 2391, at 24. He emphasized that he has "put a lot of work in before we ever got here to try to and secure a transfer of what they call a jurisdictional shift, and I'm going to promptly upon sentencing initiate the proceeding to go make sure that we get that accomplished." ECF No. 2391, at 38;

---

[2]   As it has done other times in this case, *see* ECF No. 1870 (under seal), the government could have filed a declaration or other document under seal to demonstrate that it has complied with its obligations under the plea agreement.

4

*see also id.,* at 39 ("Understand that I've taking steps that I believe we will be successful."). And the government emphasized that "[i]n this particular case the wording of the writ that was issued for each of the defendants, it does not end under the terms of the order until service of sentence in this case," which "was written that way" as "another layer of protection to make sure that the right outcome is achieved." ECF No. 2391, at 40.

Defense counsel also confirmed that he had discussions with government's counsel "about their effort to making this jurisdictional shift, and what they have done, even before indictment, to kind of work to make sure that gets happened." *Id.* at 39. Based on these representations, Mr. Daniel reasonably relied on information from both side's counsel in deciding to plead guilty. *See* attached Declaration of Brant Daniel, Sept. 24, 2024. To expedite his transfer to federal prison to obtain better medical care, Mr. Daniel even waived his right to a presentence report and was sentenced immediately. Nonetheless, Mr. Daniel remains in state prison today more than ten months after sentencing, with no reason to believe he'll ever be transferred to federal prison.[3] An illusory promise is no promise at all. *See United States v. Moreno-Membache,* 995 F.3d 249, 256 (D.C. Cir. 2021) ("We are loathe to assume that a defendant surrendered a panoply of constitutional rights in exchange for a meaningless and valueless promise.")

In these circumstances, the Court should hold that the government breached its agreement to seek to take appropriate actions to have Mr. Daniel transferred to federal prison. *United States v. Mondragon,* 228 F.3d 978, 980 (9th Cir. 2000). ("When a plea agreement rests in any significant degree on a promise or

---

[3]   Mr. Daniel was recently informed that he will soon have a Department of Review Board hearing to determine whether and to which *state prison* he will be transferred.

consideration, such promise must be fulfilled."). When the government breaches a plea agreement, the harmless error rule does not apply and relief must be granted. *Id.* at 981; *United States v. Johnson,* 187 F.3d 1129, 1136 (9th Cir. 1999) ("[t]he harmless error rule does not apply to the law of contractual plea agreements") (quoting *United States v. Myers,* 32 F.3d 411, 413 (9th Cir. 1994)). If the Court does not grant Mr. Daniel's § 2255 motion on the existing record, Mr. Daniel requests an evidentiary hearing on the factual issues underlying his § 2255 motion, that is, what steps the government has taken to comply with its agreement to have Mr. Daniel transferred to federal prison to serve his sentence.

**C.    Mr. Daniel seeks to vacate his guilty plea. He does not seek an order that he be transferred to federal prison as the government asserts.**

Finally, the government argues that "the Court would not have authority to force Daniel's transfer to the BOP from CDCR because the State of California has primary jurisdiction over Daniel." ECF No. 2439, at 7. But Mr. Daniel has not asked the Court to order his transfer to federal prison. Rather, the only remedy Mr. Daniel seeks is to vacate his guilty plea, reinstate his not guilty plea, and set the case for trial. ECF No. 2391, at 14-15 ("Because the government violated the terms of my plea agreement by failing to have me transferred to federal prison to serve my sentence, the Court should vacate my guilty plea, reinstate my not guilty plea, and set the case for trial.") The Court undoubtedly has the power under 28 U.S.C. § 2255 to vacate a defendant's guilty plea to remedy the government's breach of its plea agreement. *See Santobello v. New York,* 404 U.S. 257, 263 (1971); *United States v. Franco-Lopez,* 312 F.3d 984, 992 (9th Cir. 2002) (explaining that permitting the defendant to withdraw his guilty plea is an available remedy for the government's breach of a plea agreement). For the reasons above and in Mr. Daniel's initial § 2255 motion, the Court should do so here.

## III.  Conclusion

For these reasons, the Court should grant Mr. Daniel's motion to vacate the judgment, reinstate his guilty plea, and order a new trial.  If the Court does not grant § 2255 relief on the existing record, the Court should order an evidentiary hearing on whether the government has complied with the terms of the plea agreement.

Respectfully submitted,

Dated:  October 7, 2024

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
BRANT DANIEL

Declaration of Brant Daniel,

I, Brant Daniel, Declare:

① Had I known, and relied on; many of the prosecutor's assurances in court and motions, in my plea agreement, and to my attorneys in inducing me to plea guilty, weren't true, I would've never given up my rights to a jury trial.

② Had I known I would not be "promptly" transferred into federal (BoP) prison, I would have gone to jury trial.

③ I had severe and serious medical surgeries I needed, and led to believe that I'd be able to go get them faster and be promptly moved to federal (BoP) prison.

④ I told my attorneys if I was not moved to fed. prison and was still here I wanted to go to jury trial.

I Brant Daniel, declare under the penalty of perjury the foregoing is true and correct.

x <u>Brant Daniel</u>
Sept 24, 2024