Rene L. Valladares
Federal Public Defender
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org
Sean A. McClelland
Assistant Federal Public Defender
Nevada State Bar No. 16581
Email: sean_mcclelland@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**DEFENDANT RONALD YANDELL'S SENTENCING MEMORANDUM**<br><br>Date: November 19, 2024<br>Time: 10:00 a.m.<br><br>Chief Judge Kimberly J. Mueller,<br>United States District Court |

## DISCUSSION

Under current Ninth Circuit authority, this Court has no discretion: it must sentence Mr. Yandell to a mandatory minimum sentence of life in custody on Count 16. *See* ECF 1375, Superseding Indictment at 18:13 (alleging violations of 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering); *see United States v. Rollness*, 561 F.3d 996, 998 (9th Cir. 2009) (per curiam) ("Accordingly, we join the Second and D.C. Circuits in holding that § 1959(a)(1) imposes a minimum sentence of life imprisonment for VICAR murder."). Mr. Yandell acknowledges that this Court is bound by that authority, and that the Court is therefore bound to give him a life prison term here.

Mr. Yandell nonetheless preserves his argument that such authority—the Ninth Circuit's *Rollness* decision—was wrongly decided. *Cf. Rollness*, 561 F.3d at 998 (Rymer, J., concurring) (suggesting that the panel majority's holding is potentially unnecessary because, on the particular facts there, a life sentence was "reasonable"). The relevant statute provides three possible sentences in the disjunctive: "death *or* life imprisonment, *or* a fine under this title, *or* both." 18 U.S.C. § 1959(a)(1) (emphases added). The statute thus permits something less than life imprisonment. *Id.*; *cf. Rollness*, 561 F.3d at 998 (acknowledging this "syntactically possible" result). And to the extent there is any ambiguity in the statute, the rule of lenity would resolve that ambiguity in Mr. Yandell's favor. And, more broadly, the mandatory minimum sentence of life, without possibility of parole, is unjust because it deprives this Court of the ability to fashion a sentence that reflects the unique characteristics of Mr. Yandell. *See generally United States v. Young*, 2022 WL 2356734 (9th Cir. June 20, 2022) (mem.). (Watford, J., concurring) ("Mandatory minimum sentencing laws frequently preclude the imposition of a just and appropriate sentence because they treat[ ] all persons convicted of a designated offense not as uniquely individual human beings, but as members of a faceless, undifferentiated mass. . . . Young deserved to be treated with that degree of respect due the uniqueness of the individual, . . . even if he was facing a sentence of life

without parole rather than death." (internal citations and quotations omitted)). Mr. Yandell intends to make these arguments on appeal, as appropriate.

Moreover, insofar as the Ninth Circuit concludes that Mr. Yandell was improperly convicted of that count (or the Ninth Circuit overrules *Rollness*), Mr. Yandell intends to seek appropriate relief on resentencing. *See generally Arnold v. United States*, 632 F. Supp. 3d 1005, 1015 (D. Ariz. 2022) (collecting cases on resentencing following vacatur of some counts of conviction). In general, "[r]esentencing a defendant's entire sentence when one or more conviction is determined to be invalid is discretionary." *Id.* (citing *Troiano v. United States*, 918 F.3d 1082, 1086–87 (9th Cir. 2019)). But "when a court vacates some counts of a conviction, it is usual practice to vacate the entire sentence and remand for resentencing." *Id.* (citing *United States v. Christensen*, 828 F.3d 763, 821 (9th Cir. 2016)). "This is typically referred to as 'unbundling' and gives district courts the authority to 'package' a new sentence that reflects a deserved punishment for the defendants' crimes of which they are still convicted." *Id.* (quoting *United States v. Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2010)). As a result, "[r]esentencing on entire bundles is often warranted, as convictions on certain counts may have affected the other counts." *Id.* (quoting *Avila-Anguiano*, 609 F.3d at 1049). Should Mr. Yandell receive appellate relief on Count 16, he preserves arguments as to the appropriate sentence on the new "bundle[]" of convictions. *See id.*

In the future resentencing hearing, departures or variances will be appropriate if mandatory minimum count(s) are reversed. For example, it would be appropriate to depart downwards given the horrific conditions of confinement endured by Mr. Yandell within the CDCR. See, e.g., Nate Gartell, California Prisoner Reportedly Injured by Corrections Officers Days After Filing Retaliation Lawsuit Over Aryan Brotherhood Prosecution, at https://www.mercurynews.com/2024/08/29/california-prisoner-reportedly-injured-by-corrections-officers-days-after-filing-retaliation-lawsuit-over-aryan-brotherhood-prosecution/ .

Finally, as a collateral matter the defense moves the Court to direct the Office of Probation to convey Mr. Yandell's entire medical record to the Bureau of Prisons, along with the presentence report.

Dated November 14, 2024.

                                                Respectfully submitted,

                                                Rene L. Valladares
Federal Public Defender

*/s/ Brian D. Pugh*
BRIAN D. PUGH
Assistant Federal Public Defender

*/s/ Sean A. McClelland*
SEAN A. McCLELLAND
Assistant Federal Public Defender

Kalar Law Office

*/s/ Steven G. Kalar*
STEVEN G. KALAR

5