PHILLIP A. TALBERT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMUEL KEETON,<br><br>          Defendant. | CASE NO. 2:19-CR-00107-KJM<br><br>OPPOSITION OF THE UNITED STATES TO DEFENDANT KEETON'S SEALED MOTION TO AMEND THE JUDGMENT |

## I.     INTRODUCTION

The United States, by and through Assistant United States Attorney Jason Hitt, respectfully submits its opposition to the sealed motion for an order amending his judgment. In sum, Keeton's motion must be denied because the Court lacks jurisdiction or authority to provide such relief.

## II.     ANALYSIS

### A.     District courts may not correct or modify a sentence of imprisonment

A court generally may not correct or modify a sentence of imprisonment once it has been imposed. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). A court may modify such a sentence only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). Rule 35(a) imposes a 14-day jurisdictional bar—in this case, a date that expired on or about July 17, 2024 (fourteen days after July 3, 2024 sentencing date). ECF 2384; Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical,

technical, or other clear error."). The 14-day deadline of Rule 35(a) is "jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days." *Aguilar-Reyes*, 653 F.3d at 1055 (citing *United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003)); *United States v. United States District Court, Central District of California*, 509 F.2d 1352, 1356 (9th Cir. 1975) (ruling that self-styled motion for clarification did not cure the jurisdictional defect of an untimely Rule 35(a) motion because doing so would nullify the purpose of the rule: to limit the period over which district court has discretionary control over its own sentences). Section 3582(c) "provides for no 'inherent authority' to amend an imposed prison sentence" and, as a result, "district courts do not have 'inherent authority' to reconsider sentencing orders." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).

     **B.**    **Keeton's motion does not provide authority to modify his judgment**

Keeton's motion cites to Rules 12 and 47 of the Federal Rules of Criminal Procedure. But, neither of those rules convey authority or jurisdiction for a district court modify a previously-imposed sentence. Even if Keeton's motion was not legally precluded by binding authority, the language in the Court's original sentencing order remains necessary to effectuate the matters discussed during Keeton's sentencing hearing.

### III.    CONCLUSION

The United States respectfully requests that the Court deny defendant Samuel Keeton's motion amend his judgment.

|  |  |
|---|---|
|  | PHILLIP A. TALBERT<br>United States Attorney |
| Dated: November 18, 2024 | By: /s/ *Jason Hitt*<br>JASON HITT<br>Assistant United States Attorney |

UNITED STATES' OPP'N TO DEF.'S
MOTION TO AMEND JUDGMENT

2