# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Person Under Supervision

| | | | |
|---|---|---|---|
| **Name of Person Under Supervision:** | Kristen Demar | **Docket Number:** | 0972<br>2:19CR00107-014 |

**Name of Judicial Officer**:   Senior United States District Judge Kimberly J. Mueller

| | |
|---|---|
| **Date of Original Sentence:** | 5/8/2024 |

**Original Offense:** Count 1: 18 USC 1962(d) – Conspiracy to Participate in a Racketeering Enterprise (CLASS A FELONY); Count 7: 21 USC 846 and 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Heroin (CLASS A FELONY)

**Original Sentence:**   Time Served; 36-month term of Supervised Release; Mandatory testing; DNA collection; $200 special assessment.

**Special Conditions:** 1) Warrantless search; 2) Drug/alcohol treatment; 3) Substance abuse testing; 4) Financial disclosure; 5) No gang associations; 6) Cellular phone restrictions; 7) Aftercare co-payment.

| | |
|---|---|
| **Type of Supervision:** | TSR |
| **Date Supervision Commenced:** | 5/8/2024 |

**Other Court Actions:**  None

---

### PETITIONING THE COURT

☒   **TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

RE: **Kristen Demar**                                                      Docket Number: 0972 2:19CR00107-014

**Charge Number**     **Nature of Violation**

**Charge 1:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On September 25, 2024, Demar submitted a urine sample which tested positive for controlled substances, in violation of the Mandatory Condition, which states in part, *"You must refrain from any unlawful use of a controlled substance."*

**Charge 2:**     **FAILURE TO ANSWER TRUTHFULLY**

On October 30, 2024, Demar lied to the probation officer when questioned regarding her recent use of controlled substance, in violation of the Standard Condition Number 4, which states, *"You shall answer truthfully the questions by the probation officer."*

**Charge 3:**     **FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED**

From June 13, through November 12, 2024, Demar has missed seven (7) of twelve (12) random drug tests, in violation of Special Condition Number 3, which states, *"You must submit to substance abuse/alcohol abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods."*

**Justification:** On May 14, 2024, Demar released from custody and her supervision commenced in the Eastern District of California. On May 31, 2024, Demar reported to the probation office and was oriented to her conditions of release, signed, and received a copy. In addition, she was referred to mental health counseling and drug testing (at a modest phase of only twice per month).

Initially, Demar appeared to be adjusting well onto supervision and back into the community. She moved into her mother's residence and quickly secured employment. However, within a couple months upon her release she began to complain about random drug testing requirements. Specifically, Demar expressed/conveyed that she had been drug free for more than five years and she would argue drug testing was too inconvenient. She was reminded drug testing was not only ordered, but necessary considering her substance abuse and related criminal history. On June 13, 2024, she began a pattern of missing drug testing at an unacceptable frequency. While missing drug tests, Demar would reference an issue/problem (i.e., work schedule, vehicle problems, birthdays, weather, illnesses, etc.) which hinder her ability/availability to drug test.

Late July 2024, Demar's employment changed to Fairfield, California. On August 15, 2024, her drug testing site was moved to Fairfield, allowing her ample time to report for drug testing when required. Nonetheless, she continued complaining, issues kept coming up, and she continued missing drug testing. Specifically, Demar has missed drug testing on June 13, July 11 and 30,

RE: **Kristen Demar**  Docket Number: 0972 2:19CR00107-014

August 15, October 23, and November 11 and 12, 2024. In all, Demar has missed seven of 12 required random drug testing dates.

On September 25, 2024, Demar submitted urine samples which tested positive for controlled substances, On October 30, 2024, Sr. U.S. Probation Officer Pajcin and Supervising U.S. Probation Officer Hage visited Demar at her residence. Demar was questioned regarding her September 25, 2024, positive drug test which she adamantly denied. On November 7, 2024, Alere Toxicology Services drug testing report confirmed that Demar's sample collected on September 25, 2024, contained D-Methamphetamines at a quantitative value of 100%.

Demar was previously shown leniency and is already exhibiting disturbing and deceitful behavior which brought her before the Court just six months ago. During this short time, Demar has demonstrated a disregard for the most basic of conditions. She has repeatedly attempted to manipulate what is required of her and selectively complies with what she deems important. At a crucial time for Demar to be open and honest, she has engaged in a pattern of noncompliance, which seemingly is not inclined to stop unless the Court intervenes.

**Detention:** Considering there is a direct correlation between controlled substance use/abuse and criminal activity, it is of concern that Demar has reverted to the type of behavior (and associations) which have impeded her throughout her life. Instead of taking the necessary steps to change her lifestyle, Demar has demonstrated she will selectively comply with those terms of supervised release that fit her lifestyle and lie when confronted.

Considering the seriousness of Demar underlying case, the associations involved, and the fact she has reverted to illegal substance use/abuse, it is respectfully recommended a warrant be issued requiring the releasee to appear and show why her supervision should not be revoked. It is the opinion of the probation officer Demar represents a risk to the community. Thus, it is respectfully recommended that Demar be detained pending final adjudication of this matter.

| | |
|---|---|
| RE: **Kristen Demar** | **Docket Number: 0972 2:19CR00107-014** |

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   November 22, 2024
                    Roseville, California

Respectfully submitted,

/s/ Vladimir Pajcin

**VLADIMIR PAJCIN**
**Sr. United States Probation Officer**
Telephone: (916) 284-1725

**DATED:**   11/22/2024

Reviewed by,

/s/ Lisa Hage

**LISA HAGE**
**Supervising United States Probation Officer**

RE: **Kristen Demar**   Docket Number: 0972 2:19CR00107-014

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant pending hearing. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

Date: November 25, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE

CC:
United States Probation
Assistant United States Attorney: Jason Hitt; Ross Pearson; David Spencer; Kevin Khasigian
United States Marshal Service

RE: **Kristen Demar**                                          **Docket Number: 0972 2:19CR00107-014**

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Kimberly J. Mueller
Senior United States District Judge
Sacramento, California

                                  **RE:    Demar, Kristen**
                                            **Docket Number: 0972 2:19CR00107-14**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

<u>**Charge 1:**</u>    <u>**UNLAWFUL USE OF A CONTROLLED SUBSTANCE**</u>

    a. **Evidence:**

        i. ALERE Toxicology Services report, Specimen # B000030990, collected on September 25, 2024.

    b. **Witnesses:**

        i. United States Probation Officer Vladimir Pajcin will testify regarding Demar's drug test collected on September 25, 2024.

<u>**Charge 2:**</u>    <u>**FAILURE TO ANSWER TRUTHFULLY**</u>

    a. **Evidence:**

        i. None

    b. **Witnesses:**

        i. United States Probation Officers Vladimir Pajcin and Lisa Hage will testify that on October 30, 2024, Demar was interviewed/questioned

RE: **Kristen Demar**  **Docket Number: 0972 2:19CR00107-014**

regarding her controlled substance use and she adamantly denied any/all illegal drug use.

**Charge 3:** **FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED**

  a. **Evidence:**

   i. Barrie Lamonte – Drug Testing Attendance Report

  b. **Witnesses:**

   i. Willy Johnson from Barrie Lamonte will testify regarding Demar's drug testing appointments.

Respectfully submitted,

**VLADIMIR PAJCIN**
**Sr. United States Probation Officer**
Telephone: (916) 284-1725

**DATED:** 11/22/2024
Roseville, California

Reviewed by,

**LISA HAGE**
**Supervising United States Probation Officer**

RE: **Kristen Demar**                                                                 **Docket Number: 0972 2:19CR00107-014**

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Name of Person Under Supervision:** | Kristen Demar | **Docket Number:** | 0972 2:19CR00107-14 |
| **Date of Original Offense:** | Count 1: 10/01/2011 - 06/04/2019; and Count 7: 12/31/2015 - 12/21/2016 | | |

**Original term of supervised release imposed:** Time Served

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** II

**Original guideline range:** 78 to 97 months

**Chapter 7 range of imprisonment:** 4 to 10 months

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒         **Class A felony - 5 years**

**Violation requires mandatory revocation:  YES: ☐    NO: ☒**

<u>**Original offense committed on or after 04/30/2003**</u>:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

<u>**MANDATORY REVOCATION ISSUES**</u>

<u>**Original offense committed after 09/13/94:**</u>  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

RE: **Kristen Demar**                              **Docket Number: 0972 2:19CR00107-014**

**<u>Positive/Failed Drug Tests after 11/02/2002:</u>**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.