ROB BONTA, State Bar No. 202668
Attorney General of California
MARIA G. CHAN, State Bar No. 192130
Supervising Deputy Attorney General
LUCAS L. HENNES, State Bar No. 278361
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7323
 Fax:  (916) 322-8288
 E-mail:  Lucas.Hennes@doj.ca.gov
*Attorneys for Third Party
California Department of Corrections and
Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>**RONALD YANDELL, WILLIAM SYLVESTER, and DANIEL TROXELL,**<br><br>                              Defendants. | 2:19-CR-00107-KJM<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:         The Honorable Kimberly J. Mueller<br><br>Action Filed:  June 14, 2019 |

On March 14, 2025, this Court ordered the California Department of Corrections and Rehabilitation (CDCR) to show cause why the filings at ECF Nos. 1939, 1940, 1943, 1975, 1990, 1998, 2087, 2089, 2102, 2108, 2114, 2115, 2116, 2117, 2166, 2168, and 2174, and their respective attachments, should not be unsealed.  (Sealed Order, March 14, 2025.)

As noted in Defendant Yandell's Memorandum Regarding Under Seal Filings (ECF No. 2379), CDCR provided material in this case under "a very strict attorneys-eyes-only protective order."  (ECF No. 2379 at 5.)  Defendant acknowledged that "CDCR's security concerns for its debriefing inmates . . . remains in effect after the *Yandell* trial is completed."  (*Id.*)  Defendant did not seek to be relieved of the limitations of that protective order.  (*Id.*)  The United States

1

similarly has not requested that CDCR's materials be unsealed. (*See* United States' Response to Defendant Yandell's Memorandum Regarding Sealed Filings, ECF No. 2395.)

In response to the Court's Order, CDCR takes the following position:

**A.    ECFs 1939, 1940, 1943, 1975, 1990, 1998, 2087, 2089, 2102, 2117**

With respect to ECFs 1939, 1940, 1943, 1975, 1990, 1998, 2087, 2089, 2102, and 2117, CDCR takes no position as to whether they should be unsealed. No confidential CDCR documents are included in these filings under seal, and therefore CDCR does not object to nor support their unsealing.

**B.    ECFs 2108, 2114, 2115, 2116, 2166, 2168, 2174**

CDCR objects to the unsealing of ECFs 2108, 2114, 2115, 2116, 2166, 2168, and 2174. These filings contain highly sensitive debrief documents, the release of which would threaten the lives of confidential informants and their families and undermine CDCR's gang-management policies. (*See* Declaration of Sgt. Robert Acosta, submitted to the Court previously under seal on March 5, 2024.) CDCR has objected to previous requests that the protective order be loosened and unsealing the records entirely would only magnify those concerns. (See February 28, 2024 Opposition to Emergency Motion [filed under seal].) As noted in that motion, a broad, nonspecific modification to the existing protective order would lay bare the identities of any confidential informant who has provided any information regarding the Aryan Brotherhood, not just those who have testified against Mr. Yandell in this trial. This would pose an imminent risk of serious harm or death to these informants and their families. *See Wolff v. McDonnell*, 418 U.S. 539, 562 (1974) (noting inmates are "subject to the unwritten code that exhorts inmates not to inform on a fellow prisoner" and in prison, "[r]etaliation is much more than a theoretical possibility"); see also *Griffin v. Gomez*, 741 F.3d 10, 14-15 (9th Cir. 2014) (detailing murders carried out on orders of an imprisoned prison gang leader).

CDCR is aware of no party requesting these documents be unsealed, and the security concerns articulated previously in this case—which justified a strict attorneys-eyes-only protective order—remain true after the case's resolution. Simply stated, there is no good reason

to unseal these highly sensitive documents, and multiple good reasons why they should remain under seal.

## CONCLUSION

For the foregoing reasons, CDCR requests that ECFs 2108, 2114, 2115, 2116, 2166, 2168, and 2174 remain under seal.

Dated: April 7, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
MARIA G. CHAN
Supervising Deputy Attorney General

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Third Party*
*California Department of Corrections and Rehabilitation*

SA2025301354
38927287.docx

# CERTIFICATE OF SERVICE

Case Name:  **USA v. Ronald Yandell, et al. [SEALED]**   No.   **2:19-CR-00107-KJM**

I hereby certify that on <u>April 7, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S RESPONSE TO ORDER TO SHOW CAUSE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 7, 2025</u>, at Sacramento, California.

|  |  |
|---|---|
| Sienna Sweiven | /S/ Sienna Sweiven |
| Declarant | Signature |

SA2025301354
38927328.docx