Rene L. Valladares
Federal Public Defender
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org

Sean A. McClelland
Assistant Federal Public Defender
Nevada State Bar No. 16581
Email: sean_mcclelland@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**MEMORANDUM REGARDING UNDER SEAL FILINGS**<br><br>Date: August 21, 2024<br>Time: 9:00 a.m.<br><br>Chief Judge Kimberly J. Mueller,<br>United States District Court |

## I.    INTRODUCTION

After the verdict was returned in Mr. Yandell's trial, this Court asked that the parties brief the status of under-seal filings submitted in the case.

This memorandum addresses four categories of under-seal filings made by Mr. Yandell:[1]

1.    Proffers regarding impeachment of government cooperating witnesses;

2.    Motions for compulsory process, regarding defense inmate-witnesses;

3.    Memoranda relating to materials covered by CDCR protective orders;

4.    Defense motions for trial subpoenas, subpoenas duces tecum, or writs ad testificandum.

A list of under-seal filings by Mr. Yandell, and the category of filing, is attached. *See Attachment A, Spreadsheet of Under Seal Filings.*

Counsel for Mr. Yandell has no objection to the unsealing of the first two of the above categories: impeachment proffers, and motions for compulsory process.

As to the third category, the defense is subject to a very restrictive attorneys-eyes-only protective order (required by the CDCR). Mr. Yandell does not seek modification of the CDCR's protective order. Those CDCR-related materials should accordingly remain under seal.

---

[1] This memorandum does not address motions not filed by Mr. Yandell that are under seal. *See, e.g.,* ECF 2135 (motion under FRE 104); ECF 2165 (regarding █████████ writ); ECF 2094 (regarding government motion to preclude hearsay statements of Gary Littrell). Before those documents are unsealed, it would be appropriate for the moving party to have an opportunity to object.

This memorandum also does not address orders from the Court that were filed under seal. *See, e.g.,* ECF 1997, 2039, 2079, 2081, 2089, 2102, 2108, 2114, 2141, 2154, 2160, 2178. Many of those orders were issued *sua sponte,* relating to – for example – videoconferencing of inmate witnesses or other issues relating to these witnesses. *See, e.g.,* ECF 2141, 2154, 2160, 2178. No party has asked that these orders be unsealed. Because there is no motion to unseal these orders, the safest course is that they remain under seal. If the Court is inclined to unseal them, however, it should first give the affected parties an opportunity to object. *See, e.g.,* ECF 2160.

Finally, the defense objects to the disclosure of privileged defense strategy contained within the fourth category: applications for trial subpoenas and subpoenas duces tecum, and applications for writs ad testificandum. *See United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018).

## II.    DISCUSSION

### A.    Category One: Mr. Yandell Has No Objection to Unsealing Proffers Regarding Impeachment of Government Witnesses

The government's case at trial relied heavily on cooperating witnesses. All of those witnesses faced long potential mandatory minimum sentences if the government was displeased with their trial testimony. All of these witnesses also faced very high sentencing-guideline exposures, providing these cooperators with the incentive to lie during their testimony against Mr. Yandell, curry government favor, and ultimately earn large Section 5K1.1 departures.

Over defense objection the Court limited defense counsel's ability to cross-examine these cooperating witnesses on their potential mandatory-minimum exposure, and on their guideline exposure. The defense vigorously protested that these limitations were unconstitutional limitations on Mr. Yandell's Sixth Amendment right of confrontation.

To preserve this issue for appellate review, Mr. Yandell submitted a proffer of the mandatory-minimum and guideline exposure of each cooperating government witness, and the anticipated area of inquiry on cross-examination. *See, e.g.* ECF No. 2022 (proffer discussing cooperating witness Jeanna Quesenberry); Appendix A (listing under seal filings in Category One).

Now that the trial has resolved, Mr. Yandell has no objection to unsealing these proffers. The press and the public should be able to see the true sentencing exposure of the government's cooperators, and to contrast that potential exposure to the custodial sentence ultimately imposed by the Court after the government's Section 5K1.1 motions.

4

It must be emphasized, however, that Mr. Yandell's proffers regarding the government's cooperators relied heavily on information and discovery provided to the defense pursuant to government and CDCR protective order(s). Because of the Court's limitations on cross-examination, much of that CDCR information was not disclosed at trial. While Mr. Yandell does not object to the unsealing of these cross-examination proffers in Category One, the government and the CDCR may ask that those filings remain under seal to protect protective-order materials. Because no party is actually asking that these proffers be unsealed, Mr. Yandell will demure to the Court, the government's, the CDCR's, and cooperating-witnesses counsel's collective decision on whether proffer-motions containing reference to CDCR discovery should be unsealed.

## B.     Category Two: Mr. Yandell Has No Objection to Unsealing Motions for Compulsory Process of Defense-Inmate Witnesses

Mr. Yandell moved this Court to provide compulsory process of five incarcerated inmate-witnesses as part of the defense case: ███████████, ███████████, ███████████, ███████████, and ███████████.

After considerable litigation, the Court did not compel the in-person production of a single one of these defense inmate-witnesses.

Mr. Yandell has no objection to the unsealing of motions filed by Mr. Yandell relating to the production of these defense-inmate witnesses. *See, e.g.,* ECF No. 2170; *Appendix A* (listing Category Two Motions).

The affected inmate-witnesses, however, may object to unsealing. *See* ECF 2100. The Court should give affected counsel an opportunity to object before unsealing any Category Two document.

It would also be inappropriate for the Court to unseal memoranda filed by the inmate-witnesses in response to Mr. Yandell's efforts to secure their presence. *See, e.g.,* ECF No. 2200; 2202; 2256 (motions to quash). Many of the filings by those witnesses include privileged material relating to assertion of Fifth Amendment privilege.

Notably, no party has moved for the filings of the inmate-witnesses to be unsealed. If the Court decides to *sua sponte* unseal filings by inmate-witnesses, it should at least first provide notice to those witnesses' counsel and allow them the opportunity to object.

## C.    Category Three: Mr. Yandell Does Not Move for Modification of the CDCR Protective Orders Regarding Disclosed Material

A particularly challenging aspect of this trial was the management of the great volume of information provided by the California Department of Corrections and Rehabilitation.

The first component of this CDCR information were documents and recordings obtained by the government from the CDCR, and then disclosed to the defense in discovery. That discovery material was subject to a stipulated protective order ordered by the Court. As noted above, some motions – such as the cross-examination proffers – contains references to discovery produced under the government protective order. If those materials were to be unsealed, the Court would first have to *sua sponte* revisit the discovery protective order that the government and the parties agreed upon and this Court ordered. Mr. Yandell, however, is not moving for modification of the protective order with this government.

The second component of CDCR information was material obtained from the CDCR directly, through subpoena duces tecum. As noted above, material obtained directly from the CDCR was subject to a very strict attorneys-eyes-only protective order. The CDCR explained that it required this order to ensure the safety of debriefing inmates. Mr. Yandell carefully complied with this attorneys'-eyes-only CDCR order, seeking specific Court permission and stipulated modifications of this protective order with the CDCR when affected material was necessary for cross-examination during trial.

The CDCR's security concerns for its debriefing inmates presumably remains in effect after the *Yandell* trial is completed. To that end, the attorneys-eyes-only protective order with the CDCR also remains in effect. Mr. Yandell does not seek to be relieved of the limitations of this protective order. To the extent that the Court wishes to *sua sponte*

abrogate the attorneys-eyes-only protective order with the CDCR, the CDCR would presumably wish to first be heard and to object. From the defense perspective, however, motions relating to these CDCR materials cannot be unsealed unless the CDCR protective order is first withdrawn by the Court.

### D.    Category Four: Mr. Yandell Objects to Unsealing Confidential Defense Work Material in Applications for Subpoenas Duces Tecum and Applications for Writs Ad Testificandum

Although no party has moved for disclosure of defense applications for subpoenas, or for writs ad testificandum, this Court *sua sponte* directed the parties to brief whether these filings should be unsealed.

They should not.

In a decision arising out of the Northern District of California, the Ninth Circuit directly addressed the confidentiality of defense subpoena applications. *See United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018). In *Sleugh*, defendant Boyd (represented by the Federal Defenders' office) sought Rule 17(c) subpoenas. *Id.* at 1010. As required by the local rules, the AFPD filing the applications on behalf of Boyd submitted affidavits in support of the subpoena applications. *Id.* Those applications and affidavits were filed ex parte and under seal. *Id.*

Boyd eventually pleaded guilty and cooperated. He testified against his co-defendant, Sleugh, at trial. *Id.* Sleugh was convicted at trial of all charges and sentenced to life in custody. *Id.* at 1011.

Appellate briefing for Sleugh was stayed while his appellate counsel sought permission from the district court to unseal Boyd's Rule 17(c) subpoena applications. *Id.* Before the district court, Sleugh argued that the sealed subpoena applications presented the possibility that Boyd testified inconsistently at trial – that is, that the facts in the applications may not have been consistent with Boyd's trial testimony. *Id.* "Put differently, Sleugh assert[ed] that Boyd's testimony on behalf of the Government must

have been inconsistent with any defense theory Boyd used to support the Rule 17(c) subpoenas." *Id.*

The magistrate judge who authorized the subpoenas denied Sleugh's motion to unseal them: that denial was upheld by the district court. *Id.* Sleugh appealed that denial, and Boyd intervened in the Ninth Circuit. *Id.*

The Ninth Circuit began its analysis by emphasizing a defendant's right to compulsory process in building a defense. *Id.* at 1012. By contrast, there was no First Amendment or common law right that created a presumptive right for Sleugh to access Boyd's application. *Id.* at 1013 (adopting the First Circuit's decision in *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013)). Specifically, the Court held that "there is no presumption of public access under the First Amendment or common law that attaches to Rule 17(c) subpoena applications and their supporting materials. Accordingly, parties can only justify accessing sealed or in camera Rule 17(c) subpoenas, subpoena applications, and supporting documents by demonstrating a 'special need.'" *Id.* at 1015.

Sleugh attempted to demonstrate a "special need" for access to the sealed materials, arguing that they would show that Boyd (a government cooperator) lied during trial. *Id.* The Ninth Circuit was unpersuaded. *Id.*

The Ninth also rejected Sleugh's fallback argument that the subpoena applications should be unsealed because the trial was over. *Id.* at 1017. "Unsealing Boyd's Rule 17(c) subpoena applications could reveal Boyd's defense theories to the state and federal governments for any future trial. The prospect of undermining the confidentiality of Boyd's defense strategies justified sealing these materials in the first place, which Sleugh does not contest. It is no different now." *Id.*

*Sleugh* directly controls the issue of unsealing Yandell's application for subpoenas and writs ad testificandum. Indeed, Mr. Yandell has a far stronger argument for keeping these materials sealed than Boyd had in *Sleugh*. First, and most importantly, unlike *Sleugh*, no party is attempting to show any "special need" to unseal these sensitive defense documents. Absent any showing of "special need" (or indeed, any showing that

*any* party is seeking to unseal these materials at all), there is no justification for unsealing these documents.

Moreover, Mr. Yandell has a more-compelling need for ongoing protection of defense strategy than was demonstrated by Boyd. Boyd pleaded guilty pursuant to a cooperation plea agreement, and had no ability to appeal his federal conviction. The only potential risk to Boyd was the possibility of a future state prosecution. *Id.* at n.7.

Yandell faces the same danger of state prosecution as Boyd faced in *Sleugh*. However, unlike Boyd, there also remains the very real prospect of a re-trial of the federal charges in the *Yandell* case. The Yandell defense team has carefully preserved objections, pre-trial motions, and challenges that will ultimately be before the Ninth Circuit. A number of these challenges would require remand and retrial if Mr. Yandell is victorious on appeal. It would be particularly inappropriate to ignore the limitations of *Sleugh* and to unseal filings that would reveal defense strategy, when the possibility of a federal re-trial is very real.

Finally, while the *Sleugh* decision addressed subpoena applications, there is no meaningful difference as to applications for writs ad testificandum. Mr. Yandell's writ applications contained the same detailed description of defense strategy and the need for the in-custody witness as was contained in the subpoena applications in *Sleugh*. As with subpoena applications, disclosure of the writ applications is barred by the limitations recognized in *Sleugh*.

### III.    CONCLUSION

For the foregoing reasons, the Court should unseal documents in Categories One and Two (unless the documents implicate materials subject to protective orders, or draw objections from affected parties).

The Court should keep materials in Categories Three and Four under seal.

Dated this 17th day of June, 2024.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Brian D. Pugh*
BRIAN D. PUGH
Assistant Federal Public Defender

*/s/ Sean A. McClelland*
SEAN A. McCLELLAND
Assistant Federal Public Defender

Kalar Law Office

*/s/ Steven G. Kalar*
STEVEN G. KALAR

# Attachment A

(Spreadsheet of Under Seal Filings)

| ECF # | Category | Yandell Position on Unsealing | Notes |
|---|---|---|---|
| 2004 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2022 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2025 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2047 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2058 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2065 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2076 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2182 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2189 | 1. Impeachment Proffer | No objection, subject to reservations in memorandum. | |
| 2085 | 2. Motion Compulsory Process | No objection, subject to reservations in memorandum. | |
| 2100 | 2. Motion Compulsory Process | No objection, subject to reservations in memorandum. | |
| 2170 | 2. Motion Compulsory Process | No objection, subject to reservations in memorandum. | |
| 2172 | 2. Motion Compulsory Process | No objection, subject to reservations in memorandum. | |
| 2200 | 2. Motion Compulsory Process | No objection, subject to reservations in memorandum. | |
| 2202 | 2. Motion Compulsory Process | No objection, subject to reservations in memorandum. | |
| 2115 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 2116 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 2084 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 2099 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 2158 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 2166 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 2169 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 1024 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 1041 | 3. CDCR / USAO P.O. Materials | Unsealing not appropriate because of controlling protective order. | |
| 1387 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1387 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1387 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1387 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1387 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1387 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1525 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1525 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1525 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1525 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1681 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1681 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1681 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1681 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1681 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1681 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1934 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1971 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 1983 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2008 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2010 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2020 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2027 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2029 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2030 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2031 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2033 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2034 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2035 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2048 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2050 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2051 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2055 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2061 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2074 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2107 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2228 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2230 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2231 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2232 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2246 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| No Notice on Docket | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | 17(c) Subpoena - CDCR Materials Pertaining to Beasley |
| No Notice on Docket | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | 17(c) Subpoena - CDCR Materials Pertaining to Keeton |
| No Notice on Docket | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | 17(c) Subpoena - District Attorney-County of San Luis Obispo |
| 1824 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2087 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |
| 2117 | 4. Subpoena and writ materials | Object to unsealing: United States v. Sleugh. | |