MICHELE BECKWITH
Acting United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNA QUESENBERRY,<br><br>　　　　　Defendant. | Case No. 2:19-CR-00081-KJM<br>Case No. 2:19-CR-00107-KJM<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXTEND SELF-SURRENDER DATE |

　　　　The United States, by and through Assistant United States Attorney Jason Hitt, respectfully submits its opposition to the motion to extend the Court-ordered self-surrender date filed by defendant Jeanna Quesenberry. ECF 470 (Case No. 2:19-CR-00081-KJM), ECF 2762 (Case No. 2:19-CR-00107-KJM).

　　　　**I.　　PROCEDURAL BACKGROUND**

　　　　On July 22, 2020, Magistrate Judge Claire ordered Quesenberry temporarily released from custody based upon her need for medical care at the height of the COVID pandemic. ECF 107 (Case No. 2:19-CR-00081-KJM).[1] The government opposed Quesenberry's release. ECF 105. After a series

---

[1] Given the volume of entries in the RICO case, the government will refer to docket entries in Quesenberry's drug trafficking case, Case No. 2:19-CR-00081-KJM, throughout the remainder of this brief.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO EXTEND SELF-SURRENDER DATE

1

1   of status conferences before Magistrate Judge Claire, and another motion for release, ECF 207,
2   Quesenberry converted her 2020 temporary release into a lengthy period of release that persists almost
3   five years later.  ECF 216.
4       On February 14, 2022, Quesenberry pleaded guilty to Counts Two, Five, and Thirteen of the
5   Indictment in Case No. 2:19-cr-00081-KJM.  ECF 272.  Each charge involved distribution of
6   methamphetamine or heroin.  On December 11, 2023, Quesenberry pleaded guilty to Counts One and
7   Seven of the Indictment in Case No. 2:19-cr-00107-KJM.  Count One charged the defendant with
8   Conspiracy to Participate in a Racketeering Enterprise and Count Seven charge her with Conspiracy to
9   Distribute and Possess with Intent to Distribute Methamphetamine and Heroin.  PSR ¶ 1.
10      On March 11, 2025, the Court sentenced Quesenberry to a total term of ten years in prison.  ECF
11  461.  The Court granted Quesenberry's request for a self-surrender date of June 2, 2025.  ECF 461.  The
12  Court noted that it would retain jurisdiction to modify the self-surrender date upon a "showing of good
13  cause by either side."  ECF 461.
14      On May 15, 2025, Quesenberry filed a request to extend her self-surrender date by more than a
15  month to July 7, 2025.  ECF 470.

## II.     ANALYSIS

### A.     Standard of Review

There is no established standard of review governing a motion to extend a self-surrender date.
The Ninth Circuit, however, has suggested that "extending the time to surrender to the BOP" falls within
the discretion of a district court.  *United States v. Fower*, 30 F.4th 823, 827 (9th Cir. 2022).[2]

---

[2]     The language in *Fower* is not central to its holding.  Placed in context, it is offered as a potential basis to effectuate "a semblance of compassionate relief in the normal exercise of broad discretion."  *Fower*, 30 F.4th at 827.  The panel in *Fower* supports this assertion with citation to two out-of-Circuit COVID-era district court opinions that do not provide authority or analysis for the exercise of judicial authority to extend a self-surrender date.  *Id.* (citing *United States v. Gregory*, 2021 WL 1978630, at *4 (D. Kan. May 18, 2021), and *United States v. Aldridge*, 2021 WL 1720900, at *1 (E.D. Mich. May 1, 2021)).  In *Gregory*, the district court declared its discretionary authority without analysis.  *Gregory*, 2021 WL 1978630, at *4 ("Exercising its discretion, the Court finds that Defendant's medical circumstances warrant his request for additional time to self-surrender until September 1, 2021.").  Similarly, in *Aldridge*, the district court did not explain the basis for its authority other than its concern about the defendant entering prison during COVID.  *Aldridge*, 2021 WL 1720900, at *1 ("In short, there remains a risk to Defendant that her 5-month sentence could become a death sentence. This Court is not willing to take that risk.").  Thus, despite the language from *Fower*, there is good reason to doubt a district court's discretionary authority to extend a self-surrender after the time for amending a criminal judgment has passed under Rule 35.  The self-surrender date is what commences a sentence of

A request for a self-surrender date, or an extension of that date, is properly viewed as a request for release on bail pending execution of sentence and is governed by 18 U.S.C. § 3143(b). Under § 3143(b), a "judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained" subject to limited exceptions. 18 U.S.C. § 3143(b). The defendant shall be detained unless the Court finds:

    A. by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

    B. that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

        (i) reversal,

        (ii) an order for a new trial,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A)–(B). The defendant bears the burden of proof. Fed. R. Crim. P. 46(c).

### B.     Quesenberry fails to meet her burden

The Court should deny the motion because the defendant has failed to offer a sufficient factual or legal basis to extend the period of release. Quesenberry's medical conditions have been the basis for a temporary release from custody for almost five years, dating back to July 22, 2020. The government anticipates that, if the Court grants the requested date of July 7, 2025, Quesenberry will cite another medical need in order to avoid serving her ten-year prison sentence in this case. Moreover, the current request is contradictory on its face. On one hand, Quesenberry contends that she "currently needs knee

---

imprisonment. *See* 18 U.S.C. § 3585(a). This term is in the judgment in every criminal case. The court may not modify a term of imprisonment once it has been imposed except as expressly permitted by statute or rule. *See* 18 U.S.C. § 3582(c)(1)(B). A district court lacks jurisdiction even to add a non-binding institutional recommendation. *See United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011). A district court for the same reasons lacks jurisdiction to change the commencement date in a final criminal judgment. *United States v. Lucas*, No. 12-50202, 539 Fed. App'x 826, 829 (9th Cir. 2013).

surgery" but, on the other hand, reports that her "orthopedic surgeon is not recommending surgery." ECF 470, at 1. The purported rationale for this recommendation is that Quesenberry "will not be able to receive the necessary frequency and quality of post-surgery physical therapy in a prison environment." ECF 470, at 1. There is no evidentiary support for this claim. More troubling, this rationale has no limiting principle. Because there is no limiting principle, it can easily serve as the basis of future requests for an extension of the self-surrender date. In short, Quesenberry's request does not meet the defendant's burden to demonstrate: (1) continued release is justified under the standard imposed by 18 U.S.C. § 3143(b); (2) that the Court has jurisdiction to modify the judgment imposed on March 11, 2025; or (3) continued release is justified under a "good cause" standard.

The Court should therefore deny the motion/request. The motion also undermines the sentencing factors under 18 U.S.C. § 3553(a). Granting the motion suggests that a prison sentence is an obligation to be served at the convenience of the defendant. This undermines respect for the law. A criminal justice sentence is not an inconvenience, it is a punishment to reflect the seriousness of the defendant's conduct and to promote respect for the law, especially considering the serious nature of Quesenberry's convictions for participating in a RICO conspiracy with a violent prison gang and being a leader of a significant drug trafficking conspiracy.

### III.    CONCLUSION

For the reasons articulated above, the United States respectfully requests that the Court deny the defendant's motion to extend her self-surrender date.

MICHELE BECKWITH
Acting United States Attorney

Dated: May 21, 2025            By: /s/ *Jason Hitt*
                                   JASON HITT
                                   Assistant United States Attorney