MICHELE BECKWITH
Acting United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, et al.,<br><br>Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>RESPONSE OF THE UNITED STATES TO MOTION FOR COPIES OF SEALED DOCUMENTS FOR APPELLATE PURPOSES |

The United States, by and through Assistant U.S. Attorneys Jason Hitt, Ross Pearson, and David Spencer, respectfully submits this response to the motion for copies of sealed documents for appellate purposes filed jointly by defendants Ronald Yandell and Billy Sylvester. ECF 2776. The Court permitted a government response through an Order issued on June 12, 2025. ECF 2777.

The government objects to disclosure of sealed documents identified below for the reasons provided.

**ECFs 1345, 1346, 1347**

The United States believes that the contents of ECFs 1345–1347 should remain sealed because they detail cooperation by a person who is subject to retaliation by the criminal enterprise that is the focus of this prosecution. The person addressed in ECFs 1345–1347 testified at trial and was subject to rigorous cross-examination. As such, any interest in the disclosure of the sentencing-related materials is overcome by the case-specific concerns of an extreme, elevated risk of harm to the cooperating person

from confirmation of their cooperation against the Aryan Brotherhood. The United States and the cooperating person's counsel believe that they and/or their immediate family members may be immediately targeted for death if there is a public confirmation of this person's cooperation with the United States. *United States v. Doe*, 870 F.3d 991, 998–1000 (9th Cir. 2017).

**ECF 1983**

The United States believes that the contents of ECF 1983, including its attachments, should remain sealed. In particular, the personnel material discussed in those documents were ruled inadmissible by the Court and include internal administrative personnel matters that the public does not have a right to inspect. *See* ECF 2039. This information in ECF 2039 did not become public during the 2024 trial and the underlying rationale for the government's *in camera* submission remains valid and applicable.

In addition, public dissemination of the materials in ECF 1983 is consistent with the spirit and protections afforded by the Privacy Act of 1974, 5 U.S.C. § 552a(b), and 5 C.F.R. § 293.201. If the material is protected, the person identified in the documents has a significant privacy interest in preventing the disclosure of this information. *Stem v. F.B.I.*, 737 F.2d 84, 91 (D.C. Cir. 1984).

"FOIA was enacted to facilitate public access to government records." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989). Despite this broad disclosure purpose, the statute excludes from disclosure any material falling within one of nine exemptions. 5 U.S.C. § 552(b). "One such exemption, Exemption 6, provides that government entities may withhold information from 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'" *Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1024 (9th Cir. 2008) (quoting 5 U.S.C. § 552(b)(6)). "Government records containing information that applies to particular individuals satisfy the threshold test of Exemption 6." *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 728 F.2d 1270, 1273 (9th Cir. 1984). In weighing FOIA requests seeking documents of a government employee's censure, where "there is no evidence, let alone any public knowledge, that wrongdoing has occurred," there is very little public interest in disclosure of such material. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1494 (D.C. Cir. 1993).

In this case, the personnel materials contained in ECF 1983 and its attachments contain the type

of material subject to privacy protections afforded by 5 U.S.C. §§ 552(b)(6), (b)(7) in the context of FOIA. The substantial privacy interests in the person's personnel files applies with even greater force in the present case – a criminal prosecution where the person was a witness against the defendant and the defendant has no broad right to obtain access to his personnel records through Federal Rule of Criminal Procedure 16, or any other applicable criminal rule aside from the *Henthorn* decision (and this Court ruled that the sealed material was not discoverable in this case). Moreover, nothing in ECF 1983 includes "evidence, let alone any public knowledge, that wrongdoing has occurred," and, accordingly, there is very little public interest in disclosure of such material. *Beck*, 997 F.2d at 1494. For these reasons, the United States respectfully requests that the contents of ECF 1983 remain sealed.

**ECF 2039**

The Court's Order in ECF 2039 should remain sealed because it connects litigation over the private personnel files of a government witness with that person's identity. Because the person identified in the Order possess a strong privacy interest in maintaining the privacy of his/her personnel files, 5 U.S.C. § 552a(b), and 5 C.F.R. § 293.201, the Court's Order undermines that privacy right by connected the person to the disputed personnel materials. For these reasons, the United States respectfully requests that ECF 2039 remain sealed.

**ECF 2057**

For ECF 2057, the United States incorporates by reference its arguments and authority detailed above support of ECF 1983 remaining sealed. As with the person identified in ECF 1983, the person identified in ECF 2057 retains a significant privacy interest in not having his/her personnel files made public. The materials were submitted to the Court for a narrow legal determination of whether it was discoverable and, secondarily, if it would be admissible during trial. Outside of the legal determinations, the presumed right of access to court proceedings and documents is overcome or undermined by the strong statutorily-recognized right to privacy of the individual witness in his/her personnel records remaining private. 5 U.S.C. § 552a(b), and 5 C.F.R. § 293.201. This is especially true because there is very little public interest in disclosure of material where, as here, there is no evidence that wrongdoing occurred. *Beck*, 997 F.2d at 1494. For these reasons, the United States respectfully requests that ECF 2057 remain sealed.

**ECFs 2461, 2547**

The portion of the transcript sealed pursuant to Court Orders, ECFs 2457 and 2546, should remain sealed. The specific sealed transcripts are ECFs 2461 and 2547. The portion of the sealed sentencing transcript for defendant Travis Burhop was sealed with good reason: that portion of the sentencing hearing addressed personal details about Burhop's family members and aspects of his security arrangements. There is no plausible need for appellate counsel to have access to these sensitive details when every other aspect of Burhop's sentencing is available from the non-sealed portions of the transcript. For these reasons, the government respectfully requests that ECF 2461 and 2547 remain sealed.

Dated: June 26, 2025

MICHELE BECKWITH
Acting United States Attorney

By: */s/ Jason Hitt*
JASON HITT
Assistant United States Attorney