Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
Sean A. McClelland
Wendi L. Overmyer
Cristen C. Thayer
Assistant Federal Public Defenders
sean_mcclelland@fd.org
wendi_overmyer@fd.org
cristen_thayer@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
Attorneys for Ronald Yandell

KAREN L. LANDAU, ESQ., C.S.B. 128728
Law Office of Karen L. Landau, P.C.
Attorney at Law
1966 Tice Valley Blvd., #189
Walnut Creek, California 94595-2203
karenlandau@karenlandau.com
Attorney for Defendant William Lee Sylvester

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Ronald Yandell,<br>William Sylvester,<br><br>    Defendants. | Case No. 2:19-CR-00107-KJM<br><br>**Joint Reply in Support of Motion for Copies of Sealed Documents for Appellate Purposes** |

Defendants Ronald Yandell and William Sylvester jointly moved this Court for an order permitting the Clerk's office to provide copies of sealed documents to undersigned counsel, which are necessary to review the record for defendants' direct appeals. ECF No. 2776. The government does not oppose release of the majority of sealed documents to appellate counsel. ECF No. 2779. The government does,

however, oppose release of eight documents. ECF No. 2779. But the government's opposition mistakenly assumes the defendants are asking for the sealed documents to be released to the public. Defendants submit this reply to clarify that is not what is requested. Defendants request instead that copies of the sealed documents be made only available to appellate counsel and subject to appropriate restrictions. The requested documents will remain under seal from the public.

Appellate counsel's right of access to the trial and sentencing record is well-established. Appellate counsel "certainly has an obligation to scour the record for appealable issues," under the Sixth Amendment's right to effective assistance of counsel at all stages. *United States v. Sleugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) (quoting *Jones v. Barnes*, 463 U.S. 745, 753 (1983)). This duty of appellate counsel includes that counsel "diligently" and "conscientious[ly]" "investigated the possible grounds for appeal." *Ellis v. United States*, 356 U.S. 674, 674 (1958). Appellate counsel must be able to review the record at the trial and sentencing level to determine meritorious issues for direct appeal. Because the government cannot show an overriding compelling reason to prohibit review of the eight sealed documents by appellate counsel, the defendants ask this Court to release copies of the documents to undersigned counsel, subject to appropriate restrictions.

**ECF Nos. 1345, 1346, 1347**

The defendants are not asking for public release of these documents. Thus, the government's argument that great risk of harm and death would result from "public confirmation of this person's cooperation" is inapposite. ECF No. 2779 at 1–2.

And as the government notes, the identity of the particular cooperator in these documents is already known to the parties because that person testified. *Id.* When "the identity of the cooperator has become generally known" to the parties, there is no longer any privilege to revealing the already-known identity to the

2

parties. *United States v. Ehmer*, 87 F.4th 1073, 1145 (9th Cir. 2023) (citing *Roviaro v. United States*, 353 U.S. 53 (1957) ("[O]nce the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.")).

The defendants preserved objections during trial to limitations restricting their ability to fully cross-examine cooperators. Such objections concern (for instance) the nature and extent of the benefits the cooperators received in exchange for their testimony—something necessarily implicated by "sentencing-related materials" for those cooperators. ECF No. 2779 at 1 (government identifying that these documents contain such information). Thus, the documents are "judicial records, which are those materials on which a court relies in determining the litigants' substantive rights," requiring review by appellate counsel. *Sleugh*, 896 F.3d at 1014. Without the requested documents, appellate counsel cannot determine whether the defendants' right to "rigorous cross-examination" was permitted, as the government claims in its opposition. ECF No. 2779 at 1–2.

Appropriate restrictions apply to use of sealed documents on appeal. Should the documents be necessary to an appellate issue, the documents will be filed in a sealed Excerpts of Record in the Ninth Circuit Court of Appeals, and any portion of briefing referring to the documents will also be redacted from public filing and filed under seal. *See* Ninth Cir. R. 27-13(d) and (e); Ninth Cir. Rule 30-1.4(d).

**ECF Nos. 1983, 2039, 2057**

The defendants are not asking for public release of these documents. Thus, the government's arguments that the Freedom of Information Act (FOIA) precludes public disclosure is inapposite. ECF No. 2779 at 2–3.

The government acknowledges these documents contain "personnel material" including "internal administrative personnel matters" of government witnesses, in addition to potential impeachment material. ECF No. 2779 at 2–3. The government

3

also states this Court ruled before trial that at least one document (ECF No. 1983) was "inadmissible." ECF No. 2779 at 2–3. It is unclear whether the remaining documents, ECF Nos. 2039 and 2057, were deemed not discoverable or inadmissible. ECF No. 2779 at 3.

Much pretrial litigation took place, all of which must be reviewed by appellate counsel for direct appeal issues. The record includes litigation and hearings regarding exclusion of "personnel matters of government witnesses," *see*, *e.g.*, ECF Nos. 2056, 2086, 2110; violations of defendants' Confrontation Clause rights, *see, e.g.*, ECF Nos. 1986, 1987; and disputed discovery obligations, *see, e.g.*, ECF Nos. 872, 1023, 1040, 1063, 1064, 1165, 1172. Thus, the documents are "judicial records, which are those materials on which a court relies in determining the litigants' substantive rights," requiring review by appellate counsel. *Sleugh*, 896 F.3d at 1014. Without the requested documents, appellate counsel cannot determine whether the disputed pretrial and trial rulings constitute issues for direct appeal.

Appellate counsel must also review all documents previously provided to prior defense counsel. While the parties' witness lists below included non-public witness lists, *see, e.g.*, ECF Nos. 1754 and 2000, the parties themselves were privy to information regarding trial witnesses. The Ninth Circuit holds that all documents and "disclosures" made to defense counsel below cannot be withheld from review by appellate counsel. *Ehmer*, 87 F.4th at 1147 ("We perceive no proper basis for declining to allow defense counsel to review representations made to the court about the nature and substance of disclosures that were assertedly made to all defense counsel.").

Appropriate restrictions apply to use of sealed documents on appeal. Should the documents be necessary to an appellate issue, the documents will be filed in a sealed Excerpts of Record in the Ninth Circuit Court of Appeals, and any portion of

4

briefing referring to the documents will also be redacted from public filing and filed under seal. *See* Ninth Cir. R. 27-13(d) and (e); Ninth Cir. R. 30-1.4(d).

**ECF Nos. 2461, 2547**

The documents at ECF Nos. 2461 and 2547 are sealed portions of the sentencing transcript for co-defendant Travis Burhop. The defendants preserved objections during trial to limitations restricting their ability to fully cross-examine cooperators, such as co-defendant Burhop who testified. *See* ECF Nos. 1992, 1995. As specifically relevant here, "Burhop's family members"—and the benefits they received from the government (mostly in the form of not being charged for a variety of potential federal crimes)—implicate Mr. Yandell's and Mr. Sylvester's core Confrontation Clause rights. ECF No. 2779 at 4 (government suggesting that the sealed portions contain such information). The same goes for Mr. Burhop's "security arrangements"—where defendants are housed, and under what conditions, are a key benefit meted out by the government here. *Id.* (same). Thus, the sentencing transcript may contain material to the defendants' "substantive rights," requiring review by appellate counsel. *Sleugh*, 896 F.3d at 1014. Without the requested documents, appellate counsel cannot determine whether the defendants' rights were violated.

Appropriate restrictions apply to use of sealed transcripts appeal. Should the transcripts be necessary to an appellate issue, the transcripts will be filed in a sealed Excerpts of Record in the Ninth Circuit Court of Appeals, and any portion of briefing referring to the transcripts will also be redacted from public filing and filed under seal. *See* Ninth Cir. R. 27-13(d) and (e); Ninth Cir. Rule 30-1.4(d).

**Conclusion**

Without the identified sealed documents and entries, counsel for Mr. Yandell and Mr. Sylvester cannot determine the relevance of the sealed documents and entries for appeal. Access to the sealed documents and entries is, therefore,

1  necessary for counsel to provide constitutionally adequate representation on direct

2  appeal, *Ellis*, 356 U.S. at 675, and so the parties can accurately provide and cite to

3  the record on appeal. *See* Fed. R. App. P. 10(a); Ninth Cir. R. 10-2(b), 28-2.8, and 30-1.

4      Undersigned counsel ask the Court to order the Clerk's office to provide

5  copies of the sealed documents or entries identified in the filed joint motion to

6  undersigned counsel for Mr. Yandell and Mr. Sylvester. ECF No. 2776.

7      Dated: July 7, 2025.               Respectfully submitted,

8                                          RENE L. VALLADARES
                                           Federal Public Defender
9

10                                         *s/Sean A. McClelland*
                                           _____
11                                         Sean A. McClelland
                                           Assistant Federal Public Defender
12
                                           *s/ Wendi L. Overmyer*
13                                         _____
                                           Wendi L. Overmyer
                                           Assistant Federal Public Defender
14

15                                         *s/Cristen C. Thayer*
                                           _____
16                                         Cristen C. Thayer
                                           Assistant Federal Public Defender
                                           Attorneys for Ronald Yandell
17

18                                         *s/Karen Landau*
                                           _____
19                                         KAREN LANDAU
                                           Attorney at Law
20                                         Attorney for William Sylvester

21

22

23

24

25

26

27