ERIC GRANT
United States Attorney
JASON HITT
ROSS PEARSON
DAVID SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RONALD YANDELL, et al.,<br><br>          Defendants. | CASE NO. 2:19-CR-00107-KJM<br><br>RESPONSE OF THE UNITED STATES TO THE COURT'S ORDER REQUESTING ITS POSITION ON THE SEALED PORTION OF TRAVIS BURHOP'S SENTENCING TRANSCRIPT |

The United States, by and through Assistant U.S. Attorneys Jason Hitt, Ross Pearson, and David Spencer, respectfully submits this response to the Court's Order requesting the government's position about defendant Ronald Yandell's request for a "copy of the sealed unredacted" transcript in sentencing for defendant Travis Burhop ("Burhop"). ECF 2797. The United States respectfully requests that Yandell's request be denied.

As detailed in the stipulation filed by counsel for Burhop and counsel for the government, the redacted portions of the transcript were carefully tailored to protect sensitive information. ECF 2694 (stipulation). The parties believe that the redacted portions should remain sealed because they reference sensitive aspects of how and where Burhop was housed during the pendency of this case, as well as members of his family who could be targeted for retaliation based upon his cooperation in this case. With the redacted portions in place, the transcript provides a robust record of the Court's basis for exercising its sentencing discretion in selecting Burhop's sentence. There is no sound rationale for

RESPONSE OF THE UNITED STATES TO THE COURT'S ORDER
REQUESTING ITS POSITION ON THE SEALED PORTION OF
TRAVIS BURHOP'S SENTENCING TRANSCRIPT

1

unnecessarily exposing Burhop or his family to threats and retaliation when the remainder of the transcript provides an ample record for appellate review.

Yandell's rationale for obtaining an unsealed transcript is not compelling or specific to Burhop. In particular, Yandell claims that "transcripts are necessary for the parties to complete review of Mr. Yandell's record for his direct appeal to the Ninth Circuit." ECF 2778, at 1. Nothing in the redacted portions of Burhop's sentencing transcript is "necessary" for Yandell to access because the Court's sentencing record explains how and why it selected the sentence it did for Burhop. Nothing more is needed. For these reasons, the United States respectfully requests that the Court deny Yandell's request for a copy of the sealed unredacted transcript in sentencing for Burhop.

Dated: September 30, 2025

ERIC GRANT
United States Attorney

By: /s/ Jason Hitt
JASON HITT
Assistant United States Attorney

RESPONSE OF THE UNITED STATES TO THE COURT'S ORDER
REQUESTING ITS POSITION ON THE SEALED PORTION OF
TRAVIS BURHOP'S SENTENCING TRANSCRIPT

2