Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
Sean A. McClelland
Wendi L. Overmyer
Cristen C. Thayer
Assistant Federal Public Defenders
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
sean_mcclelland@fd.org
wendi_overmyer@fd.org
cristen_thayer@fd.org

Attorneys for Ronald Yandell

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| United States of America, | Case No. 2:19-CR-00107-KJM |
|---|---|
| Plaintiff, | **Defendant Yandell's Reply in Support of Fourth Motion for Transcription and Copies of Sealed Proceedings for Appellate Purposes** |
| v. | |
| Ronald Yandell, | |
| Defendant. | |

Defendant Ronald Yandell now replies supporting his motion for an order permitting the court reporter to release a copy of the sealed unredacted sentencing transcripts for Travis Burhop held on October 2, 2024 (ECF No. 2459) and Jeanna Quesenberry held on March 12, 2025 (ECF No. 2648) to undersigned counsel and counsel for the government. ECF No. 2778.

## I. Procedural History of Motion

In his motion filed June 18, 2025, Mr. Yandell moved this Court for an order to provide copies of the Burhop and Quesenberry sentencing transcripts to undersigned counsel under seal. ECF No. 2778. The motion noted the government's partial opposition and that counsel for Burhop and Quesenberry opposed. ECF No. 2778, at 2. Neither the government nor counsel for Burhop and Quesenberry filed oppositions. Therefore, on July 29, 2025, the Court granted Mr. Yandell's motion, instructing that defense counsel must not provide a copy of the transcripts to Mr. Yandell, must file the transcripts under seal if necessary for the appeal in *United States v. Yandell*, 9th Cir. No. 25-431, and must redact and portion of the briefing referring to the transcripts. ECF No. 2789. Undersigned counsel has since received copies of the transcripts, complying with this Court's order.

On September 16, 2025, the Court issued an order directing the government and counsel for Burhop and Quesenberry to respond to Mr. Yandell's motion. ECF No. 2789. The next day, Mr. Yandell provided notice of this Court's prior order and that undersigned counsel has already been provided copies of the transcripts of the sentencings. ECF No. 2800.

On September 30, 2025, the government filed a response as directed by this Court, stating it did not oppose release of the Quesenberry sentencing transcript, but did oppose release of the sealed portion of Burhop's sentencing transcript. ECF No. 2802. Neither counsel for Burhop nor Quesenberry filed a response.

Mr. Yandell now replies supporting his motion, as directed by this Court's order. ECF No. 2797.

## II. The transcripts are necessary for undersigned counsel to complete review of Mr. Yandell's record for direct appeal to the Ninth Circuit

Appellate counsel's right of access to the trial and sentencing record is well-established. Appellate counsel "certainly has an obligation to scour the record for appealable issues," under the Sixth Amendment's right to effective assistance of counsel at all stages. *United States v. Sleugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) (quoting *Jones v. Barnes*, 463 U.S. 745, 753 (1983)). This duty of appellate counsel includes that counsel "diligently" and "conscientious[ly]" "investigated the possible grounds for appeal." *Ellis v. United States*, 356 U.S. 674, 674 (1958).

As to Quesenberry's sentencing transcript, counsel for Quesenberry has not filed a response opposing release of the transcript to undersigned counsel. And the government does not oppose release of Quesenberry's sentencing transcript to undersigned counsel. *See* ECF No. 2082. Thus, Mr. Yandell requests this Court abide by its July 29, 2025 order that granted release of the Quesenberry sentencing transcript to undersigned counsel, instructing that defense counsel must not provide a copy of the transcripts to Mr. Yandell, must file the transcripts under seal if necessary for the appeal, and must redact and portion of the briefing referring to the transcripts. ECF No. 2789. Undersigned counsel received a copy of the Quesenberry sentencing transcript on August 4, 2025, and continues to comply with this Court's order.

As to Burhop's sealed portions of his sentencing transcript, counsel for Burhop has not filed a response opposing release to undersigned counsel. The government opposes release of the sealed portions of Burhop's sentencing transcript to avoid "unnecessarily exposing Burhop or his family to threats and retaliation." ECF No. 2802, pp. 1–2. The government further claims "the

remainder of the transcript provides an ample record for appellate review," and that the sealed portions do not explain "how and why [the Court] selected the sentence it did for Burhop." ECF No. 2802, p. 2. Undersigned counsel received a copy of the sealed portions of Burhop's sentencing transcript on August 14, 2025, and continues to comply with this Court's July 29, 2025 order (ECF No. 2789).

Mr. Yandell preserved objections during trial to limitations restricting cross-examination of cooperators, including testifying co-defendant Burhop. See ECF Nos. 1992, 1995. As specifically relevant here, "Burhop's family members"—and the benefits they received from the government (mostly in the form of not being charged for a variety of potential federal crimes)—implicate Mr. Yandell's core Confrontation Clause rights. ECF No. 2779 at 4 (government suggesting that the sealed portions contain such information). The same goes for Burhop's "security arrangements"—where defendants are housed, and under what conditions, are a key benefit meted out by the government here. *Id.* (same). Thus, the sealed portions of Burhop's sentencing transcript may contain material to Mr. Yandell's "substantive rights," requiring review by appellate counsel. *Sleugh*, 896 F.3d at 1014.

In addition, undersigned counsel's request for Burhop's unredacted sentencing transcript included several restrictions to ensure safety of the parties while allowing counsel to complete their duty to review the record. For example, Mr. Yandell's motion asked that the sealed transcript portion be made only available to appellate counsel and the transcript will not be provided to or read to Mr. Yandell. ECF No. 2778, p. 2. And should the transcripts be deemed necessary to support an appellate issue, the transcripts will be filed in a sealed Excerpts of Record in the Ninth Circuit, and any portion of briefing referring to the transcripts will also be redacted from public

4

filing and filed under seal in accordance with 9th Cir. R. 27-13(d) and (e) and R. 30-1.4(d). Furthermore, the requested transcript will remain under seal from the public.

Without the requested documents, appellate counsel cannot determine whether the disputed pretrial and trial rulings constitute issues for direct appeal as required by the Sixth Amendment and *Ellis*, 356 U.S. at 674.

### III.  Conclusion

Defendant Yandell therefore asks this Court to adhere to its July 29, 2025 order (ECF No. 2789) that granted release of the Burhop and Quesenberry sentencing transcripts to undersigned counsel, instructing that defense counsel must not provide a copy of the transcripts to Yandell, must file the transcripts under seal if necessary for the appeal, and must redact any portion of the appellate briefing referring to the transcripts.

Dated: October 7, 2025.

                                        Respectfuly submitted,

                                        RENE L. VALLADARES
                                        Federal Public Defender

                                        *s/Sean A. McClelland*
                                        Sean A. McClelland
                                        Assistant Federal Public Defender

                                        *s/ Wendi L. Overmyer*
                                        Wendi L. Overmyer
                                        Assistant Federal Public Defender

                                        *s/Cristen C. Thayer*
                                        Cristen C. Thayer
                                        Assistant Federal Public Defender