LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 969-9370
toddleras@gmail.com
Attorney for Defendant
DANNY TROXELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DANNY TROXELL,<br><br>　　　　Defendant. | Case No.: 2:19-cr-0107 KJM<br><br>DEFENDANT DANNY TROXELL'S<br>SENTENCING MEMORANDUM<br><br>Date:　　November 28, 2025<br>Time:　　9:30 a.m.<br>Court:　　Hon. Kimberly J. Mueller |

Defendant Danny Troxell provides the following information related to his Sentencing Hearing, scheduled less than three weeks after denial of his Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure and his Motion for New Trial. (ECF Documents 2819 and 2828, dated October 29, 2025, hereafter collectively referred to as the "post-trial motions).

SENTENCING MEMORANDUM

The Court has announced that it is retiring from the bench at the end of 2025, and has accepted a position with Duke University Law School set to begin on January 5, 2026. https://judicialstudies.duke.edu/2025/06/judge-kimberly-j-mueller-next-director-bolch-institute/. A further motion by defense counsel to withdraw due to a conflict of interest was denied on November 13, 2025. The Sentencing Hearing for this matter is therefore scheduled within a tight window, essentially leaving defense counsel with two court days (Friday, November 14, and Monday, November 17) to prepare for sentencing in a case carrying a potential life sentence.

Defendant Danny Troxell elected not to participate in a probation interview. He also declined to participate in preparation of a Presentence Investigation Report (PSR). Despite the verdict, he maintains his innocence and believes that he should be granted a new trial. He believes the result of such a trial, if allowed to proceed independent of the prejudicial impact of being tried jointly with two ultra-violent individuals - Ronnie Yandell and Billy Sylvester, would be quite different than the one which occurred in early 2024.

Defense counsel relayed to the probation officer Mr. Troxell's decision not to participated in the PSR preparation process via email on October 21, 2025 – six days after hearing on the Motion for New Trial and more than a week before the Court issued its orders denying the post-trial motions. Despite defense counsel taking this step before the post-trial motions had been decided, the Probation Department failed to meet the Court's deadline for submitting information relevant to the Sentencing Hearing.

On Friday, November 7, 2025, the Court sent out an email setting a deadline for all relevant filings related to the upcoming Sentencing Hearing on November 12, 2025. In lieu of preparing and submitting a PSR, the Probation Department prepared a document entitled "Memorandum, Sentencing Information for Daniel (sic) Troxell," dated November 13, 2025

SENTENCING MEMORANDUM

(hereafter referred to as "the Probation Sentencing Memorandum."). The Probation Sentencing Memorandum was disclosed to counsel on November 14, 2025. This disclosure occurred two days after the Court's filing deadline and two court days prior to the scheduled Sentencing Hearing. Because neither defense counsel nor Mr. Troxell had the benefit of this information, Mr. Troxell's Sentencing Memorandum is being filed on the first business day following disclosure of the Probation Sentencing Memorandum.

The Probation Sentencing Memorandum includes Calculation of a Base Offense Level (33) and Criminal History Category (Category II), as well as a proposed sentencing guideline range of 151 to 188 months. The Criminal History Category appears to be correct. Mr. Troxell was sentenced to life in prison without the possibility of parole on July 23, 1979. He has remained in continuous custody for more than forty-six years. His original offense of commitment was a murder which occurred during a robbery. He has no subsequent criminal convictions.

The Probation Department has not prepared a Sentencing Recommendation. Defendant therefore approaches the Sentencing Hearing without knowing the Probation Department's recommended sentence.

This Court presided over a long jury trial. It is familiar with the facts of the case. The trial included instances which reveal that Danny Troxell prefers using the influence and respect he gained because of his co-plaintiff status in the *Ashker-Troxell* lawsuit (Northern District of California Case Number 09-cv-5796 CW) to urge non-violent resolution of disputes. The *Ashker-Troxell* litigation resulted in a settlement which ended the California Department of Corrections and Rehabilitation's (CDCR) practice of indefinite commitment of suspected gang members to solitary confinement. Mr. Troxell believes that this criminal case served as a

SENTENCING MEMORANDUM

method for CDCR to evade the *Ashker-Troxell* lawsuit settlement provisions. It serves as a pretext for removing Mr. Troxell into federal custody.

The reason CDCR would seek to remove Mr. Troxell into federal custody is obvious. Mr. Troxell served as a gadfly to CDCR when he participated in and helped lead hunger strikes designed to publicize the plight of those prisoners left in indefinite solitary confinement. Once again, these strikes were a non-violent and legal method for achieving a significant goal for CDCR prisoners. Through litigation and non-violent protest, Mr. Troxell has helped peacefully alter long-term CDCR policies.

The trial of this matter also included information that Mr. Troxell helped orchestrate an Agreement to End Hostilities Between the Races, easing the previous longstanding tensions between different racial groups confined within CDCR. Intercepted phone calls included information about Mr. Troxell urging non-violent solutions to other disputes. This includes conflicts between some of his Codefendants and third parties. The latter included Kenneth "Kenwood" Johnson (named as victim in Count Two of the Superseding Indictment), and Edward Bergman. Mr. Bergman was murdered at California State Prison, Sacramento, on May 1, 2024, despite Mr. Troxell's effort to shield him from being harmed. One of Mr. Troxell's Codefendants openly bragged in intercepted communications about putting the Bergman murder into action. He also bragged that Mr. Troxell was next[1].

---

[1] This murder plot came into evidence at trial. Codefendant Pat Brady openly bragged about it in intercepted prison communications. Pat Brady also participated in the murder plot against Mr. Troxell's attorney, initiated by Ronnie Yandell and Billy Sylvester, which formed the basis for the New Trial Motion. The available evidence suggests that Brady participated in both plots because he desired to keep personally embarrassing information about himself from being introduced at trial.

SENTENCING MEMORANDUM

Other intercepted calls contained information that some of the Codefendants charged in this case lamented Mr. Troxell's urging non-violent dispute resolution. The government's cooperating witnesses described Mr. Troxell as quiet and cordial. He did not participate in violent incidents initiated by others while confined in this case at the Sacramento County Jail.

The present Sentencing Hearing occurs at a unique time. Counsel in this case was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (hereafter referred to as the "CJA"). CJA also pays for the services of a sentencing mitigation investigator. On or about July 3, 2025, funds designated by Congress to pay for professional services performed under the CJA ran out. Attorneys, investigators, and expert witnesses providing services to indigent defendants have not been paid since at least June 2025. Payments were expected to resume at the beginning of the new fiscal year on October 1, 2025. Congress and the Executive Branch, however, remained locked in a stalemate which resulted in a government shutdown of uncertain duration.

The shutdown proved to be the longest in history – stretching until November 13, 2025 – a mere two court days ago. The practical result was that during the shutdown appointed counsel and service providers in cases funded through CJA remained unpaid and faced no definite date for payments to resume. [Government shutdown ends, but court-appointed lawyers and clients still face delays | AP News](). The non-payment of CJA counsel continued throughout the period covered by preparation, filing, and argument of Mr. Troxell's New Trial Motion. It stretched into the period between denial of the motion until less than a week before the scheduled Sentencing Hearing. No payments have occurred. The back payments for such services are now expected to begin within the next two weeks. The harm to CJA counsel and service providers resulting from the shutdown, however, still lingers. Consequently, Mr. Troxell is not in position to offer mitigation evidence regarding his history and characteristics as required by 18 U.S.C. §

SENTENCING MEMORANDUM

3553(a).

Given all the above circumstances, defense counsel notes his objections to proceeding with the Sentencing Hearing on November 18, 2025.

Respectfully submitted,

DATED: November 17, 2025   By   */s/ Todd D. Leras*
   TODD D. LERAS
   Attorney for Defendant
   DANNY TROXELL

SENTENCING MEMORANDUM